1  BOWMAN AND BROOKE LLP
   Brian Takahashi, Esq. SB# 146505
2  Email: Brian.Takahashi@bowmanandbrooke.com
   Stephen J. Faulk, Esq., SB# 253079
3  Email: Stephen.Faulk@bowmanandbrooke.com
   879 West 190th Street, Suite 700
4  Gardena, California 90248-4227
   Tel:   310/ 768-3068
5  Fax:  310/ 719-1019

6  Attorneys for Defendant MAZDA MOTOR
   CORPORATION, specially appearing for purposes
7  of motion to dismiss only

8

9              **UNITED STATES DISTRICT COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

11

12 TERRY GRAY,                          ) **CASE NO.SACV08-00279 JVS**
                                        ) **(ANx)**
                          Plaintiff,    )
13                                      )
       vs.                             )
14                                      ) **NOTICE OF MOTION AND MOTION**
   MAZDA MOTOR                          ) **TO DISMISS FOR INSUFFICIENT**
15 CORPORATION, MAZDA NORTH             ) **SERVICE OF PROCESS (FRCP**
   AMERICAN OPERATIONS,                 ) **12(b)(5)); DECLARATION OF**
16 MAZDA MOTOR OF AMERICA,              ) **REBECCA BROWN;**
   INC.,                                ) **DECLARATION OF BARBARA**
17                                      ) **TANG; DECLARATION OF BRIAN**
                          Defendants.   ) **TAKAHASHI; EXHIBITS "A" - "G"**
18                                      )
                                        )
19                                      ) **Time:        June 2, 2008**
                                        ) **Date:        1:30 p.m.**
20                                      ) **Courtroom:   Hon. James V. Selna**
                                        )              **Courtroom 10C**
21

22

23

24       TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

25       PLEASE TAKE NOTICE that on June 2, 2008 at 1:30 p.m., or as

26 soon thereafter as counsel may be heard by the above-entitled Court,

27 located at   411 W. Fourth Street, Santa Ana, California 92701, in the

28 ::ODMA\PCDOCS\LAX\453332\1                    1

1  courtroom of Judge James V. Selna, defendant Mazda Motor Corporation
2  ("Mazda-Japan"), specially appearing and without waiving jurisdiction, will
3  move the Court, pursuant to FRCP 12(b)(5), for dismissal from this lawsuit
4  because plaintiff has not properly served Mazda-Japan in conformance
5  with the Federal Rules of Civil Procedure, California Code of Civil
6  Procedure or the Hague Convention for the Service Abroad of Judicial and
7  Extrajudicial Documents in Civil or Commercial Matters ("Hague Service
8  Convention").

9      This motion is made following the conference of counsel pursuant to
10 L.R. 7-3 which took place on April 29, 2008.

11     This motion is based on this Notice of Motion and Motion, the
12 Memorandum of Points and Authorities filed herewith, the declarations of
13 Brian Takahashi, Rebecca Brown, and Barbara Tang, the pleadings and
14 papers on file herein, and upon such matters as may be presented to the
15 Court at the time of the hearing.

16 DATED:  May 5, 2008            BOWMAN AND BROOKE LLP

18                          BY: _____
19                              Brian Takahashi
                                Stephen J. Faulk
20                              Attorneys for Defendant specially
                                appearing for MAZDA MOTOR
21                              CORPORATION

NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT
SERVICE OF PROCESS (FRCP 12(b)(5))

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    <u>FACTS</u>**

**A.    <u>Operative Pleadings</u>**

On March 12, 2008, Plaintiff filed the Complaint in this action.  He alleged breach of express and implied warranty under the Song-Beverly Consumer Warranty Act and conversion.  The only named defendant was Mazda Motor of America, Inc. dba Mazda North American Operations ("MNAO"), the United States distributor of his 2007 Mazda 3 vehicle.

On March 18, 2008, plaintiff filed his First Amended Complaint.  It added   Mazda Motor Corporation ("Mazda-Japan") as an additional defendant.  It was the manufacturer of the vehicle.  It is located in Hiroshima, Japan.  No new causes of action were added to the First Amended Complaint.

**B.    <u>Defective Service of Plaintiff's First Amended Complaint</u>**

On March 31, 2008, a process server arrived at MNAO in Irvine, California to serve one copy of the Summons and First Amended Complaint on the receptionist.  The Summons merely stated "To All Defendants."  The process server had not filled it in to identify Mazda-Japan as an intended recipient.  (See Summons and First Amended Complaint, Exhibit "A").

As with other service of process upon MNAO, Rebecca Brown, a longtime employee of MNAO's Legal Department, ventured over to the receptionist to review the Summons and First Amended Complaint.  Because MNAO was named as a Defendant in the caption, Ms. Brown accepted service on behalf of MNAO only.  At no time did the process server state to her that he was attempting to serve Mazda-Japan, and Ms. Brown never had authority to accept the process on behalf of Mazda-Japan. (See Declaration of Rebecca Brown).

::ODMA\PCDOCS\LAX\453332\1

3

On April 17, 2008, Brian Takahashi, counsel for MNAO, contacted plaintiff counsel Martin Anderson.   Among other items of discussion, Mr. Takahashi inquired of Mr. Anderson whether he had served Mazda-Japan. In response, Mr. Anderson claimed that the service of the Summons and First Amended Complaint upon MNAO's receptionist and Ms. Brown constituted effective service upon Mazda-Japan. Prior to that date, no one had placed Mazda-Japan on notice that it had allegedly been served (See Declaration of Brian Takahashi).

On April 18, 2008, Mr. Takahashi wrote plaintiff counsel advising that service was improper because plaintiff did not comply with the Hague Service Convention.  (See Brian Takahashi's April 18, 2008 correspondence, Exhibit "B").   In response, Mr. Anderson advised that the Hague Service Convention did not apply because he served Mazda-Japan in the United States, not Japan. (See Anderson's April 18, 2008 email, Exhibit "C".)     By reply correspondence, Mr. Takahashi disagreed with plaintiff's position. (See Brian Takahashi's April 18, 2008 correspondence, Exhibit "D").

On April 21, 2008, when Mr. Takahashi was formally retained to specially appear for Mazda-Japan, he wrote Mr. Anderson requesting the alleged Proof of Service (See Brian Takahashi's April 21, 2008 correspondence, Exhibit "E").  Only then did Mazda-Japan learn that service was supposedly being accomplished through the "California Code of Civil Procedure" (See Proof of Service, Exhibit "F").   Numerous discrepancies were raised by this Proof of Service, and Mr. Takahashi again wrote Mr. Anderson pointing them out (See Brian Takahashi's April 29, 2008 correspondence, Exhibit "G").   Through this process, plaintiff and defense counsel agreed that the meet and confer process had bee completed.

NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT
SERVICE OF PROCESS (FRCP 12(b)(5))

## II. **LAW AND ARGUMENT**

A. **The Court Should Dismiss Plaintiff's First Amended Complaint As To Mazda-Japan Because Plaintiff Did Not Follow The Hague Service Convention, And, Therefore, Plaintiff's Service Of Process Failed To Comply With California's Code of Civil Procedure**

Plaintiff failed to serve Mazda-Japan in any manner authorized under California law.  Pursuant to California Code of Civil Procedure, Section 413.10(c):

> Except as otherwise provided by statute, a summons shall be served on a person:  . . .
>
> (c)    Outside the United States, as provided in this chapter or as directed by the court in which the action is pending, or, if the court before or after service finds that the service is reasonably calculated to give actual notice, as prescribed by the law of the place where the person is served or as directed by the foreign authority in response to a letter rogatory.  These rules are subject to the provisions of the Convention on the "Service Abroad of Judicial and Extrajudicial Documents" in Civil or Commercial matters (Hague Service Convention).  [Emphasis added.]

As Mazda-Japan is a Japanese corporation residing outside of the United States, service can only be made upon Mazda-Japan pursuant to the mandates of the Hague Service Convention.  Proper service under the Hague Service Convention is accomplished by a method prescribed by the

::ODMA\PCDOCS\LAX\453332\1

5

1  internal law of the country in which the defendant is served.  Hague Service
2  Convention, Article 5(a).    As Mazda-Japan is a Japanese corporation
3  located in Japan, Plaintiff is required to serve Mazda-Japan in Japan
4  pursuant to the applicable provisions of the Hague Service Convention.
5  Failure to comply with the Convention renders the service void, even if the
6  defendant has actual notice of the lawsuit.  Honda Motor Co. vs. Superior
7  Court 10 Cal.App.4th 1043, 1049 (1992).

8          Under the Hague Service Convention, plaintiffs are required to
9  forward the summons and complaint, along with a "request for service"
10  form to the designated "Central Authority" in Japan, in this case, the
11  Japanese Ministry of Foreign Affairs.  Hague Service Convention, Article 3.
12  The Central Authority must then arrange service of the summons together
13  with the "request [by the plaintiff] in the form attached to the
14  . . . Convention."  Hague Service Convention, Article 5.  The "Central
15  Authority may require the document to be written in, or translated into, the
16  official language or one of the official languages of the State addressed," in
17  this case Japanese.  Hague Service Convention, Article 5.  Finally, the
18  "Central Authority" shall complete a certificate in the form attached to the  .
19  . . Convention.  Hague Service Convention, Article 6.

20          Article 6 of the Hague Service Convention protects defendants from
21  the tactics in which Plaintiff engages in here.  Here, Plaintiff did not provide
22  their documents to the Central Authority for the Japanese Ministry of
23  Foreign Affairs.  Plaintiff did not receive any certificate of service from the
24  Japanese Ministry.    Plaintiff did not translate their documents into
25  Japanese.    Here, Plaintiff served the Summons and First Amended
26  Complaint in their English form upon MNAO, not Mazda-Japan, in Irvine.

27          Plaintiff has wholeheartedly dispensed with all of the provisions of the
28  ::ODMA\PCDOCS\LAX\453332\1

NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT
SERVICE OF PROCESS (FRCP 12(b)(5))

Hague Service Convention.   Under California Code of Civil Procedure, Section 413.10(c) and the Hague Service Convention, Plaintiff's attempted service is improper and therefore should be dismissed.

Plaintiff's conduct here is egregious and flies in the face of the fundamental fairness that must be accorded all defendants, regardless of nationality, who are called before the courts of this country.   In order to satisfy the Due Process Clause of the United States Constitution, a party must receive notice reasonably calculated to apprise it of an impending action.   Milliken v. Meyer (1940) 311 U.S. 457.   If there is to be reasonable assurance that the significance of the process will be understood, fulfillment of the standard includes the need of an accompanying translation into that person's native language.

If Plaintiff's purported service is permitted, then every plaintiff could drop serve untranslated documents upon a foreign corporation and declare service complete without any recognition as to the requirements that have been promulgated under the Hague Service Convention.   Under accepted notions of due process, the fragile assumption that since some Japanese individuals read English does not mean a particular Japanese litigant will understand process received in English and this will not repair the fatally defective service.   Since no Japanese translation of the Summons and First Amended Complaint, or a summary thereof, was served upon the Japanese Ministry of Foreign Affairs pursuant to Article 6 of the Hague Service Convention, Plaintiff has not only failed to comply with the Hague Service Convention but also failed to meet this nation's standards of due process under the United States Constitution.   Service is therefore

NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS (FRCP 12(b)(5))

1  improper and should be dismissed.[1]

2  **B.**  **The Court Should Dismiss Plaintiff's First Amended**

3  **Complaint As To Mazda-Japan Because Plaintiff's Service Of**

4  **Process Fails Under California Law**

5  Assuming arguendo that the Hague Service Convention doesn't

6  apply, which Mazda-Japan vigorously disputes, Plaintiff's service of the

7  Summons and First Amended Complaint fails under California law for two

8  additional reasons: (1) plaintiff did not serve the First Amended Complaint

9  upon an individual who had either actual or implied authority to accept

10

11  _____

12  [1]  Plaintiff's counsel has argued that his service of process was valid based
    upon Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 108

13  S.Ct. 2104, 100 L.Ed.2d 722 (1988).   However, Schlunk does not apply
    here.  The Schlunk Court found service on a subsidiary company based on

14  an Illinois long arm statute that allowed substituted service on an

15  involuntary agent.   However, there is no California counterpart to the
    Illinois long arm statute and California law does not create "involuntary

16  agents" for service of process.

17

18  In fact, the California Central District specifically rejects the notion
    that a local related entity is the agent of its affiliated foreign entity.  Graval

19  v. P.T. Bakrie & Bros., 986 F.Supp. 1326, 1330-31 (C.D.Cal. 1996) (holding

20  that "under California law, service on a subsidiary does not constitute
    service on a parent corporation, even if the subsidiary is considered to be

21  an 'alter-ego' of the parent corporation) (disapproved on other grounds by

22  Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007 (9th Cir. 2002));
    Orion Tire Corp. v. General Tire, Inc., 1992 WL 295224 at *1

23  (C.D.Cal.1992) (distinguishing Shlunk because "California does not have a

24  provision allowing for substituted service upon a subsidiary corporation . . .
    California law requires service only on those authorized to accept

25  service."); see also Fleming v. Yamaha Motor Corporation, U.S.A., 774

26  F.Supp. 992 (W.D. Virg. 1991) (holding that Schlunk does not apply where

27  the state has no counterpart to the Illinois long arm statute); Quinn v.
    Keinicke, 700 A.2d 147 (Dela. 1996) (same).

28  ::ODMA\PCDOCS\LAX\453332\1

NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT
SERVICE OF PROCESS (FRCP 12(b)(5))

service on behalf of Mazda-Japan; and (2) plaintiff failed to mail the First Amended Complaint to the person who was allegedly substitute served.

### 1.   Under California Law, Plaintiff Failed To Properly Service A "General Manager" Of Mazda-Japan

Under California law, service is effective only when delivery of the summons and complaint is to some person who, at least, appears to be able to accept service on behalf of the corporation. Dill v. Berquist Const. Co., Inc., 24 CA4th 1426, 37 (1994). Under this theory, service is also valid if the person served as a "general manager" is apparently in charge of the corporation's office, headquarters or is of such rank to make it reasonable certain the corporation has notice of service. Gibble v. Car-Lene Research, Inc., 67 CA4th 295, 302-03 (1998).

Here, Plaintiff's service agent did not serve any individual that meet the requirements of effective service under California Law. According to Ms. Brown, Plaintiff delivered the Summons and First Amended Complaint to MNAO in Irvine, California and never announced that he was serving Mazda-Japan. Ms. Brown was not a "general manager" of Mazda-Japan and she was not authorized to accept service on its behalf. There is no basis whatsoever for anyone to believe that Ms. Brown was in charge of Mazda-Japan so that it would be reasonably certain that Mazda-Japan would receive notice of service. Ergo, plaintiff's service was improper and this Court should grant the motion to dismiss.

### 2.   Under California Law, Plaintiff's Failure To Mail The Summons And First Amended Complaint Renders Service Improper

Assuming arguendo that substitute service might be allowed, which Mazda-Japan vigorously disputes, Plaintiff still failed to comply with

NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS (FRCP 12(b)(5))

1  California Code of Civil Procedure §415.20(a) which requires a copy of the
2  summons and complaint be mailed by first-class mail, to the person to be
3  served at the place where a copy of the summons and complaint were left.
4  According to the process server, the Summons and First Amended
5  Complaint was mailed to Barbara Tang, MNAO's Agent for Service of
6  Process.  No such process was ever received, however  (See Declaration
7  of Barbara Tang).  For this additional procedural reason, Plaintiff's service
8  of process was insufficient and the Court should grant this motion to
9  dismiss.

10  **III.   CONCLUSION**

11       For all of the foregoing reasons, Mazda-Japan respectfully requests
12  that this Court grant this motion to dismiss for insufficient service of process
13  and order that Mazda-Japan need not respond until such time as plaintiff
14  accomplishes proper service through the Hague Service Convention.

15  DATED:  May 5, 2008              BOWMAN AND BROOKE LLP

16

17                                  BY: _____

18                                      Brian Takahashi
                                        Stephen J. Faulk
19                                      Attorneys for Defendant MAZDA
                                        MOTOR CORPORATION,
20                                      specially appearing for purposes
                                        of motion to dismiss only

21

22

23

24

25

26

27

28  ::ODMA\PCDOCS\LAX\453332\1                    10

1  BOWMAN AND BROOKE LLP
   Brian Takahashi, Esq. SB# 146505
2  Stephen J. Faulk, Esq., SB# 253079
   879 West 190th Street, Suite 700
3  Gardena, California 90248-4227
   Tel:   310/ 768-3068
4  Fax:  310/ 719-1019
   Email:  brian.takahashi@bowmanandbrooke.com
5
   Attorneys for Defendant
6  MAZDA MOTOR OF AMERICA, INC. dba MAZDA NORTH AMERICAN
   OPERATIONS
7

8              **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

11 TERRY GRAY,                      )  **CASE NO. SACV08-00279 JVS (ANx)**
                                    )
12                  Plaintiff,      )  **DECLARATION OF BARBARA**
   vs.                              )  **TANG IN SUPPORT OF MAZDA**
13                                  )  **MOTOR CORPORATION'S MOTION**
   MAZDA MOTOR                      )  **TO DISMISS (FRCP 12(b)(5))**
14 CORPORATION, MAZDA              )
   NORTH AMERICAN                   )
15 OPERATIONS, MAZDA MOTOR         )  **Action Filed:        March 18, 2008**
   OF AMERICA, INC.,                )
16                                  )
                    Defendants.     )
17                                  )
                                    )
18

19      I, Barbara Tang, declare as follows:

20      1.      I am currently employed as the Assistant Secretary of Mazda

21 Motor of America, Inc. d/b/a Mazda North American Operations located at

22 7755 Irvine Center Drive, Irvine, California 92618.  I have worked at Mazda

23 Motor of America, Inc. d/b/a Mazda North American Operations for 10

24 years.  The following facts are within my personal knowledge, and, if called

25 upon as a witness, I could and would competently testify thereto.

26      2.      Mazda Motor of America, Inc. d/b/a Mazda North American

27 Operations is the distributor of Mazda motor vehicles in North America.

28      3.      Mazda Motor Corporation is a separate corporation located in

DECLARATION OF BARBARA TANG
IN SUPPORT OF MAZDA MOTOR CORPORATION'S MOTION TO DISMISS (FRCP 12(b)(5))

1   Hiroshima, Japan.

2       4.     In my capacity as Assistant Secretary, I am familiar with Mazda

3 Motor of America, Inc. d/b/a Mazda North American Operations' process

4 and policies for accepting service of Summons and Complaints.   Mazda

5 Motor of America, Inc. does not have authority to accept service of process

6 upon Mazda Motor Corporation.

7       5.     As of May 5, 2008, I am unaware of any attempts via personal

8 service or mail to serve Mazda Motor Corporation with a Summons and

9 First Amended Complaint in the above referenced lawsuit.

10       6.     As of May 5, 2008, I have not received a copy, via United

11 States first-class mail, of the Summons and First Amended Complaint in

12 the above referenced lawsuit.

13       I declare under penalty of perjury under the laws of the State of

14 California that the foregoing is true and correct to the best of my

15 knowledge.

16       Executed this 5th day of May, 2008, at Irvine, California.

17

18

19

20       Barbara Tang

21

22

23

24

25

26

27

28

DECLARATION OF BARBARA TANG
IN SUPPORT OF MAZDA MOTOR CORPORATION'S MOTION TO DISMISS (FRCP 12(b)(5))



BOWMAN AND BROOKE LLP
Brian Takahashi, Esq. SB# 146505
Stephen J. Faulk, Esq., SB# 253079
879 West 190th Street, Suite 700
Gardena, California 90248-4227
Tel:   310/ 768-3068
Fax:  310/ 719-1019

Attorneys for Defendant
MAZDA MOTOR OF AMERICA, INC. dba MAZDA NORTH AMERICAN OPERATIONS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

TERRY GRAY,

                          Plaintiff,

     vs.

MAZDA MOTOR
CORPORATION, MAZDA
NORTH AMERICAN
OPERATIONS, MAZDA MOTOR
OF AMERICA, INC.,

                          Defendants.

CASE NO. SACV08-00279 JVS (ANx)

**DECLARATION OF REBECCA BROWN IN SUPPORT OF MAZDA MOTOR CORPORATION'S MOTION TO DISMISS (FRCP 12(b)(5))**

**Action Filed:          March 18,  2008**

I, Rebecca Brown, declare as follows:

1.     I am currently employed as the Department Assistant for the legal department of Mazda Motor of America, Inc. d/b/a Mazda North American Operations located at 7755 Irvine Center Drive, Irvine, California 92618.  I have worked at Mazda Motor of America, Inc. d/b/a Mazda North American Operations for 161/2 years.  The following facts are within my personal knowledge, and, if called upon as a witness, I could and would competently testify thereto.

2.     Mazda Motor of America, Inc. d/b/a Mazda North American Operations is the distributor of Mazda motor vehicles in North America.

3.     Mazda Motor Corporation is a separate corporation located in Hiroshima, Japan.

4.     In my capacity as Department Assistant for the legal department, I am familiar with Mazda Motor of America, Inc. d/b/a Mazda North American Operations' process and policies for accepting service of Summons and Complaints.   Mazda Motor of America, Inc. does not have authority to accept service of process upon Mazda Motor Corporation.

5.     I am familiar with the present matter entitled <u>Terry Gray v. Mazda Motor Corporation, Mazda North American Operations, Mazda Motor of America, Inc.</u> case number SCAv08-00279 JVS (ANx) regarding service of a single Summons and First Amended Complaint pertaining to this lawsuit.

6.     On March 31, 2008, a process server showed up at the receptionist for Mazda Motor of America, inc. d/b/a Mazda North American Operations with a single Summons and First Amended Complaint in the <u>Terry Gray</u> matter.   Upon being notified by the receptionist that this process server was present, I went down to the receptionist.

7.     At the receptionist, I looked over the single Summons and First Amended Complaint.  The process server made no statement about the Summons and First Amended Complaint being served upon Mazda Motor Corporation.

8.     I reviewed the single Summons and First Amended Complaint. Since Mazda Motor of America, Inc. d/b/a Mazda North American Operations was named, I accepted service of the Summons and First Amended Complaint on behalf of Mazda Motor of America, Inc. d/b/a Mazda North American Operations only.

DECLARATION OF REBECCA BROWN
IN SUPPORT OF MAZDA MOTOR CORPORATION'S MOTION TO DISMISS (FRCP 12(b)(5))

1    9.    I am unaware of any attempts to serve Mazda Motor

2  Corporation with a Summons and First Amended Complaint in the above

3  referenced lawsuit.

4    I declare under penalty of perjury under the laws of the State of

5  California that the foregoing is true and correct to the best of my

6  knowledge.

7    Executed this 21st day of April, 2008, at Irvine, California.

8

9

10

11  Rebecca Brown

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF REBECCA BROWN
IN SUPPORT OF MAZDA MOTOR CORPORATION'S MOTION TO DISMISS (FRCP 12(b)(5))

## <u>DECLARATION OF BRIAN TAKAHASHI</u>

I, Brian Takahashi, being first duly sworn, depose and say:

1.    I am counsel for Mazda Motor of America, Inc. dba Mazda North American Operations ("MNAO") and specially appearing as counsel for Mazda Motor Corporation ("Mazda-Japan") in this matter.  I am a Partner in the law firm of Bowman and Brooke LLP.

2.    This is a Song Beverly claim arising out of  clunk noises and loose rear trim in plaintiff's 2007 Mazda 3 vehicle.

3.    I am currently representing Mazda Motor Corporation in another totally unrelated products liability action.  Mazda Motor Corporation is located at 3-1 Shinchi, Fuchu-cho, Aki-gun, Hiroshima, Japan.  In the other unrelated case, it was served with process by plaintiff counsel in compliance with the Hague Service Convention.

4.    I was retained by MNAO to represent its interest in this matter on or about April 3, 2008.

5.    On April 17, 2008, I contacted plaintiff counsel Martin Anderson to discuss, among other things, possible resolution of the case.  Knowing that Mazda-Japan had been named as a defendant, I inquired of Mr. Anderson whether he had served Mazda-Japan.  In response, he claimed that the service of the Summons and First Amended Complaint upon MNAO's receptionist constituted effective service upon Mazda-Japan.

6.    Prior to my April 17, 2008 phone conversation with Mr. Anderson, I did not know that anyone was claiming that Mazda-Japan had been served with the Summons and First Amended Complaint.

7.    On April 18, 2008, after researching the issue, I wrote plaintiff counsel advising that service was improper because plaintiff did not comply with the Hague Service Convention.  A true and correct copy of my April 18,

::ODMA\PCDOCS\LAX\453332\1

NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS (FRCP 12(b)(5))

2008 correspondence is attached hereto as Exhibit "B."

8.      In response, Mr. Anderson emailed me back and advised that the Hague Service Convention did not apply because he served Mazda-Japan in the United States, not Japan.  A true and correct copy of Mr. Anderson's April 18, 2008 email is attached hereto as Exhibit "C."

9.      Later on April 18, 2008, I wrote Mr. Anderson disagreeing with his email.   A true and correct copy of my reply correspondence is attached hereto as Exhibit "D."

10.     On April 21, 2008, I was formally retained by Mazda Motor Corporation to specially appear for it.   I then wrote Mr. Anderson requesting the alleged Proof of Service.  A true and correct copy of my April 21, 2008 correspondence is attached hereto as Exhibit "E."

11.     Late in the evening of April 21, 2008, Mr. Anderson emailed his Proof of Service.  A true and correct copy of the Proof of Service is attached hereto as Exhibit "F."  Only then did I learn that service was supposedly being accomplished through the "California Code of Civil Procedure."

12.     On April 29, 2008, I wrote Mr. Anderson pointing out several discrepancies raised by his Proof of Service.  A true and correct copy of my April 29, 2008 correspondence is attached hereto as Exhibit "G."  Later that same day, Mr. Anderson and I agreed that we had exhausted our "meet and confer" requirements and that we were in disagreement whether he had properly served Mazda Motor Corporation.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 5th day of May, 2008 at Gardena, California

Brian Takahashi

NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT
SERVICE OF PROCESS (FRCP 12(b)(5))

**EXHIBIT "A"**

*personally served*
*10:16 AM*

**RECEIVED**

**MAR 3 1 2008**

**LEGAL**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY GRAY,<br><br>                                   PLAINTIFF(S)<br><br>                    v.<br><br>MAZDA MOTOR CORPORATION, MAZDA<br>NORTH AMERICAN OPERATIONS, MAZDA<br>MOTOR OF AMERICA, INC.,<br><br>                                   DEFENDANT(S). | CASE NUMBER<br><br>SA CV 08-00279 JVS (ANx)<br><br><br><br>**SUMMONS** |

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
<u>MARTIN W. ANDERSON                </u>, whose address is:

ANDERSON LAW FIRM
2070 N. TUSTIN AVE.
SANTA ANA, CA 92705

an answer to the ☐ complaint ☒ <u>  first  </u> amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within <u> 20 </u> days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated: <u>   MAR 1 8 2008   </u>          By: ___ROLLS ROYCE PASCHAL___

                                                            Deputy Clerk

                                                         *(Seal of the Court)*

                                                                              1144

---

CV-01A (01/01)                                    SUMMONS



COPY

ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
E-mail: martin@andersonlaw.net

CALIFORNIA LEMON LAW CENTER, INC.
LUCY KASPARIAN, State Bar No. 228932
136 N. Glendale Ave.
Glendale, California 91206
Tel: (818) 547-5777 ▪ Fax: (818) 547-9777
E-mail: LKasparian@aol.com

Attorneys for Plaintiff Terry Gray

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| TERRY GRAY,<br><br>     Plaintiff,<br><br>v.<br><br>MAZDA MOTOR CORPORATION,<br>MAZDA NORTH AMERICAN<br>OPERATIONS, MAZDA MOTOR OF<br>AMERICA, INC.,<br><br>     Defendant. | Case No. SA CV 08-00279 JVS (ANx)<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

## JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action alleges claims pursuant to 15 U.S.C. § 2310. The Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367.

- 1 -
FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**PARTIES**

2.     As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff Terry Gray.

3.     As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

**FIRST CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

4.     On or about August 17, 2007, Plaintiff leased a Mazda 3, VIN # JM1BK344071642174 (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendant.  The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $22,865.00.  The Vehicle was leased primarily for personal, family, or household purposes.  Plaintiff leased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

5.     In connection with the lease, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

6.     During the warranty period, the Vehicle contained or developed defects which cause a clunking sound from the rear of the vehicle when going over speed bumps, defects which cause clunk sounds from the front suspension,  and defects which cause the rear trim panel at seat track to come loose.

- 2 -

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

7.    Pursuant to 15 U.S.C. § 2301 (which defines the implied warranty by borrowing the provisions of Civil Code §§ 1792 and 1791.1), the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

8.    The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements:  (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

9.    On or about August 17, 2007, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 6, above.  The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

10.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale.  By serving this Complaint, Plaintiff does so again.  Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price.  In addition, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects.  Plaintiff believes that, at the present time, the Vehicle's value is *de minimis.*

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 3 -
FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

11.   Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

12.   Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**SECOND CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**BREACH OF THE IMPLIED WARRANTY OF FITNESS**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

13.   Plaintiff incorporates by reference the allegations contained in paragraphs 4 through 6 and paragraph 10, above.

14.   Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

15.   Pursuant to 15 U.S.C. § 2301 (which defines the implied warranty by borrowing the provisions of Civil Code § 1792.1), the sale of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

16.   On or about August 17, 2007, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 6, above. The existence of each of these defects constitutes a

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 4 -

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1    breach of the implied warranty because the Vehicle is not fit for Plaintiff's

2    particular purpose.

3         17.    Plaintiff has been damaged by Defendant's failure to comply with its

4    obligations under the implied warranty, and therefore brings this claim pursuant to

5    15 U.S.C. § 2310(d) and Civil Code § 1794.

6         18.    Defendant does not maintain an informal dispute resolution process

7    for the purpose of resolving claims for breach of the implied warranty of

8    merchantability, and does not maintain an informal dispute resolution process for

9    resolving express warranty claims that complies with the requirements of 15

10    U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the

11    Federal Trade Commission.

**THIRD CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**BREACH OF EXPRESS WARRANTY**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

16         19.    Plaintiff incorporates by reference the allegations contained in

17    paragraphs 4 through 6 and paragraph 10, above.

18         20.    In accordance with Defendant's warranty, Plaintiff delivered the

19    Vehicle to Defendant's representative in this state to perform warranty repairs.

20    Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle,

21    Plaintiff notified Defendant and its representative of the characteristics of the

22    defects. However, the representative failed to repair the Vehicle, breaching the

23    terms of the written warranty on each occasion.

24         21.    Plaintiff has been damaged by Defendant's failure to comply with its

25    obligations under the express warranty, and therefore brings this claim pursuant to

26    15 U.S.C. § 2310(d) and Civil Code § 1794.

27         22.    Defendant's failure to comply with its obligations under the express

28    warranty was willful, in that Defendant and its representative were aware of their

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 616-2700

- 5 -

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1   obligation to repair the Vehicle under the express warranty, but they intentionally

2   declined to fulfill that obligation.  Accordingly, Plaintiff is entitled to a civil

3   penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c)

4   and 15 U.S.C. § 2310(d).

5      23.    Plaintiff is a senior citizen and/or a disabled person, as those terms are

6   defined in subdivisions (f) and (g) of Civil Code section 1761 and brings this

7   action to redress an unfair or deceptive act or practice or an unfair method of

8   competition.  Defendant knew or should have known that its conduct was directed

9   to a senior citizen and/or a disabled person.  In addition, Plaintiff is substantially

10  more vulnerable than other members of the public to Defendant's conduct because

11  of his age, poor health and infirmity, restricted mobility, or disability, and actually

12  suffered physical, emotional, and/or economic damage resulting from Defendant's

13  conduct.  Accordingly, pursuant to Civil Code section 3345, any civil penalties

14  authorized by law should be trebled.

15     24.    Defendant does not maintain an informal dispute resolution

16  mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the

17  rules and regulations adopted pursuant thereto by the Federal Trade Commission.

18                    **FOURTH CLAIM FOR RELIEF**

19              **BY PLAINTIFF AGAINST DEFENDANT**

20          **FAILURE TO PROMPTLY REPURCHASE PRODUCT**

21          **15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1793.2(d)**

22     25.    Plaintiff incorporates by reference the allegations contained in

23  paragraphs 4 through 6, above.

24     26.    Defendant and its representatives in this state have been unable to

25  service or repair the Vehicle to conform to the applicable express warranties after a

26  reasonable number of attempts.  Despite this fact, Defendant failed to promptly

27  replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§

28  1793.2(d) and 1793.1(a)(2).

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 6 -

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

27.    Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

28.    The provisions of Civil Code § 1793.2(d) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. *Swenson v. File*, 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

29.    Defendant's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution despite Plaintiff's demand.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c) and 15 U.S.C. § 2310(d).

30.    Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with § 1793.22.  Despite Defendant's violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its obligations within a reasonable time.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e) and 15 U.S.C. § 2310(d).

31.    Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties, as provided in § 1794(f).

32.    Plaintiff is a senior citizen and/or a disabled person, as those terms are defined in subdivisions (f) and (g) of Civil Code section 1761 and brings this

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 7 -

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1  action to redress an unfair or deceptive act or practice or an unfair method of

2  competition.  Defendant knew or should have known that its conduct was directed

3  to a senior citizen and/or a disabled person.  In addition, Plaintiff is substantially

4  more vulnerable than other members of the public to Defendant's conduct because

5  of his age, poor health and infirmity, restricted mobility, or disability, and actually

6  suffered physical, emotional, and/or economic damage resulting from Defendant's

7  conduct.  Accordingly, pursuant to Civil Code section 3345, any civil penalties

8  authorized by law should be trebled.

9      33.    Defendant does not maintain an informal dispute resolution

10  mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the

11  rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**FIFTH CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME**

**AND TO COMPLETE THEM WITHIN 30 DAYS**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

17      34.    Plaintiff incorporates by reference the allegations contained in

18  paragraphs 4 through 6 and paragraph 10, above.

19      35.    Although Plaintiff delivered the Vehicle to Defendant's representative

20  in this state, Defendant and its representative failed to commence the service or

21  repairs within a reasonable time and failed to service or repair the Vehicle so as to

22  conform to the applicable warranties within 30 days, in violation of Civil Code §

23  1793.2(b).  Plaintiff did not extend the time for completion of repairs beyond the

24  30-day requirement.

25      36.    Plaintiff has been damaged by Defendant's failure to comply with its

26  obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to §

27  1794.

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 8 -

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

37.    The provisions of Civil Code § 1793.2(b) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. *Swenson v. File*, 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

38.    Defendant's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c) and 15 U.S.C. § 2310(d).

39.    Plaintiff is a senior citizen and/or a disabled person, as those terms are defined in subdivisions (f) and (g) of Civil Code section 1761 and brings this action to redress an unfair or deceptive act or practice or an unfair method of competition. Defendant knew or should have known that its conduct was directed to a senior citizen and/or a disabled person. In addition, Plaintiff is substantially more vulnerable than other members of the public to Defendant's conduct because of his age, poor health and infirmity, restricted mobility, or disability, and actually suffered physical, emotional, and/or economic damage resulting from Defendant's conduct. Accordingly, pursuant to Civil Code section 3345, any civil penalties authorized by law should be trebled.

40.    Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

- 9 -

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**SIXTH CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**CONVERSION**

41.  Plaintiff incorporates by reference the allegations contained in the Fourth Claim for Relief, above.

42.  Plaintiff is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification. *Farmers Ins. Ex. v. Zerin*, 53 Cal.App.4th 445, 451-52 (1997).  Specifically, pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the Vehicle from Defendant.

43.  Instead of delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has wrongfully converted that money for its own use.

44.  As a result of Defendant's conversion, Plaintiff has suffered damages.

45.  Defendant's conduct was fraudulent, oppressive, and malicious, and thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code section 3294.  Specifically, Defendant was aware of its obligation to make restitution to Plaintiff and intentionally failed to do so.  In addition, Defendant falsely and intentionally misrepresented to Plaintiff that it was not obligated to make restitution.  Furthermore, Defendant is aware that Plaintiff has little choice but to continue using the defective Vehicle, and Defendant intentionally refused to make restitution to Plaintiff with the intent of arguing that Plaintiff's continued use is a reason to deny restitution to Plaintiff.

**PRAYER**

PLAINTIFF PRAYS for judgment against Defendant as follows:

1.  For Plaintiff's damages in the amount of at least $22,865.00.

2.  For restitution to Plaintiff in the amount of $22,865.00.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 10 -

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1    3.    On Plaintiff's Third Claim for Relief, for a civil penalty in the amount

2  of $45,730.00, which is two times Plaintiff's total damages, pursuant to Civil Code

3  § 1794(c) and (e) and 15 U.S.C. § 2310(d).

4    4.    On Plaintiff's Fourth Claim for Relief, for a civil penalty in the

5  amount of $45,730.00, which is two times Plaintiff's total damages, pursuant to

6  Civil Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

7    5.    On Plaintiff's Fifth Claim for Relief, for a civil penalty in the amount

8  of $45,730.00, which is two times Plaintiff's total damages, pursuant to Civil Code

9  § 1794(c) and (e) and 15 U.S.C. § 2310(d).

10    6.    For treble any civil penalties awarded, in the amount of $137,190.00

11  pursuant to Civil Code section 3345 and 15 U.S.C. § 2310(d).

12    7.    For any consequential and incidental damages.

13    8.    For punitive damages in the amount of at least $100,000.

14    9.    , For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant

15  to Civil Code § 1794(d) and 15 U.S.C. § 2310(d).

16    10.    For prejudgment interest at the legal rate.

17    11.    And for such other relief as the Court may deem proper.

18  DATED: March 17, 2008

19                             ANDERSON LAW FIRM
                               MARTIN W. ANDERSON
20                             LUCY KASPARIAN

21

22

23    By: _____
            MARTIN W. ANDERSON
24          Attorneys for Plaintiff Terry Gray

25

26

27

28

- 11 -
**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a jury trial on all causes of action asserted herein.

3   DATED:  March 17, 2008

4                                ANDERSON LAW FIRM
                                MARTIN W. ANDERSON
5                                LUCY KASPARIAN

6

7                                By:_____
                                    MARTIN W. ANDERSON
8                                Attorneys for Plaintiff Terry Gray

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 518-2700

- 12 -
FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**EXHIBIT "B"**



**Bowman and Brooke** LLP

879 West 190th Street, Suite 700
Gardena, CA  90248
Phone: 310.768.3068
Fax: 310.719.1019
www.bowmanandbrooke.com

Brian Takahashi
Direct: 310.380.6504
Email: brian.takahashi@bowmanandbrooke.com

April 18, 2008                                             <u>VIA EMAIL AND US MAIL</u>

Martin Anderson, Esq.
2070 North Tustin Avenue
Santa Ana, California 92705

Lucy Kasparian, Esq.
136 N. Glendale Avenue
Glendale, California 91206

Re:   <u>Terry Gray v. Mazda Motor Corporation, Mazda North American Operations, Mazda Motor of America, Inc.</u>

Dear Mr. Anderson and Ms. Kasparian:

This is a Song-Beverly action.   It is a very simple case.  If plaintiff's vehicle has a nonconformity which hasn't been repaired after a reasonable number of repair attempts, and the nonconformity substantially impairs the use, value or safety of the vehicle, distributor Mazda North American Operations ("MNAO") will be liable.  For some reason, after you filed the original Complaint, you decided that you also needed to add Mazda Motor Corporation ("MC") to this action.  The only reason we can think of that you included MC is to generate more fees.

In our conversation today, you claimed that you served not only MNAO, but MC, by delivering the First Amended Complaint to the receptionist at MNAO's office located at 7755 Irvine Center Drive, Irvine, California.   Please note that MC is located at 3-1 Shinchi, Fuchu-cho, Aki-gun, Hiroshima, Japan, not Irvine, California.  I verbally informed you that your alleged service upon MC, a Japanese corporation without any offices in California, was improper because it violated the Hague Convention.   More specifically, your serving a Summons and Complaint upon a MNAO employee does not comply with the requirements of the Hague Convention.

::ODMA\PCDOCS\LAX\450923\1

MINNEAPOLIS      PHOENIX      DETROIT      SAN JOSE      **LOS ANGELES**      RICHMOND

Martin Anderson, Esq.
April 17, 2008
Page 2

In this correspondence, we provide you with the specific legal authority supporting our position.  We also request that you acknowledge, in writing, the impropriety of your service.   To put it bluntly, plaintiff's attempted service upon MC completely failed to comply with the requirements of the Hague Convention on Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters.  20 U.S.T., 361 (hereinafter " the Convention").   According to the Convention and Supreme Court precedent, the requirement that the documents be transmitted overseas triggers the application of the Convention, including service through the Japanese Central Authority and translation into Japanese.   Because plaintiff did not comply with the requirements of the Convention, the action against MC should be dismissed, or in the alternative, service of process should be quashed.   Alternatively, you should seek to serve MC properly following the requirements of the Convention.

In Volkswagenwerk Aktiengeshellshaft v. Schlunk, 486 U.S. 694 (1988), the United States Supreme Court held that a party must serve an opponent in compliance with the Convention "[i]f  the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad[.]"  486 U.S. at 700.  Since the Convention has a preemptive effect, Schlunk, 486 U.S. at 699, a court need not look further when considering the validity of service papers abroad.

Under the Convention, documents to be served abroad are sent to the receiving nation's Central Authority, which serves the documents in accordance with that nation's domestic law.  See Hague Convention, Arts. 3 & 5.   The Central Authority then serves the party by a method permitted under the law of that country.  See Hague Convention, Art. 5(a).  Article 5 provides in part that "the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the States addressed."   Japan requires translation pursuant to Article 5.  Taylor v. Unden Corp. of America, 622 F.Supp. 1011, 1016 (E.D. Mo. 1985).

Since the Convention applies to the present case, if MC filed a Motion to quash service of process, it would succeed because plaintiff has not complied with the terms of the Convention. This is because Japan has specified that service on a resident corporation must go through the Japanese Central Authority.  See Correspondence on Service Practice in Japan, 12 Int'l Law. 503, 503-04 (1978).  Here, plaintiff has not sent the documents through the Japanese Central Authority.  Moreover, the documents purportedly served are in English; Japan requires that the serving party translate them into Japanese.  See id.

Where the receiving nation requires documents be translated, failure to provide a translation is an absolute and fatal flaw in service.  Lyman Steel Corp. v. Ferrostaal Metals Corp., 747 F.Supp. 389, 400 (N.D. Ohio 1990).

Martin Anderson, Esq.
April 17, 2008
Page 3

Unquestionably, your failure to comply with the requirements of the Hague Convention invalidates the attempted service of process upon MC.  See Bankston v. Toyota Motor Corp., 889 F.2d 172, 174 (8th Cir. 1989); Anbe v. Kikuchi, 141 F.R.D. 498, 500 (D. Hawaii 1992). Failure to comply with the Convention renders the service void, even if the defendant has actual notice of the lawsuit.  See Floveyor International, Ltd. v. Superior Court, 69 Cal.Rptr.2d 457, 59 Cal.App.4th 789 (Cal.App. 2 Dist. 1997) and  Dr. Ing.   H.C. F. Porsche A.G. v. Superior Court (1981) 123 Cal.App.3d 755, 762, 177 Cal.Rptr. 155.

Finally, the decision in Honda Motor Co. v. Superior Court (1992) 10 Cal.App.4th 1043, 1049, 12 Cal.Rptr.2d 861 is directly on point.   There, plaintiff purportedly served Honda Motor Co. Ltd. by sending the Summons and Complaint to Honda Motor Co. Ltd. in Japan by certified mail.  As this service was improper under the Hague Convention, the Court of Appeal, Sixth District, entered a writ of mandate directing the trial court below to quash service.  Here, there has been no attempt to translate the Summons and Complaint or serve Mazda Motor Corporation in Japan whatsoever.  So you understand this case and the frivolity of your position, we enclose a copy of the decision herein.

Based on the foregoing, MC will not be responding to your First Amended Complaint until it is properly served pursuant to the Hague Convention.  Should you have any questions or comments regarding this matter, please do not hesitate to call Stephen Faulk or me.

Very truly yours,

BOWMAN AND BROOKE LLP

Brian Takahashi

BT/ph

PS – Per our earlier telephone conversation, Mazda Motor of America, Inc. dba Mazda North American Operations will be responding the Complaint on April 21, 2008.

Westlaw.

10 Cal.App.4th 1043                                                    Page 1
10 Cal.App.4th 1043, 12 Cal.Rptr.2d 861
**(Cite as: 10 Cal.App.4th 1043)**

▷Honda Motor Co. Ltd. v. Superior Court
(Opperwall)
Cal.App.6.Dist.
 HONDA MOTOR CO., LTD., Petitioner,
v.
 THE SUPERIOR COURT OF SANTA CLARA
 COUNTY, Respondent; STEPHEN G.
 OPPERWALL, Real Party in Interest.
**No. H009933.**

Court of Appeal, Sixth District, California.
Oct 29, 1992.

SUMMARY

The trial court, in an action against a Japanese
automobile manufacturer, denied defendant's motion
to quash service, which plaintiff attempted to effect
by sending the summons, complaint, and other
documents to defendant's office in Japan by certified
mail. (Superior Court of Santa Clara County, No.
715500, Read Ambler, Judge.)

The Court of Appeal issued a writ of mandate
commanding the trial court to vacate its order
denying defendant's motion to quash service and to
issue an order granting that motion. The court held
that the Hague Convention controlled the issue of
whether service could be effected by mail. Japan has
objected to art. 10, subd. (b) (freedom of officers of
state of origin to effect service through officers of
state of destination), and to art. 10, subd. (c) (freedom
of interested persons to effect service through officers
of state of destination), but not to art. 10, subd. (a)
(freedom to send judicial documents by postal
channels directly to persons abroad). However, the
court held, Japan understands art. 10, subd. (a), as not
applying to service, but rather to the mailing of
judicial documents other than summons. Although
California statutes authorize service by mail, the
preemptive effect of the Hague Convention as to
service on foreign nationals is beyond dispute.
(Opinion by Elia, J., with Capaccioli, Acting P. J.,
and Premo, J., concurring.)

HEADNOTES

Classified to California Digest of Official Reports

(**1a, 1b, 1c**) Process, Notices, and Papers § 19--
Process--Service on Particular Persons--Foreign
Corporations--Service by Mail.
In an action against a Japanese automobile
manufacturer, the trial court erred in denying
defendant's motion to quash service, which plaintiff
attempted to effect by sending the summons,
complaint, and other documents to defendant's office
in Japan by certified mail. The Hague Convention
controlled whether service could be effected in this
manner. Japan has objected to art. 10, subd. (b)
(freedom of officers of state of origin to effect service
through officers of state of destination), and to art.
10, subd. (c) (freedom of interested persons to effect
service through officers of state of destination), but
not to art. 10, subd. (a) (freedom to send judicial
documents by postal channels directly to persons
abroad). However, Japan understands art. 10, subd.
(a), as not applying to service, but rather to the
mailing of judicial documents other than summons.
Although California statutes authorize service by
mail, the preemptive effect of the Hague Convention
as to service on foreign nationals is beyond dispute.
[See Cal.Jur.3d, Process, Notices, and Subpoenas, §
29; 3 **Witkin**, Cal. Procedure (3d ed. 1985) Actions,
§ 818.]
(**2**) Process, Notices, and Papers § 19--Process--
Service on Particular Persons--Foreign Corporations.
Unlike some other jurisdictions, in California the
original service of process, which confers
jurisdiction, must conform to statutory requirements
or all that follows is void. Specifically, plaintiffs
must comply with statutes prescribing the method of
service on foreign corporations.

(**3**) Process, Notices, and Papers § 24--Process--
Defects and Remedies-- Knowledge of Action as
Substitute for Service.
Mere knowledge of an action is not a substitute for
service, nor does it raise any estoppel to contest the
validity of service.

COUNSEL
Gary T. Walker and Alan J. Lazarus for Petitioner.
No appearance for Respondent.
Stephen J. Opperwall, in pro. per., for Real Party in

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Interest.

**ELIA, J.**

This is a petition for writ of mandate authorized by Code of Civil Procedure section 418.10, subdivision (c), seeking to reverse the trial court order refusing to quash service of summons on defendant and petitioner, a *1045 Japanese corporation. The issue presented, as to which the authorities conflict, is whether a California resident may obtain valid service on a Japanese national by a private mail service. We shall hold that such a service is invalid under the Hague Convention, and therefore the motion to quash should have been granted.

The dispositive facts are not in controversy. Plaintiff Stephen G. Opperwall served defendant Honda Motor Co., Ltd. (Honda) by sending the summons, complaint and other documents to Honda's office in Japan by certified mail, return receipt requested. The papers were unaccompanied by any Japanese translation. Honda admitted receipt of the papers. Honda's acknowledgment stamp of receipt on the documents was in English. The superior court denied Honda's motion to quash this service, and this petition followed.

The issue is one of statutory construction and depends on whether article 10(a) of the Hague Convention allows service of process upon a Japanese corporation by registered mail. The Hague Convention is a multinational treaty formed in 1965 to establish an "appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time." (Hague Convention preamble, 20 U.S.T. 361, 362, T.I.A.S. No. 6638, reprinted in 28 U.S.C.A. Fed.R.Civ.P. 4, note, at 130 (West Supp. 1989) [hereafter sometimes referred to as Treaty].) The Hague Convention provides specific procedures to accomplish service of process. Authorized modes of service are service through a central authority in each country; service through diplomatic channels; and service by any method permitted by the internal law of the country where the service is made. (See Treaty, arts. 2-6, 8, 19; see also discussion in Bankston v. Toyota Motor Corp. (8th Cir. 1989) 889 F.2d 172, 173.)Each signatory nation may ratify, or object to, each of the articles of the Treaty. (Treaty, art. 21.) The Treaty, an international treaty, controls the issue. (Dr. Ing H.C.F. Porsche A.G. v. Superior Court (1981) 123 Cal.App.3d 755, 760 [177

Cal.Rptr. 155]; United States v. Pink (1942) 315 U.S. 203, 230, 234 [86 L.Ed. 796, 817-818, 820, 62 S.Ct. 552].)

In addition to the specifically authorized modes of service, the Treaty also includes article 10, the crucial provision which we must interpret here. Article 10 provides in relevant part: "Provided the State of destination does not object, the present Convention shall not interfere with-[¶] (a) the freedom to send judicial documents, by postal channels, directly to persons abroad, [¶] (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State *1046 of destination. [¶] (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination." Japan has objected to subparagraphs (b) and (c), but not to (a). (1a) It is on subparagraph (a) that plaintiff relies as permitting a mail service on a Japanese corporation.

There are two published California appellate decisions in point, which conflict. The earlier decision, Shoei Kako Co. v. Superior Court (1973) 33 Cal.App.3d 808 [109 Cal.Rptr. 402], authorizes service of process by a private litigant on a Japanese corporation by registered mail, finding such a service consistent with the Hague Convention. A contrary result was reached in Suzuki Motor Co. v. Superior Court (1988) 200 Cal.App.3d 1476 [249 Cal.Rptr. 376].

The Federal decisions also reach conflicting results, and also differ as to who has the weight of authority. (Cf. Ackermann v. Levine (2d Cir. 1986) 788 F.2d 830, with Bankston v. Toyota Motor Corp., supra, 889 F.2d 172.)However, of the decisions since 1989 (after Suzuki, supra, was decided), a clear majority have agreed with Suzuki that the mail service on a Japanese corporation violates the Treaty. (See Bankston v. Toyota Motor Corp., supra;Gallagher v. Mazda Motor of America, Inc. (E.D.Pa. 1992) 781 F.Supp. 1079; Fleming v. Yamaha Corp. USA (W.D.Va. 1991) 774 F.Supp. 992; Wilson v. Honda Motor Co., Ltd. (E.D.Tenn. 1991) 776 F.Supp. 339; Soupart v. Houei Kogyo Co., Ltd. (W.D.Pa. 1991) 770 F.Supp. 282; Raffa v. Nissan Motor Co. Ltd.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

10 Cal.App.4th 1043                                                                                                                   Page 3
10 Cal.App.4th 1043, 12 Cal.Rptr.2d 861
**(Cite as: 10 Cal.App.4th 1043)**

(E.D.Pa. 1991) 141 F.R.D. 45; *Lyman Steel Corp. v. Ferrostaal Metals Corp.* (N.D.Ohio 1990) 747 F.Supp. 389; *Wasden v. Yamaha Motor Co., Ltd.* (M.D.Fla. 1990) 131 F.R.D. 206; and *McClenon v. Nissan Motor Corp. In U.S.A.* (N.D.Fla. 1989) 726 F.Supp. 822;*contra, Patty v. Toyota Motor Corp.* (N.D.Ga. 1991) 777 F.Supp. 956; *Meyers v. Asics Corp.* (C.D.Cal. 1989) 711 F.Supp. 1001.)

An important observation is that in article 10 of the Treaty, the two subparagraphs which Japan has objected to-subparagraphs (b) and (c)-both refer to "service" of judicial documents, but subparagraph (a), which Japan has accepted, refers to the freedom to "send" such documents. The cases which have invalidated a mail service on this distinction have relied heavily on this distinction. (E.g., *Suzuki, supra;Bankston, supra.*)They have observed that the difference in wording is significant, not only because of the time honored statutory rule of construction that use of particular language in one part of a statute but not in another is deemed to be purposeful and meaningful, but also because it is not plausible to assume that Japan would reject the relatively formal methods of service provided in **\*1047** subparagraphs (b) and (c), yet would accept the less regulated and more informal method of subparagraph (a), a mail service by a private individual with no official involvement. It is more plausible to assume that Japan did not regard subparagraph (a) as authorizing any service. Rather, it is most likely that the drafters of the convention intended, and that Japan understood them to intend, that subparagraph (a) merely authorized the mailing of judicial documents other than the summons, but that "service" required more rigorous control.

This interpretation is consistent with the fact that in Japan a private mail service is not authorized, and that service of process in that country cannot be effectuated by either attorneys or lay people, but only through the official action required by the court clerk and also by the mail carrier's implied-in-law acceptance of the role of a special officer of the court when he delivers the service which has been stamped by the clerk. (See *Suzuki, supra,* 200 Cal.App.3d at p. 1481; Fujita, *Service of American Process upon Japanese Nationals by Registered Airmail and Enforceability of Resulting American Judgments in Japan* (1979) 12 Law in Japan 69, 73.) It seems highly unlikely that Japan, which does not allow its own nationals to serve process by mail, would accept such a service by foreign nationals, and it is even more unlikely that Japan, having rejected mail service by its own nationals and also mail service under subparagraphs (b) and (c) of article 10 of the Treaty, would accept an informal mail service under subparagraph (a). Plainly, the meaning of the word "send" was taken by that state to be something other than "service." This reading of the Treaty also gives meaning to the linguistic distinction made by its drafters.

The authorities which have held otherwise have observed that interpreting article 10, subparagraph (a) of the Treaty as not applying to service renders it superfluous, in that all it then provides is a " 'freedom to send judicial documents' " which presumably has always existed, the mails being open to everyone. (See *Ackermann, supra,* 788 F.2d at p. 839; *Shoei Kako, supra,* 33 Cal.App.3d at p. 821; other decisions cited in*Bankston, supra,* 889 F.2d at p. 173.)This point has some validity, although subparagraph (a) is not entirely superfluous even if it does not authorize original service, since it presumably does permit mailing of judicial documents other than process directly to litigants, a procedure which may not otherwise be available in a foreign state. But the persuasive value of the "superfluity" argument pales beside the reasons to adopt a contrary position, not only supported by canons of statutory construction, but also avoiding a glaring inconsistency with the internal procedural law of Japan. As the *Suzuki* court found, and later decisions have agreed, given that service of process by registered mail is not allowed in Japan, it is "extremely unlikely that Japan's failure to object to **\*1048** article 10, subdivision (a) was intended to authorize the use of registered mail as an effective mode of service of process, particularly in light of the fact that Japan specifically objected to the much more formal modes of service by *Japanese officials* which were available in article 10, subdivisions (b) and (c)." (See *Suzuki, supra,* 200 Cal.App.3d at p. 1481;*Bankston, supra,* 889 F.2d at p. 174.)

Also of importance is that the opinion of the court in *Shoei Kako, supra,* is flawed by its misunderstanding of Japanese law. The decision noted that the record before the court did not demonstrate that service by mail with evidence of delivery was not a permissible method for service of documents in domestic

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

10 Cal.App.4th 1043
10 Cal.App.4th 1043, 12 Cal.Rptr.2d 861
**(Cite as: 10 Cal.App.4th 1043)**

Japanese actions. (*Shoei Kako, supra,* 33 Cal.App.3d at p. 822.) This mistake of Japanese law seriously undermines the persuasive value of *Shoei Kako.*

Plaintiff observes that a prominent California treatise on procedural law has stated that *Suzuki* is incorrect. (Weil & Brown, Cal. Procedure, § 4:147.1, Comment, pp. 4-31.) However, that treatise states as its reason for rejecting *Suzuki* that interpretation of the Hague Convention is a matter of federal law, and the federal courts generally uphold service by registered mail where there has been actual delivery. (*Ibid.*) For this proposition it cites *Ackermann, supra,* and *Meyers v. Asics Corp., supra,* admittedly cases which are contrary to *Suzuki.* However, as cited above, there are many recent Federal decisions which hold the opposite position. Accordingly the weight of precedent does not support the treatise's conclusion.

In citing cases which disagree with *Suzuki,* the treatise emphasizes that in those cases actual delivery was proved to have occurred. Plaintiff below also emphasized here that there was actual service, the documents were received, and there was also evidence that the papers were understood, even though not translated into Japanese, because the acknowledgment of receipt was in English and the documents were quickly delivered to Honda's American attorneys. However, these arguments share a common fallacy; they assume that in California, actual notice of the documents or receipt of them will cure a defective service. (2) That may be true in some jurisdictions, but California is a jurisdiction where the original service of process, which confers jurisdiction, must conform to statutory requirements or all that follows is void. (*People v. Greene* (1887) 74 Cal. 400, 405-406 [16 P. 197]; *Schering Corp. v. Superior Court* (1975) 52 Cal.App.3d 737, 741 [125 Cal.Rptr. 337]; *In re Abrams* (1980) 108 Cal.App.3d 685, 692-694 [166 Cal.Rptr. 749], and cases there cited; see Restatement of the Law, Judgments (1942) § 8, at p. 46 et seq.) Specifically plaintiffs must comply with statutes prescribing the method of service on foreign corporations. (*Federal Machine & Welder Co. v. Superior Court* (1968) 259 Cal.App.2d 927, 931 [66 Cal.Rptr. 841].)**\*1049**

(1b) Plaintiff argues that the Hague Convention is not controlling over California statutes which authorize service by mail. (Citing Code Civ. Proc., § 415.40.) However, this argument is entirely without support;

the preemptive effect of the Hague Convention as to service on foreign nationals is beyond dispute. (See *Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988) 486 U.S. 694, 699 [100 L.Ed.2d 722, 730-731, 108 S.Ct. 2104]; *Dr. Ing. H.C.F. Porsche AG v. Superior Court, supra,* 123 Cal.App.3d 755, 760.) Even the *Shoei Kako* case essentially concedes this point, by analyzing and construing the matter rather than simply considering the matter under California law.

Plaintiff argues that it is ridiculous, wasteful and time consuming to reverse the trial court just to force plaintiff to go through the motions of a service under the convention, when there is no question but that Honda has notice of the action, its attorneys stand ready to defend it, and no practical aim can be accomplished by quashing the service. However, plaintiff cites no authority permitting a California court to authorize an action to go forward upon an invalid service of process. The fact that the person served "got the word" is irrelevant. (See *In re Morelli* (1970) 11 Cal.App.3d 819, 837 [91 Cal.Rptr. 72]; *In re Abrams, supra,* 108 Cal.App.3d at pp. 693-694.) (3) "Mere knowledge of the action is not a substitute for service, nor does it raise any estoppel to contest the validity of service." (108 Cal.App.3d at p. 693, citations omitted.) "[O]ur adherence to the law is required if we are ever to instill respect for it." (*Id.* at p. 695.)The *Abrams* court felt it could not rewrite the work of the California Legislature; how much less are we able to rewrite a federal treaty.

(1c) Petitioner correctly points out that the service is also flawed by the omission of a Japanese translation. Plaintiff admits that the Central Authority for Japan requires that documents served under the convention be accompanied by a Japanese translation.

Plaintiff urges us to follow the *Shoei Kako* decision rather than *Suzuki* because the *Shoei Kako* case was decided by the First District Court of Appeal and originated in Santa Clara County, now a part of the jurisdictional territory of the Sixth District Court of Appeal. Yet even while making this argument plaintiff admits there is no authority for it and that *Shoei Kako* is not technically binding on this court under the principles of stare decisis. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; *McCallum v. McCallum* (1987) 190 Cal.App.3d 308, 315, fn. 4 [235 Cal.Rptr. 396].) Nor does the question of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

interpretation of a federal treaty depend on local considerations.

Since the attempted mail service on Honda was improper under the Hague Convention, the trial court should have granted the motion to quash service on defendant Honda. We will issue a writ of mandate directing this result **\*1050**

Real party in interest has been notified that a peremptory writ in the first instance could be issued here, and he has filed opposition. The peremptory writ of mandate will issue in the first instance. ( Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners. Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a writ of mandate issue as prayed, commanding respondent court to vacate its June 8, 1992, order denying Honda's motion to quash service of summons and complaint, and to issue an order granting that motion. Honda is the prevailing party in this matter and shall have costs.

Capaccioli, Acting, P. J., and Premo, J., concurred.
The petition of real party in interest for review by the Supreme Court was denied January 14, 1993. Panelli, J., and Kennard, J., were of the opinion that the petition should be granted. **\*1051**

Cal.App.6.Dist.
Honda Motor Co. v. Superior Court
10 Cal.App.4th 1043, 12 Cal.Rptr.2d 861

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT "C"**

**Stephen Faulk**

| | |
|---|---|
| **From:** | Brian Takahashi |
| **Sent:** | Friday, April 18, 2008 12:04 PM |
| **To:** | Martin W. Anderson; LKasparian@aol.com |
| **Cc:** | Stephen Faulk |
| **Subject:** | RE: Gray (bt/sf) - letter re improper service upon MC |

Martin

Your response is ambiguous.  As I interpret your email.

First, we agree you served the Summons and Complaint upon a Mazda Motor of America, Inc.
receptionist in Irvine.

Second, you did not serve Mazda Motor Corporation.

Thank you.

Brian Takahashi
Bowman and Brooke LLP
Direct dial: 310.380.6504
Cell: 310.418.1087
Email: Brian.Takahashi@bowmanandbrooke.com
To learn more about our firm, please visit our website at  http://www.bowman-brooke.com


-----Original Message-----
From: consumerlaw@gmail.com [mailto:consumerlaw@gmail.com] On Behalf Of Martin W. Anderson
Sent: Friday, April 18, 2008 12:01 PM
To: Brian Takahashi
Subject: Re: Gray (bt/sf) - letter re improper service upon MC

I already did.  Here it is again:

"We did not serve Mazda in Japan and thus the Hague Convention does
not apply. See Volkswagenwerk."


On Fri, Apr 18, 2008 at 11:59 AM, Brian Takahashi
<Brian.Takahashi@lax.bowmanandbrooke.com> wrote:
> Martin
>
> Please advise the basis for your contention that the Hague Convention does not apply and
the legal authority supporting your position.
>
> Brian Takahashi
> Bowman and Brooke LLP
> Direct dial: 310.380.6504
> Cell: 310.418.1087
> Email: Brian.Takahashi@bowmanandbrooke.com
> To learn more about our firm, please visit our website at  http://www.bowman-brooke.com
>
>
>
> -----Original Message-----
> From: consumerlaw@gmail.com [mailto:consumerlaw@gmail.com] On Behalf Of Martin W.
Anderson
> Sent: Friday, April 18, 2008 11:49 AM
> To: Brian Takahashi
> Subject: Re: Gray (bt/sf) - letter re improper service upon MC
>
>

1

```
> Brian,
>
> Thanks for your letter.  For the reasons that I already discussed when
> we spoke by telephone, you are mistaken in all respects.  We did not
> serve Mazda in Japan and thus the Hague Convention does not apply.
> See Volkswagenwerk.
>
> On Fri, Apr 18, 2008 at 11:30 AM, Brian Takahashi
> <Brian.Takahashi@lax.bowmanandbrooke.com> wrote:
> >
> > Martin and Lucy
> >
> > Attached above is our correspondence regarding the impropriety of the
> > alleged service upon Mazda Motor Corporation.  Please get back to us in
> > writing if you want to further discuss.
> >
> > Thank you.
> >
> >
> >
> > Brian Takahashi
> > Bowman and Brooke LLP
> > Direct dial: 310.380.6504
> > Cell: 310.418.1087
> > Email: Brian.Takahashi@bowmanandbrooke.com
> >
> > To learn more about our firm, please visit our website at
> > http://www.bowman-brooke.com
> >
> > _____
> > Note: This electronic mail is intended to be received and read only by
> > certain individuals. It may contain information that is attorney-client
> > privileged or protected from disclosure by law. If it has been misdirected,
> > or if you suspect you have received this in error, please notify me by
> > replying and then delete both the message and reply. Thank you.
> >
> > _____
> > This email has been scanned by the MessageLabs Email Security System.
> > For more information please visit http://www.messagelabs.com/email
> > _____
>
>
>
> --
> Martin W. Anderson | Attorney | The Anderson Law Firm
> Tel: (714) 516-2700 | Fax: (714) 532-4700
> 2070 N. Tustin Ave., Santa Ana, CA 92705
> martin@andersonlaw.net | www.andersonlaw.net
>
> _____
> This email has been scanned by the MessageLabs Email Security System.
> For more information please visit http://www.messagelabs.com/email
> _____
>
> _____
> Note:  This electronic mail is intended to be received and read only by
> certain individuals.  It may contain information that is attorney-client privileged or
protected from disclosure by law.  If it has been misdirected, or if you suspect you have
received this in error, please notify me by replying and then delete both the message and
reply.  Thank you.
>
>.
> This email has been scanned by the MessageLabs Email Security System.
> For more information please visit http://www.messagelabs.com/email
> _____
```

&gt;


--
Martin W. Anderson | Attorney | The Anderson Law Firm
Tel: (714) 516-2700 | Fax: (714) 532-4700
2070 N. Tustin Ave., Santa Ana, CA 92705
martin@andersonlaw.net | www.andersonlaw.net

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

**EXHIBIT "D"**

**Stephen Faulk**

| | |
|---|---|
| **From:** | Stephen Faulk |
| **Sent:** | Friday, April 18, 2008 8:07 PM |
| **To:** | 'martin@andersonlaw.net'; 'LKasparian@aol.com' |
| **Cc:** | Brian Takahashi |
| **Subject:** | Gray - Reply correspondence re improper service upon MC |
| **Attachments:** | LAX-#451213-v1-Gray_-_letter_to_Anderson_and_Kasparian_re_improper_service_upon_MC.DOC |

Mr. Anderson and Ms. Kasparian,

Attached above is our reply correspondence regarding the impropriety of the alleged service upon Mazda Motor Corporation.  We have faxed signed copies and we will send the original correspondence via mail to Mr. Anderson's office.  Please get back to us in writing if you want to further discuss.

Best,

Stephen

Stephen J. Faulk
Associate
Bowman and Brooke LLP
879 West 190th Street, Suite 700
Gardena, CA 90248
Direct: 310.380.6542
Fax: 310.719.1019
Email: stephen.faulk@lax.bowmanandbrooke.com
www.bowmanandbrooke.com

5/5/2008



**Bowman and Brooke** LLP

879 West 190th Street, Suite 700
Gardena, CA  90248
Phone: 310.768.3068
Fax: 310.719.1019
www.bowmanandbrooke.com

Brian Takahashi
Direct: 310.380.6504
Email: brian.takahashi@bowmanandbrooke.com

April 18, 2008                                          <u>VIA EMAIL, FAX AND US MAIL</u>

Martin Anderson, Esq.
2070 North Tustin Avenue
Santa Ana, California 92705

Lucy Kasparian, Esq.
136 N. Glendale Avenue
Glendale, California 91206

Re:    <u>Terry Gray v. Mazda Motor Corporation, Mazda North American Operations, Mazda</u>
       <u>Motor of America, Inc.</u>

Dear Mr. Anderson and Ms. Kasparian:

Following up on our telephone conversation today, you do not dispute that Mazda Motor Corporation ("MC"), is a Japanese Corporation.  Furthermore, you do not dispute that MC does not have an authorized agent for service of process in California.   Instead, you claim that service upon the receptionist at Mazda Motor of America, Inc. dba Mazda North American Operations ("MNAO") was proper because: (1)  the Hague Service Convention does not apply; (2) MNAO is the managing agent of MC; and (3) substitute service upon MNAO, a completely different corporation, of untranslated, English documents is valid service upon MC pursuant to <u>Volkswagenwerk Aktiengesellschaft v. Schlunk</u> (1988) 486 U.S. 694.  You directed us to the California Code of Civil Procedure sections on service to try convince us regarding your position.

Your contention is erroneous based on the statutes and <u>California</u> case law.  Our office has quashed similar attempts to serve Japanese entities through their California subsidiary and we will file a motion to quash if necessary.  We ask that you consider our authorities and that you grant an extension of time for MC to quash pending further discussion on this issue. By this letter, we write to distinguish the <u>Volkswagenwerk</u> case you rely upon and show you the fundamental mistake with your argument.

You claim that the Hague Service Convention does not apply to service of process upon MC, because service upon MC can be made through service upon a domestic subsidiary, MNAO.  You base your approach upon <u>Volkswagenwerk Aktiengesellschaft v. Schlunk</u> (1988) 486 U.S. 694.  You have no other authority for your position.  However, what you fail to

::ODMA\PCDOCS\LAX\451213\1

April 18, 2008
Page 2

recognize is that the U.S. Supreme Court in <u>Volkswagenwerk</u> based its holding on the fact that the all-encompassing <u>Illinois</u> long-arm statute authorized plaintiff to serve the foreign (German) corporation by substituted service on the domestic (U.S.) corporation, without sending documents to Germany.  <u>Volkswagenwerk</u>, 486 U.S. 694, 696-708.  Under <u>Illinois</u> law, the domestic subsidiary is recognized as the foreign corporation's involuntary agent for service of process.  <u>Id</u>.  Moreover, Illinois statutes are silent as to the application of the Hague Service Convention.

The law in California is opposite of Illinois.  California does not permit substitute service upon a foreign corporation through its domestic subsidiary.  In fact, the California Legislature has specifically denied such informal service of process upon a foreign person/corporation.  California Code of Civil Procedure, Section 413.10(c).

California's Long Arm Statute states that:

> A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.

California Code of Civil Procedure, Section 410.10.

The California Legislature has expressly dealt with service of process upon a foreign corporation as follows:

> Except as otherwise provided by statute, a summons shall be served on a person:  .  .  .
> (c)  Outside the United States, as provided in this chapter or as directed by the court in which the action is pending, or, if the court before or after service finds that the service is reasonably calculated to give actual notice, as prescribed by the law of the place where the person is served or as directed by the foreign authority in response to a letter rogatory.  <u>These rules are subject to the provisions of the Convention on the "Service Abroad of Judicial and Extrajudicial Documents" in Civil or Commercial Matters (Hague Service Convention)</u>.  [Emphasis added.]

California Code of Civil Procedure, Section 413.10(c).

As MC is a Japanese corporation, without an agent for service of process in the United States, and Japan is a signatory to the Hague Service Convention, plaintiff is required to follow the mandates of the Hague Service Convention in attempting to serve process of his summons and complaint upon MC in this California case.  <u>See</u>, <u>Honda Motor Co. v. Superior Court</u> (1992) 10 Cal.App.4th, 1043; and, <u>Suzuki Motor Co. v. Superior Court</u> (1988) 200 Cal.App.3d 1476.

"By virtue of the Supremacy Clause, U.S. Const., Art. VI, the [Hague Service] Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies."  <u>Kott v. Superior Court</u> (1996) 45 Cal.App.4th 1126, 1133, <u>citing</u>,

April 18, 2008
Page 3

Volkswagenwerk Aktiengesellschaft v. Schlunk (1988) 486 U.S. 694, 699; Honda Motor Co., Ltd. v. Superior Court (1993) 10 Cal.App. 1043, 1049; Dr. Ing. H.C.F. Porsche A.G. v. Superior Court (1981) 123 Cal.App.3d 755, 760.  "Failure to comply with the Hague Service Convention procedures voids the service even though it was made in compliance with California Law. [Citations omitted.]"  Kott v. Superior Court, 45 Cal.App.4th at 1136.

In sum, plaintiff's purported service upon MNAO of the Summons and Complaint cannot be deemed to be proper service upon MC, a Japanese corporation, under either the laws of California or the Hague Service Convention.  If you want to serve MC, you need to comply with the Hague Service Convention.  Thank you for your immediate attention to this matter.


Very truly yours,

BOWMAN AND BROOKE LLP



Brian Takahashi

**EXHIBIT "E"**


**Bowman and Brooke** LLP

879 West 190th Street, Suite 700
Gardena, CA  90248
Phone: 310.768.3068
Fax: 310.719.1019
www.bowmanandbrooke.com

Brian Takahashi
Direct: 310.380.6504
Email: brian.takahashi@bowmanandbrooke.com

April 21, 2008

<u>VIA EMAIL</u>

Martin Anderson, Esq.
2070 North Tustin Avenue
Santa Ana, California 92705

Lucy Kasparian, Esq.
136 N. Glendale Avenue
Glendale, California 91206

Re:   <u>Terry Gray v. Mazda Motor Corporation, Mazda North American Operations, Mazda
Motor of America, Inc.</u>

Dear Mr. Anderson and Ms. Kasparian:

So the record is clear, the issue of whether Mazda Motor Corporation ("MC") was ever served first came up last Thursday when I inquired whether plaintiff had served MC.  The only service we were aware of was your March 31, 2008 personal service of MNAO.  I represent MC in an unrelated products liability matter.  The purpose of my subsequent letters have been to clarify that your service was clearly improper and to give you direction how to use the Hague Service Convention to properly serve MC.

We have attempted to lay out all the reasons why the purported service on MC was improper.  We have asked repeatedly that one of you two fax us your formal proofs of service. You have refused.  We have also asked that you continue the time for MC to challenge your service until we see your proof of service.  You have refused.  Your position is that you wouldn't send us the proof of service until we formally confirmed our representation of MC in writing.

By this correspondence, we write to advise that MC has just formally retained us.  We will specially appear on its behalf to challenge service.   We ask you to reconsider your position in light of all the deficiencies we have pointed out to you.  We ask that you immediately fax over your Proof of Service.  We would like to see whom your process server allegedly served.

::ODMA\PCDOCS\LAX\451444\1

MINNEAPOLIS      PHOENIX      DETROIT      SAN JOSE      LOS ANGELES      RICHMOND

April 18, 2008
Page 2

Thank you for your immediate attention to this matter.

Very truly yours,

BOWMAN AND BROOKE LLP

Brian Takahashi

**EXHIBIT "F"**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY GRAY,<br><br>Plaintiff(s)<br><br>v.<br><br>MAZDA MOTOR OF AMERICA, INC. et al.<br><br>Defendant(s) | **CASE NUMBER:** SA CV 08-279 JVS (ANx)<br><br>**PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |

1. At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the *(specify documents)*:
   a. ☒ summons ☐ complaint ☐ alias summons ☒ first amended complaint
   ☐ second amended complaint
   ☐ third amended complaint

   ☐ other *(specify)*:

2. **Person served:**
   a. ☒ Defendant *(name)*: MAZDA MOTOR CORPORATION
   b. ☒ Other *(specify name and title or relationship to the party/business named)*:
   See Page 3, "Attachment to Proof of Service of Mazda Motor Corporation"
   c. ☒ Address where papers were served: 7755 Irvine Center Drive, Irvine, CA 92618

3. **Manner of Service** in compliance with *(the appropriate box must be checked)*:
   a. ☐ Federal Rules of Civil Procedure
   b. ☒ California Code of Civil Procedure

4. **I served** the person named in Item 2:
   a. ☐ By **Personal service.** By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

      1. ☐ Papers were served on *(date)*: _____ at *(time)*: _____

   b. ☒ By **Substituted service.** By leaving copies:
      1. ☐ **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.
      2. ☒ **(business)** or a person apparently in charge of the office of place of business, at least 18 years of age, who was informed of the general nature of the papers.
      3. ☒ Papers were served on *(date)*: March 31, 2008 at *(time)*: 10:17 a.m.
      4. ☐ **by mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c). See attached proof of service for mailing information
      5. ☐ **papers were mailed on** (date): April 4, 2008
      6. ☐ **due diligence.** I made at least three (3) attempts to personally serve the defendant.

---

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of Summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only)** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service).**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and Its Agencies, Corporations or Officers.**

   a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

   Name of person served:

   Title of person served:

   Date and time of service:   *(date):* _____ at *(time):* _____

   b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

   c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number):*

   Jim Murray
   301 Civic Center Dr. W
   Santa Ana, CA 92701
   (714) 541-110

   a. Fee for service: $ 48.50

   b. ☐  Not a registered California process server

   c. ☐  Exempt from registration under B&P 22350(b)

   d. ☒  Registered California process server

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: April 21, 2008

_____
*(Signature)*

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

<u>**Attachment to Proof of Service of Mazda Motor Corporation**</u>

2.  Person Served:  Barbara Tang, authorized agent for service of process of Mazda Motor of America, Inc., general manager of Mazda Motor Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| TERRY GRAY,<br><br>Plaintiff(s)<br><br>v.<br><br>MAZDA MOTOR OF AMERICA, INC. et al.<br><br>Defendant(s) | **CASE NUMBER:**<br>SA CV 08-279 JVS (ANx)<br><hr>**PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |
| --- | --- |

1. At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the *(specify documents)*:
   a. ☒ summons      ☐ complaint      ☐ alias summons      ☒ first amended complaint
                                                                              ☐ second amended complaint
                                                                              ☐ third amended complaint

          ☐ other *(specify)*:

2. **Person served:**
   a. ☒ Defendant *(name)*: MAZDA MOTOR CORPORATION
   b. ☒ Other *(specify name and title or relationship to the party/business named)*:
          See Page 6, "Attachment to Proof of Service of Mazda Motor Corporation"
   c. ☒ Address where papers were served: 7755 Irvine Center Drive, Irvine, CA 92618

3. **Manner of Service** in compliance with *(the appropriate box must be checked)*:
   a. ☐ Federal Rules of Civil Procedure
   b. ☒ California Code of Civil Procedure

4. **I served** the person named in Item 2:
   a. ☐ **By Personal service.** By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

          1. ☐ Papers were served on *(date)*: _____ at *(time)*: _____

   b. ☒ **By Substituted service.** By leaving copies:
          1. ☐ **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.
          2. ☐ **(business)** or a person apparently in charge of the office of place of business, at least 18 years of age, who was informed of the general nature of the papers.
          3. ☐ Papers were served on *(date)*: March 31, 2008 at *(time)*: 10:17 a.m.
          4. ☒ by mailing *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).
          5. ☒ papers were mailed on (date): April 4, 2008
          6. ☐ **due diligence.** I made at least three (3) attempts to personally serve the defendant.

---

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

CV-1 (04/01)

PAGE 1

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of Summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only)** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service).**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and Its Agencies, Corporations or Officers.**

   a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

   Name of person served:

   Title of person served:

   Date and time of service: *(date):* _____ at *(time):* _____

   b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

   c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number)*:

   Angela Murch
   301 Civic Center Dr. W
   Santa Ana, CA 92701
   (714) 541-110

   a. Fee for service: $ 48.50

   b. ☐ Not a registered California process server

   c. ☐ Exempt from registration under B&P 22350(b)

   d. ☒ Registered California process server

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: April 21, 2008

_____
*(Signature)*

---

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

CV-1 (04/01)                                                                                     PAGE 2

Page  6

**Attachment to Proof of Service of Mazda Motor Corporation**

2.  Person Served:

Barbara Tang, authorized agent for service of process of Mazda Motor of America, Inc.,
which is a general manager of Mazda Motor Corporation

**EXHIBIT "G"**



**Bowman and Brooke** LLP

879 West 190th Street, Suite 700
Gardena, CA  90248
Phone: 310.768.3068
Fax: 310.719.1019
www.bowmanandbrooke.com

Brian Takahashi
Direct: 310.380.6504
Email: brian.takahashi@bowmanandbrooke.com

April 29, 2008                                                                    ***VIA FACSIMILE***

Martin W. Anderson, Esq.                          Lucy Kasparian, Esq.
ANDERSON LAW FIRM                             CALIFORNIA LEMON LAW CENTER
2070 North Tustin Avenue                        136 North Glendale Avenue
Santa Ana, California 92705                      Glendale, California 91206

Re:  <u>Terry Gray v. Mazda Motor Corporation, Mazda North American Operations, Mazda Motor of</u>
     <u>America, Inc.</u>
     USDC – Central District California – Southern Division Case No: SACV08-00279 JVS (ANx)

Dear Mr. Anderson and Ms. Kasparian:

     We are in receipt of the proofs of service which were filed on April 21, 2008 purportedly showing
service upon Mazda Motor Corporation.  The process server, Jim Murray, alleges that he substitute
served both the Complaint and First Amended Complaint upon Mazda Motor Corporation at 7755 Irvine
Center Drive, Irvine, California 92618.

     We note that these proofs of service are suspicious for several reasons.

     First, it does not make sense that your process server Jim Murray would serve both the
Complaint and First Amended Complaint.  The fact that Mr. Murray claims that he served both
documents makes no sense at all.  Can you explain why he would be serving both the Complaint and
First Amended Complaint?

     Second, you did not file any proof of service for Mazda Motor of America, Inc., yet that is where
your process server Jim Murray allegedly delivered the Complaint and First Amended Complaint.  Why
is there not a proof of service for Mazda Motor of America, Inc.?

     Third, your process servers did not fill out their declarations until April 21, 2008.  This was after
Martin Anderson created controversy on April 17, 2008 when he told me of his claim that Mazda Motor
Corporation was served by substitute service when the First Amended Complaint was delivered to
Mazda Motor of America, Inc. on March 31, 2008.  Why did they not sign the proof of service earlier?

     Fourth, Barbara Tang has no record of receiving any Complaint or First Amended Complaint in
the U.S. Mail.  Yet your process server claims she sent her both documents.

MINNEAPOLIS        PHOENIX        DETROIT        SAN JOSE        **LOS ANGELES**        RICHMOND

Martin Anderson, Esq.
Lucy Kasparian, Esq.
Re:   <u>Terry Gray v. Mazda Motor Corporation, Mazda North American Operations, Mazda Motor of America, Inc.</u>
May 5, 2008
Page 2

Finally, we provided you a declaration of Rebecca Brown that only one Summons and First Amended Complaint was served.  Your process server apparently did not ask for her name.  He also never stated that he was serving Mazda Motor Corporation by delivering the Summons and First Amended Complaint to Mazda Motor of America, Inc's receptionist area in Irvine, California.

For all of the above procedural deficiencies as well as the reasons stated in our prior letters and emails, we write on behalf of Mazda Motor Corporation to advise that you have not properly served it. Combined with our prior correspondence, please consider this as our Local Rule 7-3 "meet and confer" correspondence.   We request your response to our inquiries above.   We also request your acknowledgment that your purported substitute service upon Mazda Motor Corporation was invalid.  If you do not acknowledge that your purported service upon Mazda Motor Corporation was invalid, Mazda Motor Corporation will specially appear and move to dismiss.

Thank you.

Very truly yours,

BOWMAN AND BROOKE LLP

Brian Takahashi

BT/snt

# PROOF OF SERVICE

## *CCP 1013A(3)*

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 879 West 190th Street, Suite 700, Gardena, California 90248-7468.

On May 5, 2008, I served the foregoing document described as ***NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS (FRCP 12(b)(5))*** on all interested parties in this action by placing (**X**) the original (**X**) true copy(ies) thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

(**X**)   **BY MAIL (CCP §1013(a) and §2015.5):** As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Gardena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit

( )   **BY OVERNIGHT DELIVERY/NEXT DAY DELIVERY (CCP §1013(a) and §2015.5):** I sealed such document(s) in separate envelopes for each addressee and deposited each for collection and mailing via overnight mail/next day delivery in a box or other facility regularly maintained by the U.S. Postal Service or an express service carrier, or delivered to an authorized courier or driver authorized by the U.S. Postal Service or an express service carrier to receive documents, with delivery fees paid or provided for.

( )   **BY FACSIMILE (CRC 2.306 and §2015.5):** The document(s) were transmitted by facsimile transmission to each of the parties at the facsimile number(s) listed on the attached service/mailing list and the transmission(s) reported as complete and without error.  The facsimile machine I used complied with the California Rules of Court, Rule 2.306(g), and no error was reported by the machine.  Pursuant to CRC, Rule 2.306(g), I caused the facsimile machine to print a transmission(s) record, a true and correct copy of which is attached hereto.

Executed on May 5, 2008, at Gardena, California.

(**X**) (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____

Brian Takahashi

::ODMA\PCDOCS\LAX\453332\1

13

NOTICE OF MOTION AND MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS (FRCP 12(b)(5))