ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
E-mail: martin@andersonlaw.net

CALIFORNIA LEMON LAW CENTER, INC.
LUCY KASPARIAN, State Bar No. 228932
136 N. Glendale Ave.
Glendale, California 91206
Tel: (818) 547-5777 ▪ Fax: (818) 547-9777
E-mail: lucy@cllclaw.com

Attorneys for Plaintiff Terry Gray

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

TERRY GRAY,

Plaintiff,

v.

MAZDA MOTOR CORPORATION; MAZDA NORTH AMERICAN OPERATIONS; MAZDA MOTOR OF AMERICA, INC.,

Defendants.

Case No. SA CV 08-00279 JVS (ANx)

**NOTICE OF MOTION AND MOTION *IN LIMINE* RE: AVAILABILITY OF ATTORNEY FEES [MIL No. 5]**

Complaint Filed: March 12, 2008
Trial Date: February 17, 2009

Hearing Date: February 2, 2009
Hearing Time: 11:00 a.m.
Before Hon. James V. Selna
Courtroom 10C

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 2, 2009, at 11:00 a.m., in courtroom 10C of the above-entitled Court, located at 411 W. Fourth Street, Santa Ana, CA, before Hon. James V. Selna, Plaintiff Terry Gray will and hereby does move this Court for an order *in limine* preventing Defendants or their counsel from

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

making any mention of the availability of attorney fees to the prevailing Plaintiff in this action.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 19, 2008.

This motion will be made pursuant to the Court's inherent power to issue *in limine* orders. This motion will be made because Plaintiff's ability to recover attorney fees in the action is irrelevant to the elements necessary to establish liability in the action and because informing the jury that Plaintiff will recover his attorney fees is not necessarily accurate and could mislead the jury.

This motion will be based upon this notice of motion, the attached memorandum of points and authorities, supporting declarations, and exhibits, upon the pleadings and papers on file in this action, and upon any additional evidence that the Court may permit.

///

///

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**TABLE OF CONTENTS**

INTRODUCTION ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. THE COURT SHOULD EXCLUDE ANY REFERENCE TO PLAINTIFF'S RIGHT TO RECOVER ATTORNEY FEES BECAUSE IT IS IRRELEVANT ........ 1

II. THE COURT SHOULD PRECLUDE DEFENDANTS FROM ADVISING THE JURY THAT THE PLAINTIFF WILL RECOVER HIS ATTORNEY FEES IF HE WINS BECAUSE SUCH A REPRESENTATION IS NOT NECESSARILY TRUE ........ 2

CONCLUSION ........ 2

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

## INTRODUCTION

Plaintiff brings this action in order to recover damages sustained as a result of Defendants' violation of various provisions of the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") and Defendants' violation of the Magnuson-Moss Warranty Act (the "Magnuson-Moss Act").

It is customary for the defense in cases like this to inform the jury that if Plaintiff prevails, Plaintiff will recover the attorney fees incurred in connection with the action. This information is wholly irrelevant and is mentioned by defense counsel, usually in closing argument, for the sole purpose of prejudicing the jury against Plaintiff. Accordingly, the Court should grant this motion and exclude any reference to the availability of attorney fees in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### THE COURT SHOULD EXCLUDE ANY REFERENCE TO PLAINTIFF'S RIGHT TO RECOVER ATTORNEY FEES BECAUSE IT IS IRRELEVANT

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "'Relevant evidence' is 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Fed. R. Evid. 401.

This is a lemon-law action alleging various violations of the Song-Beverly Act (including subdivisions (b) and (d) of California Civil Code section 1793.2) and violation of the Magnuson-Moss Act. Cal. Civ. Code §§ 1794(a), 1793.2; 15 U.S.C. § 2310(d).

While it is true that both the Song-Beverly Act and the Magnuson-Moss Act authorize the recovery of attorney fees and court costs to plaintiff if he prevails in such actions, none of the claims require proof of attorney fees or the right to recover them in order to prevail. Put simply, Plaintiff's right to recover attorney fees is irrelevant until after Plaintiff prevails on the merits. *See* Cal. Civ. Code §

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1794(d) (Fees recoverable only "[i]f the buyer prevails in an action under this section"); 15 U.S.C. 2310(d)(2) ("If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed" to recover attorney fees.).

Plaintiff's right to recover attorney fees is simply irrelevant to liability in the action, and the Court should preclude Defendant or its counsel from making any reference to the right to recover those fees.

## II.

## THE COURT SHOULD PRECLUDE DEFENDANTS FROM ADVISING THE JURY THAT THE PLAINTIFF WILL RECOVER HIS ATTORNEY FEES IF HE WINS BECAUSE SUCH A REPRESENTATION IS NOT NECESSARILY TRUE

A party can be denied fees for a myriad of reasons, including by failing to beat a Rule 68 Offer or because the Court feels that the fees claimed were not reasonably incurred. Defendants should not be allowed to mislead the jury by stating that Plaintiff will be entitled to recover attorney fees. For that reason, the motion *in limine* should be granted.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion *in limine* should be granted.

DATED: January 12, 2009

ANDERSON LAW FIRM
MARTIN W. ANDERSON
LUCY KASPARIAN

By:____________________
MARTIN W. ANDERSON
Attorneys for Plaintiff Terry Gray