ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel:  (714) 516-2700 ▪ Fax:  (714) 532-4700
E-mail:  martin@andersonlaw.net

CALIFORNIA LEMON LAW CENTER, INC.
LUCY KASPARIAN, State Bar No. 228932
136 N. Glendale Ave.
Glendale, California 91206
Tel:  (818) 547-5777 ▪ Fax:  (818) 547-9777
E-mail:  lucy@cllclaw.com

Attorneys for Plaintiff Terry Gray

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| TERRY GRAY,<br><br>                          Plaintiff,<br><br>v.<br><br>MAZDA MOTOR CORPORATION;<br>MAZDA NORTH AMERICAN<br>OPERATIONS; MAZDA MOTOR OF<br>AMERICA, INC.,<br><br>                          Defendants. | Case No. SA CV 08-00279 JVS (ANx)<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* TO DETERMINE THAT STATEMENTS MADE BY DEFENDANT'S DEALERSHIP PERSONNEL ARE ADMISSIBLE [MIL No. 6]**<br><br>Complaint Filed:  March 12, 2008<br>Trial Date:  February 17, 2009<br><br>Hearing Date:  February 2, 2009<br>Hearing Time:  11:00 a.m.<br>Before Hon. James V. Selna<br>Courtroom 10C |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 2, 2009, at 11:00 a.m., in courtroom 10C of the above-entitled Court, located at 411 W. Fourth Street, Santa Ana, CA, before Hon. James V. Selna, Plaintiff Terry Gray will and hereby does

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE:  (714) 516-2700

1  move this Court for an order *in limine* determining that oral statements made by

2  Defendants' dealership personnel are admissible over a hearsay objection.

3       This motion is made following the conference of counsel pursuant to L.R. 7-

4  3 which took place on December 19, 2008.

5       This motion will be made pursuant to the Court's inherent power to issue *in*

6  *limine* orders.  This motion will be made because statements made by Defendants'

7  dealerships are admissible under the party admission exception to the hearsay rule

8  and because such statements are relevant for non-hearsay purposes such as

9  Plaintiff's state of mind.

10       This motion will be based upon this notice of motion, the attached

11  memorandum of points and authorities, supporting declarations, and exhibits, upon

12  the pleadings and papers on file in this action, and upon any additional evidence

13  that the Court may permit.

14  ///

15  ///

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

MOTION *IN LIMINE* TO DETERMINE THAT STATEMENTS MADE BY DEFENDANTS' DEALERSHIP PERSONNEL ARE
ADMISSIBLE [MIL No. 6]

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 1

I.   STATEMENTS MADE BY DEALERSHIP PERSONNEL CONCERNING WARRANTY COVERAGE AND WARRANTY REPAIRS ARE ADMISSIBLE AS PARTY ADMISSIONS ....................... 1

    A.   Statements made by dealership personnel regarding Plaintiff's Vehicle, warranty coverage, and warranty repairs are admissible over a hearsay objection because Defendants authorized their dealers to speak on those subjects ............................ 2

    B.   Statements made by dealership personnel are admissible because the dealership personnel were acting as agents for Defendants and because the statements concerned the diagnosis and performance of warranty repairs by dealership personnel ............ 3

        1.   Defendants' dealers are their agents ........................................ 3

            a.   Defendants' dealers are their apparent agents ................. 4

            b.   Defendants' dealers are also their actual agents ............. 5

            c.   Defendants' dealers are their agents as a matter of law ...................................................................................... 5

        2.   The statements were made during the course of the agency relationship ................................................................ 6

        3.   The statements concerned a matter within the scope of the agency relationship ........................................................ 6

II.   STATEMENTS MADE BY DEALERSHIP PERSONNEL ARE RELEVANT TO SHOW THAT THE VALUE OF THE VEHICLE TO THE PLAINTIFF IS SUBSTANTIALLY IMPAIRED ....................... 7

CONCLUSION ............................................................................................... 8

DECLARATION OF TERRY GRAY ........................................................ 9

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

MOTION *IN LIMINE* TO DETERMINE THAT STATEMENTS MADE BY DEFENDANTS' DEALERSHIP PERSONNEL ARE ADMISSIBLE [MIL No. 6]

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**INTRODUCTION**

Plaintiff brings this action in order to recover damages sustained as a result of Defendants' violation of various provisions of the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") and Defendants' violation of the Magnuson-Moss Warranty Act (the "Magnuson-Moss Act").

It is customary for Defendants to object on hearsay grounds to any statements made by personnel at their dealerships, even though their dealers are their agents for the purpose of performing warranty repairs and are authorized to speak on Defendants' behalf.  Similarly, this evidence is admissible to prove Plaintiff's state of mind.

In lieu of undertaking the time-consuming task of briefing this issue during trial, Plaintiff moves *in limine* for an order determining that such evidence is admissible as a party admission for the truth of the matter asserted and to show Plaintiff's relevant state of mind in the action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENTS MADE BY DEALERSHIP PERSONNEL CONCERNING WARRANTY COVERAGE AND WARRANTY REPAIRS ARE ADMISSIBLE AS PARTY ADMISSIONS**

A statement is not hearsay if the statement is offered against a party and is either "a statement by a person authorized by the party to make a statement concerning the subject" or "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ."  Fed. R. Evid. 801(d)(2)(C) and (D).  As we will demonstrate, statements made by Defendants' authorized dealerships are admissible under both exceptions.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

A.   <u>Statements made by dealership personnel regarding Plaintiff's Vehicle, warranty coverage, and warranty repairs are admissible over a hearsay objection because Defendants authorized their dealers to speak on those subjects</u>

"A statement is not hearsay if -- … **(2) Admission by party opponent**.  The statement is offered against a party and is … (C) a statement by a person authorized by the party to make a statement concerning the subject …"  Fed. R. Evid. 801(d)(2)(C).  "[A]uthority in the context of 801(d)(2)(C) means 'authority to speak' on a particular subject on behalf of someone else."  *Precision Piping & Instruments, Inc. v. E.I. du Pont de Nemours & Co.*, 951 F.2d 613, 619 (4th Cir. 1991).

Here, the evidence will demonstrate that Defendants expressly authorized their dealers to make statements to Plaintiff concerning his 2007 Mazda 3 ("Vehicle") and the repairs performed under Defendants' warranty.  When Plaintiff purchased the Vehicle, he received a 2007 Warranty Information booklet ("Warranty") prepared by Defendants.  Declaration of Terry Gray ("Gray Decl."), ¶ 3, Ex. 1.  Among other things, the Warranty states that to receive warranty service, "You must take your Mazda Vehicle, along with this booklet, to a Mazda Dealer in the United States . . . during its normal service hours."  *Id.*, Ex. 1 at p. 13. The Mazda Warranty leaves it to the authorized dealers to determine whether or not a defect is covered by the Warranty:  "A Mazda Dealer will make necessary repairs, using new or remanufactured parts, to correct any problem covered by this warranty without charge to you."  *Id.*, Ex. 1 at p. 9.  "[Y]our authorized Mazda Dealer will take care of all your service needs using Genuine Mazda Parts.  They'll do all they can to ensure that your car or truck continues to exceed all your expectations."  *Id.*, Ex. 1 at p. 1.

The Warranty further advises that if an owner has questions concerning "the service of your Mazda Vehicle or servicing by Mazda Dealer personnel, we

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  recommend that you take the following steps: [¶] . . . [d]iscuss the matter with an
2  Authorized Mazda Dealer.  This is the quickest and best way to address the issue.
3  If your concern has not been resolved by the CUSTOMER RELATIONS, SALES,
4  SERVICE or PARTS MANAGER, then please contact the GENERAL
5  MANAGER or the OWNER of the dealership." *Id.*, Ex. 1 at p. 7.  "If for any
6  reason you feel the need for further assistance after contacting your dealership
7  management, you can reach Mazda North American Operations [a number of
8  ways] . . . ." *Id.*, Ex. 1 at p. 8.

9       In addition, Plaintiff telephoned the Customer Assistance center of
10 Defendant Mazda Motor of America, Inc. at 800-222-5500.  Plaintiff was told that
11 if he had questions regarding warranty coverage or warranty repairs, he could
12 direct those questions to any authorized dealer, including Browning Mazda and
13 Mazda of Orange.  Gray Decl., ¶ 5.

14      Because the Defendants expressly authorized their dealers to speak with
15 Plaintiff on the subject of his Vehicle, warranty coverage, and warranty repairs,
16 dealer statements on those subjects are admissible over a hearsay objection.

17      B.  <u>Statements made by dealership personnel are admissible because the</u>
18          <u>dealership personnel were acting as agents for Defendants and</u>
19          <u>because the statements concerned the diagnosis and performance of</u>
20          <u>warranty repairs by dealership personnel</u>

21      "A statement is not hearsay if -- … **(2) Admission by party opponent**.  The
22 statement is offered against a party and is . . . (D) a statement by the party's agent
23 or servant concerning a matter within the scope of the agency or employment,
24 made during the existence of the relationship …" Fed. R. Evid. 801(d)(2)(D).

25      1.  <u>Defendants' dealers are their agents</u>

26      "The existence of an agency relationship is a question for the judge under
27 Rule 104(a) and must be proved by substantial evidence but not by a

28

---

- 3 -

1   preponderance of the evidence." *Hilao v. Estate of Marcos*, 103 F.3d 767, 775 (9th
2   Cir. 1996) (military personnel found to be agents of foreign dictator).

3        "Agency is the fiduciary relation which results from the joint manifestation
4   of consent by one person that another shall act on his behalf and subject to his
5   control, and of consent by that other so to act." *Nelson v. Serwold*, 687 F.2d 278,
6   282 (9th Cir. 1982) (quoting Restatement (Second) of Agency § 1 (1958)).  "The
7   agent acts for or on behalf of the principal and subject to his control, and his acts
8   are those of the principal." *Id.* (citation omitted).

9                    a.    Defendants' dealers are their apparent agents

10       "An agent's authority may be actual or apparent . . . .  [A]pparent authority
11  to do an act is created as to a third person by written or spoken words or any other
12  conduct of the principal which, reasonably interpreted, causes the third person to
13  believe that the principal consents to have the act done on his behalf by the person
14  purporting to act for him." *Moriarty v. Glueckert Funeral Home, Ltd.*, 155 F.3d
15  859, 865-66 (7th Cir. 1998) (internal citations and quotations omitted).  "The
16  principal's manifestations giving rise to apparent authority may consist of direct
17  statements to the third person . . . ." *N.L.R.B. v. Donkins Inn, Inc.*, 532 F.2d 138,
18  141 (9th Cir. 1976).

19       At trial, Plaintiff will introduce Defendants' Warranty booklet, which shows
20  that Defendants represented to Plaintiff that he could seek warranty service from
21  Defendants' authorized dealers.  Gray Decl., ¶ 3, pp. 1, 7, 9, 13.  The Warranty
22  booklet explains that if warranty service is required, Plaintiff should take his
23  Vehicle to one of Defendants' dealers in order to obtain warranty service.  *Id.*  The
24  booklet explains that Plaintiff should explain whatever problems he is having to
25  dealer personnel and that the dealer would perform whatever warranty service was
26  required.  *Id.*  In a separate section of the booklet, Defendants advised Plaintiff that
27  any questions or concerns about warranty work should first be directed to the
28  personnel at the dealers.  *Id*, Ex. 1, pp. 7-8.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 4 -

1  Defendants' conduct reasonably caused Plaintiff to believe that Defendants

2  had consented to have warranty repairs performed by their dealers.  Gray Decl., ¶

3  4.  Accordingly, Defendants' dealers are their apparent agents for the purpose of

4  Rule 801.  *Pappas v. Middle Earth Condominium Ass'n*, 963 F.2d 534, 538 (2d.

5  Cir. 1992) (Agency established by evidence showing that agent had "the authority

6  to take action about which the statements relate.").

　　　　　　　　　　b.　　Defendants' dealers are also their actual agents

8  "An agent's authority may be actual or apparent; if it is actual, it may be

9  express or implied.  Implied authority is that authority which is inherent in an

10  agent's position and is, simply, actual authority proved through circumstantial

11  evidence.  Actual authority to do an act can be created by written or spoken words

12  or other conduct of the principal which, reasonably interpreted, causes the agent to

13  believe that the principal desires him so to act on the principal's account."

14  *Moriarty v. Glueckert Funeral Home, Ltd.*, 155 F.3d 859, 865-66 (7th Cir. 1998)

15  (internal citations and quotations omitted).

16  Here there is ample circumstantial evidence that Defendants' dealers were

17  Defendants' actual agents.  As noted above, Defendants expressly represented to

18  Plaintiff that if he needed warranty repairs, he could seek them from Defendants'

19  "Authorized Mazda Dealer[s]."  Gray Decl., ¶¶ 3, Ex. 1 at pp. 1, 7, 9, 13.  And

20  when Plaintiff sought repairs from those "Authorized Mazda Dealer[s]," the

21  dealers accepted the Vehicle and agreed to perform repairs under Defendants'

22  Warranty.  Gray Decl., ¶ 6.  Accordingly, Defendants' authorized dealers were

23  their actual agents for the purpose of performing warranty repairs.

　　　　　　　　　　c.　　Defendants' dealers are their agents as a matter of law

25  The provisions of the Song-Beverly Consumer Warranty Act "treat the

26  manufacturer and its 'representative[s] in this state' (the term used in subdivision

27  (d)) or 'agents' (the term used in subdivision (e)) as a single entity . . . ."  *Ibrahim*

28  *v. Ford Motor Co.*, 214 Cal.App.3d 878, 889 (1989).  Since the applicable law

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 5 -

treats Defendants' and their dealers as a single entity, the Court should treat Defendants' dealers as their agents for the purpose of determining that oral statements made by personnel at Defendants' dealers are admissible over a hearsay objection.

### 2. The statements were made during the course of the agency relationship

All of the statements to be presented at trial in this case were made while or immediately after Defendants' dealers performed warranty repairs. Thus, the statements were made during the existence of the agency relationship. Gray Decl., ¶ 2.

### 3. The statements concerned a matter within the scope of the agency relationship

"[Rule 801(d)(2)(D)] does not require a showing that the statement is within the scope of the declarant's agency. Rather, it need only be shown that the statement be related to a matter within the scope of the agency." *Hoptowit v. Ray*, 682 F.2d 1237, 1262 (9th Cir. 1982).

Finally, all of the statements concerned the Vehicle or warranty repairs made to the Vehicle, and thus, the statements concerned a matter within the scope of the agency. Gray Decl., ¶ 2.

Accordingly, statements made by dealership personnel are admissible under the exception contained in Rule 801(d)(2)(D) because they were made by Defendants' agents and concerned a matter within the scope of the agency during its existence.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

## II.

## STATEMENTS MADE BY DEALERSHIP PERSONNEL ARE RELEVANT TO SHOW THAT THE VALUE OF THE VEHICLE TO THE PLAINTIFF IS SUBSTANTIALLY IMPAIRED

An out-of-court statement is hearsay only if offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Thus, an out-of-court statement is not hearsay if offered for the purpose of showing the effect that the statement had on the person hearing it. *U.S. v. Brown*, 562 F.2d 1144, 1148 (9th Cir.1977); *Orsini v. O/S SEABROOKE O.N.*, 247 F.3d 953, 960 n. 4 (9th Cir. 2001); *Atlantic-Pacific Const. Co. v. N.L.R.B.*, 52 F.3d 260, 263 (9th Cir. 1995).

At trial, Defendants will claim that Plaintiff cannot prevail under the Song-Beverly Act unless he proves that the Vehicle suffers from a "nonconformity" as that term is defined in California Civil Code section 1793.22, subdivision (e)(1). Evidence of the statements made by dealership personnel is relevant to show the impact the dealers' statements had on Plaintiff.

As section 1793.22(e)(1) makes clear, the standard is a subjective standard: Under the presumption, "nonconformity" means a "nonconformity which substantially impairs the use, value, or safety of the new motor vehicle <u>to the buyer or lessee</u>." Cal. Civ. Code § 1793.22(e)(1) (emphasis added). This standard is undeniably a subjective standard, looking to the needs and circumstances of the individual buyer, not the opinions of an automobile manufacturer.

In *Schreidel*, the California Court of Appeal explained the type and quantum of proof required to show the existence of a nonconformity under the Song-Beverly Act:

> Due to the intermittent problems, [Plaintiff] avoided using her car for long trips, thereby reducing its usefulness and value to her ... [Plaintiff] experienced panic when she could not shift into first gear. She felt as though she never had a new car. The problems were becoming worse as the car aged. [Plaintiff] had lost confidence in the car and attempted to replace it. The jury could determine that the value of the goods *to this particular buyer* was substantially impaired.

*Schreidel v. American Honda Motor Co.*, 34 Cal.App.4th 1242, 1250 (1995) (italics added).

The court in *Schreidel* then held that there was substantial evidence supporting the jury's finding that the nonconformities resulted in substantial impairment of the use, value, and safety of plaintiff's vehicle, notwithstanding defendant's claim that "[t]here was *no objective evidence* presented by plaintiff to support the jury's verdict." *Id*. at 1248, 1251 (italics added).

The statements made by Defendants' dealers about the Vehicle have impacted Plaintiff's beliefs concerning the use, value, or safety of the Vehicle to him. Accordingly, statements made by the dealers about the Vehicle are clearly relevant to show that the use and value of the Vehicle was impaired to Plaintiff.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion *in limine* should be granted.

DATED:  January 12, 2009

ANDERSON LAW FIRM
MARTIN W. ANDERSON
LUCY KASPARIAN


By:_____
    MARTIN W. ANDERSON
    Attorneys for Plaintiff Terry Gray

MOTION *IN LIMINE* TO DETERMINE THAT STATEMENTS MADE BY DEFENDANTS' DEALERSHIP PERSONNEL ARE ADMISSIBLE [MIL No. 6]

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**<u>DECLARATION OF TERRY GRAY</u>**

I, Terry Gray, hereby declare as follows:

1.      I am the Plaintiff in this action.  I make this Declaration in support of my motion *in limine* to determine that I may testify to statements made by Defendants' authorized dealers.

2.      During the trial, I intend to testify to numerous statements that were made to me by service advisors, service managers, and other personnel employed by Browning Mazda and Mazda of Orange, dealers authorized by Defendants to perform warranty repairs.  These statements were made each time that I delivered my 2007 Mazda 3 ("Vehicle") to an authorized dealer for service and these statements concerned the scope of Defendants' warranty and the repairs attempted by the dealers.

3.      When I purchased the Vehicle, I received a 2007 Warranty Information booklet ("Warranty").  A true copy of the relevant portions of this Warranty is attached hereto and marked as Exhibit 1.  I am informed that my attorney has drawn lines around certain portions of Exhibit 1 in order to make it easier for the Court to locate certain items of text.  Those markings do not appear in the original.

4.      After reading the Warranty, it was my understanding that if I had any questions concerning my Vehicle, or if my Vehicle needed warranty service, I could direct my questions and my requests for service to one of Defendants' authorized dealers.

5.      On January 9, 2009, I telephoned Defendants' Customer Assistance line at the telephone number listed on the Warranty, page 8, and spoke to "Steve." When I spoke to Steve, he told me that if I have questions about warranty coverage or warranty repairs, I could direct those questions to any authorized dealer, including Browning Mazda and Mazda of Orange.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 9 -

1    6.    Each time that I sought repairs at an authorized Mazda dealer, the

2    dealer accepted the Vehicle and agreed to perform repairs under the written

3    Warranty.

4         I declare under penalty of perjury that the foregoing is true and correct.

5    DATED:  January 10, 2009

6

7                                                    _____

8                                                    TERRY GRAY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

MOTION *IN LIMINE* TO DETERMINE THAT STATEMENTS MADE BY DEFENDANTS' DEALERSHIP PERSONNEL ARE
ADMISSIBLE [MIL No. 6]

6.    Each time that I sought repairs at an authorized Mazda dealer, the dealer accepted the Vehicle and agreed to perform repairs under the written Warranty.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: January 10, 2009



TERRY GRAY

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700



# 2007
# WARRANTY INFORMATION

(For Mazda CX-7, Mazda3, Mazdaspeed3, Mazda MX-5,
Mazda5, Mazdaspeed6 and Mazda RX-8)

*Terry Gray*

Exhibit 1

# AN IMPORTANT MESSAGE FROM MAZDA

1

We thank you very much for choosing Mazda. We at Mazda design and build vehicles with complete customer satisfaction in mind. From the moment you get behind the wheel of your new Mazda, you'll notice how good it feels. A feeling you'll appreciate for as long as you own your Mazda.

You'll also be pleased to know how strongly we stand behind every Mazda car and truck. The New Vehicle 36-month/36,000 Mile Limited Basic Warranty and the Powertrain 60-month/60,000 Mile Limited Warranty described in this booklet is one of the finest available.

Together with your Owner's Manual, this warranty booklet details the operating procedures and intervals between maintenance that we recommend you follow to maximize the performance of your Mazda.

In addition, your authorized Mazda Dealer will take care of all your service needs using Genuine Mazda Parts. They'll do all they can to ensure that your car or truck continues to exceed all your expectations.

At Mazda, it's not enough to sell cars and trucks that look impressive in the showroom. We're committed to making sure you enjoy your Mazda for years to come.

**Mazda Motor Corporation**
**and**
**Mazda North American Operations**

Exhibit 1

# CONTENTS

3

Page

Warranty Coverage at a Glance                                           4

Important                                                              5

Vehicle and Owner Identification                                       6

When You Need to Talk to Mazda                                         7

New Vehicle Limited Warranty

- What Is Covered                                                      9

- What Is Not Covered                                                  11

- Your Responsibilities                                               13

- Other Terms                                                         14

Powertrain Limited Warranty                                           15

Safety Restraint System Limited Warranty                              17

Anti-Perforation Limited Warranty                                     19

Federal Emission Control Warranty                                     21

California Emission Control Warranty                                   27

Tire Limited Warranty                                                 35

Replacement Parts and Accessories Limited Warranty                    36

Mazda Importer/Distributors                                           38

Scheduled Maintenance Record                                          39

Dealer Certification                                                  43

Change of Address or Subsequent Ownership Notification                44

**Note:**
All information is based on the latest data available at the time of publication and, with the exception of the emissions warranty, is subject to change without notice.

Exhibit 1

## WARRANTY COVERAGE AT A GLANCE

4

| | | | Warranty Term (Whichever comes first) | |
|---|---|---|---|---|
| | | Months in Service | Miles in Service | |
| **LIMITED WARRANTY** | Service Adjustment | 12 | 12,000 | |
| | Basic | 36 | 36,000 | |
| | Original Equipment Battery | 36 | 100% for 12 months — (Unlimited Miles) | |
| | Powertrain | 60 | 60,000 | |
| | Safety Restraint | 60 | 60,000 | |
| | Perforation | 60 | (Unlimited Miles) | |
| **EMISSION WARRANTY** Federal | Emission Defects • Any Related Parts | 36 | 36,000 | |
| | • Specific Parts | 96 | 80,000 | |
| | Emission Performance • Any Related Parts** | 24 | 24,000 | |
| | • Specific Parts | 96 | 80,000 | |
| California | Emission Defects • Any Related Parts | 36 | 50,000 | |
| | • Specific Parts*** | 84 | 70,000 | |
| | Emission Performance | 36 | 50,000 | |
| | Partial-Credit Zero Emission Vehicle (PZEV) • All Emission Related Parts | 180 | 150,000 | |
| Replacement Parts & Accessories | | 12 | 12,000 | |
| | | | From Installation Date or Purchase Date | |

This chart illustrates warranty coverage by months and miles.
Please read the applicable pages for detailed information on what is covered and what is
not covered under each of these warranties.

Note: Tires are warranted by the Tire Manufacturers.

* : Prorate through 36th month
** : Mazda will provide coverage under the terms of the New Vehicle Warranty.
*** : Except those specified parts covered by the Federal Emission Warranty.

---

**Please keep this booklet with your Mazda Vehicle.**
**This booklet should be presented to a Mazda Dealer if warranty service is needed.**
**This booklet should remain with your Mazda Vehicle, so if you sell it future owners will
have this information.**

### DEFINITIONS
As used in this booklet (unless otherwise specifically stated),

"Mazda" means Mazda Motor Corporation, 3-1 Shinchi, Fuchu-cho, Aki-gun, Hiroshima,
Japan 7308670, and Mazda North American Operations 7755 Irvine Center Drive,
Irvine, CA 92618-2922, U.S.A.

"Mazda Vehicle" means a 2007 model year Mazda motor vehicle manufactured by or for
Mazda.

"Mazda Importer/Distributor" means any of the companies identified as a Mazda Im-
porter/Distributor on page 38 of this booklet.

"Mazda Dealer" means a person authorized by a Mazda Importer/Distributor to service
Mazda Vehicles or perform repairs under the warranties in this booklet.

"Mazda Accessory" means a Mazda genuine accessory or Mazda genuine optional equip-
ment supplied by a Mazda Importer/Distributor.

Exhibit 1

## VEHICLE AND OWNER IDENTIFICATION

**6**

| Owner's Name | | Date of Retail Delivery or First Use | | |
|---|---|---|---|---|
| Address | | Month | Day | Year |
| | | Mileage at Delivery | | |
| City | State | Zip Code | | Miles |

Vehicle Identification Number

Name of Selling Dealership

TEL  (    )    -    Dealer Code

### SPEEDOMETER REPLACEMENT RECORD

Speedometer replaced on_____ with _____ Miles
Dealer Name    date

Dealer Signature

After the speedometer is replaced, total mileage should be determined by adding the
mileage listed here to the current mileage shown on the speedometer installed.

## WHEN YOU NEED TO TALK TO MAZDA

**7**

### To Our Customer

Your complete and permanent satisfaction is our business. We are here to serve you. All
Authorized Mazda Dealers have the knowledge and the tools to keep your Mazda Vehicle
in top condition.

If you have any questions or recommendations for improvement regarding the service of
your Mazda Vehicle or servicing by Mazda Dealer personnel, we recommend that you
take the following steps:

### Step 1:  Contact Your Mazda Dealer

Discuss the matter with an Authorized Mazda Dealer. This is the quickest and best
way to address the issue.

If your concern has not been resolved by the CUSTOMER RELATIONS, SALES,
SERVICE or PARTS MANAGER, then please contact the GENERAL MANAG-
ER or the OWNER of the dealership.



Exhibit 1

Case 8:08-cv-00279-JVS-AN   Document 52-6   Filed 01/12/09   Page 20 of 23   Page ID #:792

## Step 2: Contact Mazda North American Operations

If for any reason you feel the need for further assistance after contacting your dealership management, you can reach Mazda North American Operations by one of the following ways:

Log on at: **www.mazdausa.com**

Answers to many questions, including how to locate or contact a local Mazda Dealership in the U.S., can be found here.

You can also contact Mazda:

By e-mail: **Customer Assistance@Mazdausa.com**

By Phone at: **(800) 222-5500**

By letter at: **Attn: Customer Assistance**
**Mazda North American Operations**
**7755 Irvine Center Drive**
**Irvine, CA  92618-2922**
**P.O. Box 19734**
**Irvine, CA  92623-9734**

Whatever way you contact us, please help us to serve you more efficiently and effectively by providing the following information:

1. Your name, address, and telephone number
2. Year and model of vehicle
3. Vehicle Identification Number (17 digits, noted on your registration or title or located on the upper driver's side corner of the dash)
4. Purchase date and current mileage
5. Your dealer's name and city location
6. Your question(s)

If you live outside the U.S.A., please contact your nearest Mazda Distributor (Please see page 38.)

## What Is Covered

Mazda warrants that your new Mazda Vehicle is free from defects in material or workmanship, subject to the following terms and conditions.

A Mazda Dealer will make necessary repairs, using new or remanufactured parts, to correct any problem covered by this warranty without charge to you.

### Basic Coverage Period

Any component of your new Mazda Vehicle is covered for **36 months** or **36,000 miles**, whichever comes first, from the earlier date of either retail delivery or first use of the Mazda Vehicle.

### Exceptions

The items specified below are covered for specific periods which are different from the basic coverage.



■ **Adjustments**

Service adjustment is covered for the first **12 months** or **12,000 miles**, whichever comes first.

Service adjustment means minor repairs not usually associated with the replacement of parts, such as wheel balance and alignment, tension adjustment of automatic transmission throttle cable and V-belt, fitting of engine hood, trunk lid, or rear hatch, etc.

**Note:**

Adjustments required to conform to an EPA approved emission short test, are subject to the applicable emission warranty coverage.



■ **Air Conditioner Refrigerant Charge**

Air conditioner refrigerant charge is covered for the first 12 months of the warranty period regardless of mileage. Over the balance of the warranty period, refrigerant charge is covered only when replenished as part of a warranty repair.

Exhibit 1




### ■ Original Equipment Battery

The originally equipped battery is fully covered for the first **12 months** of the warranty period regardless of mileage. After **12 months** but within **24 months**, 50% of the replacement battery's suggested retail price will be your responsibility. After **24 months** but within **36 months**, 75% of the replacement battery's suggested retail price will be your responsibility. The rest, including labor charge, is covered by Mazda.

| Months in Use | Parts Customer pays | Parts Mazda Pays | Labor Customer Pays | Labor Mazda Pays |
|---|---|---|---|---|
| 0–12 | 0% | 100% | 0% | 100% |
| 13–24 | 50 | 50 | 0 | 100 |
| 25–36 | 75 | 25 | 0 | 100 |



### Towing

If Mazda vehicle is not driveable due to a warranted part failure during the coverage period of the New Vehicle Limited Warranty (36 months/36,000 miles), towing service will be covered to the nearest Mazda dealer. In addition, if a Mazda vehicle is not driveable due to the failure of a warranted powertrain component, then towing service will be covered during the coverage period of the Powertrain Limited Warranty (60 months/60,000 miles).



### Warranty Application

This warranty is applicable to Mazda Vehicles registered and normally operated in the country(ies) or U.S. territories for which they were produced e.g. United States, Puerto Rico, U.S. Virgin Islands, Guam, Saipan or American Samoa.

During the warranty period, this warranty is transferable to subsequent owners. Mail the "Subsequent Ownership Notification" attached to the end of the booklet to your Mazda Importer/Distributor.

## What Is Not Covered



### Factors Beyond the Manufacturer's Control

■ Misuse of the Mazda Vehicle such as driving over curbs, overloading, racing, snowplowing, etc. (Proper usage is described in your Owner's Manual.)

■ Accidents such as collision, fire, flood, theft, riot etc.

■ Alteration, modification, tampering etc.

■ If the vehicle has been classified a total loss and/or sold for salvage purposes or branded for any other reasons.



■ Damage or surface corrosion from the environment such as:
Acid rain, airborne fallout (chemicals, tree sap, etc), salt, road hazards, hail, wind storm, lightning, floods and other natural disasters.

■ Cosmetic conditions or surface corrosion from stone chips or scratches in the paint.

■ Removal of the vehicle from the warranty applicable market for which it was produced.



### Damage due to Lack of Maintenance or the Use of Wrong Fuel, Oil or Lubricants

■ Lack of proper maintenance as described in your Owner's Manual.
(Failure to properly maintain your vehicle can result in your warranty being voided either in whole or in part.)

■ Improper maintenance, the use of other than specified fuel, oil or lubricants recommended in your Owner's Manual.



### Normal Deterioration

■ Normal wear, tear or deterioration such as discoloration, fading, deformation, blur etc.

■ Surface corrosion on any part other than the body sheet metal panels forming the exterior appearance of a Mazda Vehicle.

Exhibit 1

**NEW VEHICLE LIMITED WARRANTY**

## What Is Not Covered (Cont'd)



### Maintenance is at Owner's Expense

■ Normal maintenance services such as cleaning and polishing, lubrication. and replenishment or replacement of oil, fluid, coolant, worn wiper blades, filters. worn brake and clutch linings, spark plugs, fuses, keyless transmitter batteries etc.

■ Maintenance services described as "Scheduled Maintenance Services", "Owner Maintenance Services" or "Appearance Care" in your Owner's Manual.



### Altered Mileage

■ Any repair of a Mazda Vehicle on which the odometer has been altered or on which the actual mileage cannot be readily determined.

(When replacing the speedometer, the "Speedometer Replacement Record" on page 6 must be filled in by a Mazda Dealer.)



### Extra Expenses and Damages

■ Any financial loss, for example: due to loss of use of the Mazda Vehicle, lodging, transportation, travel costs, loss of pay and any other expenses or damages.



### Tires

■ Tires are warranted by the tire manufacturers. Refer to the "Tire Limited Warranty" on page 35 for a brief explanation or the tire warranty pamphlets provided with your Mazda Vehicle for details.

---

**NEW VEHICLE LIMITED WARRANTY**

## Your Responsibilities

### Maintenance

You are responsible for properly operating and maintaining your Mazda Vehicle in accordance with the instructions described in your Owner's Manual. If your vehicle is used under severe driving conditions, you should follow Schedule 2 of the maintenance requirements described in your Owner's Manual.

### Maintenance Records

You should retain maintenance records since it may be necessary in some instances for you to show that the required maintenance has been performed.

The "Scheduled Maintenance Record" on page 39 should be filled in when scheduled maintenance is performed. Keep all receipts and make them available in case questions about maintenance arise.

### To Get Warranty Service

You must take your Mazda Vehicle, along with this booklet, to a Mazda Dealer in the United States, Puerto Rico, U.S. Virgin Islands, Guam, Saipan or American Samoa during its normal service hours. While any Mazda Dealer will perform warranty service, Mazda recommends that you return to the dealership where you purchased your Mazda Vehicle because you have already established a relationship with them.

If you have any question or need assistance regarding this warranty, refer to "When You Need to Talk to Mazda" on page 7.

### Limited Liability

The liability of Mazda under this warranty is limited solely to the repair or replacement of parts defective in Mazda-supplied material, or workmanship by a Mazda Dealer at its place of business. Specifically, it does not include any expense of, or payment for loss of use of the Mazda Vehicle during warranty repairs.

Exhibit 1

## Other Terms

This warranty gives you specific legal rights, and you may also have other rights which vary from state to state.

**All Implied Warranties, including but not limited to any regarding marketability or fitness for a particular purpose, are limited respectively to the duration of this warranty.**

**This warranty is given in lieu of all other Express Warranties (except those set forth separately in this booklet)** on the part of Mazda, Mazda Importer/Distributor, or the Mazda Dealer selling the Mazda Vehicle. No dealer, or any agent or employee thereof, is authorized to extend or expand this warranty. **Mazda or a Mazda Importer/Distributor shall not be liable for any incidental, special, consequential, or exemplary damages, or any service not expressly provided for herein.**

Some states do not allow limitations on how long an implied warranty lasts or the exclusion or limitation of incidental or consequential damages, so the above limitations or exclusions may not apply to you.

Mazda warrants that the Powertrain Components of your new Mazda Vehicle is free from defects in Mazda-supplied material or workmanship which result in improper function, subject to the following terms and conditions.

A Mazda Dealer will make necessary repairs, using new or remanufactured genuine Mazda parts, to correct any problem covered by this warranty without charge to you.

### 1. Warranty Period

The warranty period is for the first **60 months** or **60,000 miles**, whichever comes first, from the earlier date of either retail delivery or first use of the Mazda Vehicle.

During the warranty period, this warranty is transferable to subsequent owners.

Mail the "Subsequent Ownership Notification" attached to the end of the booklet to your Mazda Importer/Distributor.

### 2. What Is Covered

The following is a general list of components covered by this warranty.
(See page 16 for specific components covered.)

- Engine
- Transmission and Transaxle
- Front /Rear Drive System

### Towing

If your Mazda is not driveable due to the failure of a warranted powertrain component, then towing service will be covered to the nearest Mazda dealer during the coverage period of the Powertrain Limited Warranty (60 months/60,000 miles).

### 3. What Is Not Covered

The "What is Not Coverd" is the same as stated for New Vehicle Limited Warranty section of this booklet.

### 4. To Get Warranty Service

You must take your Mazda Vehicle, along with this booklet, to any Mazda Dealer in the United States, Puerto Rico, U.S. Virgin Islands, Guam, Saipan or American Samoa during their normal service hours.

If you have any questions or need assistance regarding this warranty, refer to the "When You Need to Talk to Mazda" on Page 7.

### 5. Limited Liability

The liability of Mazda under this warranty is limited solely to the repair or replacement of parts defective in Mazda-supplied material, or workmanship by a Mazda Dealer at its place of business. Specifically, it does not include any expense of, or related to, transportation to such a dealer or payment for loss of use of the Mazda Vehicle during warranty repairs.

### 6. Other Terms

The "Other Terms" stated on page 14 in the New Vehicle Limited Warranty also apply to this warranty.

**Exhibit 1**