ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
E-mail: martin@andersonlaw.net

CALIFORNIA LEMON LAW CENTER, INC.
LUCY KASPARIAN, State Bar No. 228932
136 N. Glendale Ave.
Glendale, California 91206
Tel: (818) 547-5777 ▪ Fax: (818) 547-9777
E-mail: LKasparian@aol.com

Attorneys for Plaintiff Terry Gray

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| TERRY GRAY,<br><br>                     Plaintiff,<br><br>v.<br><br>MAZDA MOTOR OF AMERICA, INC. et al.<br><br>                     Defendants. | Case No. SA CV 08-279 JVS (ANx)<br><br>HON. JAMES V. SELNA<br>Courtroom 10C<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Complaint Filed: March 12, 2008<br>Trial Date: February 17, 2009<br><br>PTC Date: February 6, 2009<br>PTC Time: 11:00 a.m. |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Pursuant to Local Rule 16-4, Plaintiff Terry Gray submits the attached memorandum of contentions of fact and law.

///

///

# <u>TABLE OF CONTENTS</u>

FACTUAL CONTENTIONS.............................................................................1

LEGAL BRIEF .............................................................................................9

I.    THE CLAIMS THAT PLAINTIFF PLANS TO PURSUE, THE ELEMENTS OF EACH CLAIM, AND THE KEY EVIDENCE SUPPORTING EACH CLAIM ....................................................................9

    A.    Claim 1 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation breached the implied warranty of merchantability ..................................................................10

        1.    Song-Beverly Consumer Warranty Act .........................10

            a.    The Elements .............................................10

            b.    Supporting Authority...................................10

            c.    Key Evidence .............................................13

        2.    Magnuson-Moss Warranty Act ......................................14

            a.    The Elements .............................................14

            b.    Supporting Authority...................................14

                (1)    Informal Dispute Resolution........................15

                (2)    Reasonable Opportunity to Cure ................15

                (3)    Ordinary Use Instead of Actual Use.............17

            c.    Key Evidence .............................................17

    B.    Claim 2 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation breached the implied warranty of fitness ..........................................................................17

        1.    Song-Beverly Consumer Warranty Act .........................17

            a.    The Elements .............................................17

            b.    Supporting Authority...................................18

            c.    Key Evidence .............................................19

         2.    Magnuson-Moss Warranty Act ......................................19

            a.    The Elements .............................................19

            b.    Supporting Authority...................................20

            c.    Key Evidence .............................................20

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

C.   Claim 3 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation breached an express warranty ......20

   1.   Song-Beverly Consumer Warranty Act ..........................20

      a.   The Elements ...........................................................20

      b.   Supporting Authority...............................................21

      c.   Key Evidence ..........................................................22

   2.   Magnuson-Moss Warranty Act .......................................22

      a.   The Elements ...........................................................22

      b.   Supporting Authority...............................................23

      c.   Key Evidence ..........................................................23

D.   Claim 4 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation failed to promptly repurchase Plaintiff's Vehicle .......................................................................23

      a.   The Elements ...........................................................23

      b.   Supporting Authority...............................................24

         (1)   Plaintiff was not required to demand restitution ...............................................24

         (2)   Each visit to a dealer counts as a "repair attempt," even if the dealer does not attempt a repair ..........................................25

         (3)   Plaintiff must make a reasonable number of attempts to repair the entire Vehicle, but not to repair each individual defect ...................................................26

         (4)   One repair attempt can constitute a reasonable number of repair attempts .........27

      c.   Key Evidence ..........................................................29

E.   Claim 5 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation failed to commence repairs within a reasonable time and to complete them within 30 days....................................................................................29

   1.   Song-Beverly Consumer Warranty Act ..........................29

      a.   The Elements ...........................................................29

      b.   Supporting Authority...............................................30

      c.   Key Evidence ..........................................................31

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

2. Magnuson-Moss Warranty Act ........................................ 31

    a. Elements .......................................................... 31

    b. Supporting Authority.......................................... 31

    c. Key Evidence .................................................... 32

F. Claim 6 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation are subject to civil penalties pursuant to subdivision (c) of section 1794 ............................ 32

    1. The Elements ................................................... 32

    2. Supporting Authority.......................................... 32

    3. Key Evidence ................................................... 35

G. Claim 7 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation are subject to civil penalties pursuant to subdivision (e) of section 1794 ............................ 35

    1. The Elements ................................................... 36

    2. Supporting Authority.......................................... 36

    3. Key Evidence ................................................... 37

H. Claim 8 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation converted Plaintiff's property.......... 37

    1. The Elements ................................................... 37

    2. Supporting Authority.......................................... 37

    3. Key Evidence ................................................... 38

I. Claim 9: Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation are subject to punitive damages.................................................................... 38

    1. The Elements ................................................... 38

    2. Supporting Authority.......................................... 38

    3. Key Evidence ................................................... 38

II. ISSUES OF LAW WHICH ARE GERMANE TO THE CASE ........... 39

III. EVIDENTIARY PROBLEMS ............................................... 39

IV. BIFURCATION OF ISSUES ............................................... 40

V. JURY TRIAL ................................................................. 40

VI. ATTORNEY FEES .......................................................... 40

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

VII.   ABANDONED ISSUES ........................................................................41

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

## **FACTUAL CONTENTIONS**

### The Purchase

On August 17, 2007, Plaintiff Terry Gray ("Gray") leased a Mazda3 ("Vehicle") from Browning Mazda.  Gray purchased the vehicle for his teenage son, James.  James selected the Mazda3 because it is marketed as a sporty car.  Before Gray and his son saw the car, the dealership had upgraded it by installing a "MazdaSpeed" sway bar, which purportedly improves the vehicle's handling and ability to corner.

### The Warranty

As part of the sale, Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation ("Mazda") gave Gray its assurance that if any covered defect developed within 3-years or 36,000 miles of the purchase, Gray could bring the Vehicle to any Mazda dealer and Mazda would repair it.

In addition, by operation of law, Mazda impliedly warranted that the entire vehicle, including any parts installed or supplied by others, was fit for the ordinary purposes for which such goods are used.

### The Defects

Shortly after purchasing the Vehicle, Gray's son noticed that the vehicle would make an unusual clunking noise from the rear end ("sway bar problem") during normal driving.  In addition, Gray's son also began experiencing problems where the vehicle would stall and the check engine light would come on  ("electrical problem").  The Vehicle also experienced other problems.  In total, Gray made ten repair attempts for nine problems. The Vehicle has been in the shop for at least 22 days.

### Sway Bar Problem

In an attempt to repair the sway bar problem, Gray made five repair attempts.  At 299 miles, Gray took the car to Browning Mazda complaining

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

about an unusual noise when going over speed bumps.  Browning Mazda admitted that there was a defect causing a noise and that the Mazda sway bar had a design defect which caused a poor fit.  Instead of doing anything that would actually repair the problem, Browning Mazda simply applied some grease to quiet the noise.

Predictably, by 603 miles, the grease had worn off and the noise returned.  Gray returned the car to Browning Mazda, where its personnel again admitted that the noise existed and was caused by a poor fit between the sway bar and the vehicle.  Again, they did nothing to actually repair the problem, and instead applied grease to quiet the noise.

The second repair was no more effective than the first, and at 1,136 miles, Gray returned the car to Browning Mazda again for repairs.  Again, Browning Mazda admitted that the defect existed and was caused by a poor fit between the sway bar and the vehicle.  Browning Mazda replaced a bracket that held the sway bar onto the vehicle, but since the problem is with the design of the part, this repair did nothing to actually cure the problem.

At 1,600 miles, Gray again returned the car to Browning Mazda requesting that it repair the defect which was causing the noise.  This time, Browning Mazda found that the links on the stabilizer bar were loose and needed to be tightened.  Browning Mazda offered no explanation as to how the links became loose or what could be done to prevent that problem from recurring.  Browning Mazda also gave no explanation as to how the poor fit that they had diagnosed could be repaired.  Like all the others, this repair was also unsuccessful.

At 2,768 miles, Gray again returned to Browning Mazda asking that it repair the defects causing the noise.  This time, the dealership refused to repair the vehicle, claiming that it could not hear any problems.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    At 3,591 miles, Gray again returned to Browning Mazda.

2  Inexplicably, Browning Mazda again found that the sway bar (which it found

3  to be working just fine at 2,768 miles) had an improper fit, as it had found

4  several times before.  Browning Mazda replaced the defectively designed

5  sway bar with another sway bar that was defectively designed.  As

6  expected, this did nothing to cure the problem.

7    At 4,795 miles, Gray had had enough.  He took the car to Browning

8  Mazda and asked it to remove the sway bar.  The dealer refused, and

9  instead claimed that it had adjusted the bushings on the sway bar.  In fact,

10  after consulting with Mazda, the dealership applied what appears to be

11  electrical *tape* to the sway bar to quiet the noise.  Again, this did nothing to

12  repair the problem, which is caused by a defective design that causes the

13  sway bar not to fit against the body of the vehicle property.

14    Unfortunately, the defect, an improper fit between the sway bar and

15  the vehicle body, was never repaired and remains today.

16                          Electrical Problem

17    In an attempt to repair the electrical problem, Gray has made two

18  repair attempts.  Unfortunately, this problem was never repaired and

19  remains today.

20    At 5,598 miles, Gray delivered the car to Mazda of Orange because

21  the car was stalling and would not start at times.  Despite Gray's

22  uncontradicted statement that the car was stalling, Mazda of Orange made

23  virtually no effort to diagnose the problem.  Instead, it claimed that nothing

24  was wrong, and did nothing to repair the problem.

25    At 8,448 miles, Gray took the car back to Mazda of Orange because

26  the check engine light was on the vehicle was still stalling.  Mazda of

27  Orange found a defective part and claimed to have repaired it.  In the

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1   process of performing this repair, Mazda of Orange severely damaged one

2   of the car's wiring looms, causing additional electrical problems.

3                                   Lost Confidence

4        Because of these problems and Mazda's inability to repair them

5   despite a reasonable number of attempts, Gray has lost confidence in the

6   reliability of the Vehicle.  Gray no longer feels that the Vehicle is safe and

7   questions its long term reliability.  The use, value, and safety of the Vehicle

8   have been substantially impaired.

9                             Informal Dispute Resolution

10       Before filing this action, Gray retained attorney Lucy Kasparian in

11  order to write a demand letter asking Mazda to repurchase the vehicle.

12  Despite the involvement of Mazda's legal department, Mazda refused to

13  repurchase the vehicle.  After Plaintiff filed the action, Mazda sent several

14  offers purporting to "repurchase" the vehicle, but each offered less than

15  Gray was entitled to receive under California's lemon law.  Although Mazda

16  continues to claim that these offers were sufficient, it has also moved to

17  exclude them from evidence at trial, claiming that are irrelevant.  Because

18  settlement offers made after litigation is commenced are inadmissible,

19  Plaintiff has not opposed Mazda's motion.  Thus, the jury will presumably

20  never be asked to determine whether Mazda's offers complied with the

21  lemon law.

22                                   The Lawsuit

23       On March 12, 2008, Gray filed this action seeking restitution and

24  damages.  Gray's complaint makes six claims.

25       First, Gray claims that Mazda breached the implied warranty of

26  merchantability because during the warranty period, the Vehicle was unfit

27  for its ordinary purpose.

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 4 -

1    Second, Gray claims that Mazda breached the implied warranty of
2    fitness because during the warranty period, the Vehicle was not fit for the
3    purpose for which Gray intended to use it.

4    Third, Gray claims that each time Mazda failed to repair his Vehicle,
5    Mazda breached its obligation to repair under the express warranty.

6    Fourth, Gray claims that Mazda failed to promptly offer to repurchase
7    or replace the Vehicle after it failed to repair his Vehicle within a reasonable
8    number of attempts.  Under Civil Code section 1793.2(d), Mazda had an
9    obligation to monitor its repair facilities and to voluntarily offer to
10   repurchase or replace the Vehicle once repair efforts failed.  Although
11   Mazda has been sued hundreds of times for violating the law and was thus
12   aware of its obligations, Mazda made no effort to comply with its obligations
13   at any time.

14   Fifth, Gray claims that Mazda failed to commence repairs within a
15   reasonable time and failed to complete the repairs within 30 days.

16   Sixth, Gray claims that under Civil Code section 1793.2(d), Mazda
17   was obligated to refund Plaintiff's money, and that Defendant instead
18   converted Plaintiff's money to its own uses.

19   Gray seeks damages and restitution, as well as a civil penalty of two
20   times Gray's actual damages under Civil Code section 1794, subdivision
21   (c) and (e).  On Gray's conversion claim,  Gray also seeks emotional
22   distress damages and punitive damages.

23                              Discovery

24   As soon as discovery was permitted, Gray sent written discovery in
25   order to determine Mazda's position in this lawsuit.

26   Mazda admitted that it distributed the vehicle and warranted it.
27   However, it claimed that all of the problems that Plaintiff experienced had
28   actually been repaired.  It admitted that it had never offered to replace

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  Plaintiff's vehicle and that it initially declined Plaintiff's request to

2  repurchase the vehicle, but claimed that it later offered to repurchase the

3  car.

4  With respect to the specific problems that Gray experienced, Mazda

5  claimed that it did not know what the word "problem" means.  It claimed

6  that the only information that it had regarding whether a particular problem

7  was repaired or not was in the documents generated by Browning Mazda

8  and Mazda of Orange.  It was unable to identify a single defect that had

9  actually been repaired, to explain the repair that succeeded in curing any

10  problem, or to explain the cause of any of the problems.  Mazda was also

11  unable to identify any problems that were not covered by its warranty, to

12  explain why those problems were not covered, or to explain the cause of

13  the problems.

14  Mazda also was unable to give any reason why its failure to repair the

15  vehicle within 30 days as required by Civil Code section 1793.2(b) was

16  beyond its control.  It claimed that its failure to repurchase was not willful

17  because its personnel determined that all of Plaintiff's problems had

18  actually been repaired.  It apparently made this determination solely by

19  reviewing the repair orders supplied by Browning Mazda, and by assuming

20  that Gray's statements to the contrary were lies.

21  Gray's discovery also revealed that Defendant's failure to repurchase

22  the vehicle was willful, and thus, the jury may award civil penalties against

23  Mazda as well.  Mazda is no stranger to California's lemon law.  It has been

24  sued hundreds of times in California for failing to comply with the law, and

25  thus is very familiar with the obligations imposed upon it by California law.

26  Mazda's conduct in this and other cases demonstrates that Mazda's

27  practice when responding to lemon law claims is to ignore the customer's

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  complaints and to simply assume that everything the customer says is

2  inaccurate.

3      Despite years of litigation, Mazda still has not developed any written

4  policies or procedures to ensure its compliance with California's lemon law.

5  Despite knowing that it is obligated to monitor vehicle repair histories and to

6  voluntarily offer to repurchase or replace vehicles, Mazda does not do so,

7  and did not do so in this case, either.

8      Based upon a review of Mazda's exhibit list, witness list, and expert

9  disclosures, it appears that Mazda will attempt to introduce a substantial

10  amount of additional evidence at trial that was not disclosed in discovery.

11  Gray has filed several motions *in limine* to exclude such evidence.

12                 Defendant's Expert Inspection

13      During the lawsuit, Mazda conducted a vehicle inspection with two

14  Mazda employees, Jonathan Butts and Roger Tarver.

15      One of Mazda's "experts," Jonathan Butts, admits that the Mazda

16  sway bar is not actually a Mazda part.  Rather, it was really designed and

17  manufactured by a third party.  Butts apparently was involved in the

18  process of approving Mazda's decision to do so.  Not surprisingly, he

19  disagrees with the Mazda dealerships who repeatedly found that the sway

20  bar design was defective, and instead believes that the sway bar is working

21  just fine.  Roger Tarver, another Mazda employee, also concluded that the

22  car is working perfectly.

23      Tarver and Butts reached their conclusions after driving the car for a

24  mere nine miles, and without making any effort to speak with the Plaintiff or

25  the technicians who performed the repairs.

26      Importantly, both of Mazda's experts were apparently provided with

27  access to Mazda's design documents, testing results, and warranty claims

28  data, even though those documents were not disclosed to Plaintiff under

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    Rule 26 or in discovery.  Instead, Mazda waited until after fact discovery
2    was over to produce those documents to Plaintiff, making it impossible for
3    Plaintiff to validate their authenticity.

4         Shortly before the vehicle inspection, Gray noticed that the tires were
5    worn out and he replaced them.  At the inspection, Mazda's experts noticed
6    that the tires had been replaced and immediately claimed that Gray had
7    committed spoliation of evidence by replacing those tires.  They both claim
8    that that the replacement of the tires has impacted their ability to determine
9    the cause of the problems.

10        As noted above, neither Mazda nor any of its dealerships had ever
11   given Plaintiff notice that that the tires were important.  In fact, at the
12   hearing on Mazda's summary judgment motion, Mazda's lawyers admitted
13   that even Mazda had no idea the tires were important until it conducted the
14   vehicle inspection.

15        In truth, the tires have nothing at all to do with this case.  Both Tarver
16   and Butts have concluded that there is no problem with the car because
17   everything is working perfectly.  At the same time, they have taken the
18   contradictory position that the loss of the tires has prevented them from
19   determining the cause of the problems.  Neither has offered any
20   explanation as to how the tires could help them determine the cause of a
21   problem that they claim does not exist.

22                          Plaintiff's Expert Inspection
23        In order to respond to Mazda's inadequate inspection, discussed
24   below, Gray hired his own expert, Dan Calef.  Mr. Calef agrees with
25   Browning Mazda that the sway bar problem is the result of a design defect
26   which causes the sway bar to have an improper fit against the body of the
27   car.  Because this problem is the result of a defect in the design of either
28   the sway bar or the car, nothing that Browning Mazda did could have

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  repaired it.  Instead, Browning Mazda simply covered up the problem by

2  applying grease and later (at Mazda's suggestion) what appears to be

3  electrical tape.  The tape is now fraying and will eventually fall off.

4      In addition, Calef has inspected the vehicle and has determined that

5  the electrical problems have not been repaired.  The wiring harness on the

6  vehicle has been seriously damaged and the car continues to show signs

7  of a serious, undiagnosed electrical defect.

8                         Mazda's New Defenses

9      Apparently recognizing that the "we fixed it" defense may not prevail,

10  Mazda has dramatically changed its position in the last few weeks.  Mazda

11  apparently now claims that Gray's son abused the vehicle and that this

12  abuse was the cause of the failures.  If Mazda intended to claim abuse, it

13  had an obligation to disclose these claims in response to Plaintiff's written

14  discovery, which it did not do.  Furthermore, Mazda markets the vehicle to

15  young drivers and claims that it is a sporty car.  In fact, Mazda markets the

16  sway bar a "MazdaSpeed" product.  As noted above, this defense appears

17  to contradict the positions taken by Mazda's experts and repeatedly

18  espoused in Mazda's discovery responses, i.e. that the car is working

19  properly, so Mazda may well abandon it before trial.

20                         **LEGAL BRIEF**

21                             **I.**

22  **THE CLAIMS THAT PLAINTIFF PLANS TO PURSUE, THE ELEMENTS**

23     **OF EACH CLAIM, AND THE KEY EVIDENCE SUPPORTING EACH**

24                           **CLAIM**

25      Gray's complaint alleges five claims seeking relief under the

26  California Song-Beverly Consumer Warranty Act and the federal

27  Magnuson-Moss Warranty Act.  The Complaint also seeks civil penalties

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  pursuant to Civil Code section 1794(c) and (e), and treble civil penalties

2  under Civil Code section 3345.  Gray also seeks damages for conversion.

3      A.    <u>Claim 1 – Defendants Mazda Motor of America, Inc. and Mazda</u>

4              <u>Motor Corporation breached the implied warranty of</u>

5              <u>merchantability</u>

6  Gray first claim arises under both the California Song-Beverly

7  Consumer Warranty Act and the federal Magnuson-Moss Warranty Act.

8  Although both claims are similar, there are a few differences which will be

9  discussed below.

10        1.    <u>Song-Beverly Consumer Warranty Act</u>

11            a.    <u>The Elements</u>

12  (1)    Plaintiff purchased the Vehicle at retail in California.

13  (2)    Plaintiff purchased or used the Vehicle primarily for personal,

14  family, or household use.

15  (3)    At the time of the sale or at any time while the Vehicle was

16  covered by an express warranty, the Vehicle (1) did not pass without

17  objection in the trade under the contract description, (2) was not fit for the

18  ordinary purposes for which such goods are used, (3) was not adequately

19  contained, packaged, and labeled and/or (4) did not conform to the

20  promises or affirmations of fact made on the container or label.

21  (4)    Plaintiff was damaged.

22  *See* Cal. Civ. Code §§ 1792, 1791.1, 1794(a).

23            b.    <u>Supporting Authority</u>

24  Gray's first claim, for breach of the implied warranty of

25  merchantability under Song-Beverly, arises pursuant to California Civil

26  Code § 1792 and 1794(a).

27

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1   "[E]very sale of consumer goods that are sold at retail in this state
2   shall be accompanied by the manufacturer's and the retail seller's implied
3   warranty that the goods are merchantable."  Cal. Civ. Code § 1792.

4       The protections afforded by the implied warranty are defined in Civil
5   Code §1791.1.  "'Implied warranty of merchantability' or 'implied warranty
6   that goods are merchantable' means that the consumer goods meet each
7   of the following:  (1) Pass without objection in the trade under the contract
8   description.  (2) Are fit for the ordinary purposes for which such goods are
9   used. (3) Are adequately contained, packaged, and labeled. [and] (4)
10  Conform to the promises or affirmations of fact made on the container or
11  label."  Cal. Civ. Code § 1791.1(a).[1]

12      Under Civil Code section 1791.1(a), the implied warranty covers the
13  entire "consumer good," regardless of whether it is also covered by the
14  manufacturer's written warranty.  *See* Cal. Civ. Code § 1791(a) (consumer
15  good means "any new product or part thereof.").  When an express
16  warranty is given, the Defendant may not disclaim or limit the implied
17  warranty, in any way.  Cal. Civ. Code § 1793.

18      The words "fit for the ordinary purposes for which such goods are
19  used" requires that the vehicle be "in safe condition and substantially free
20  from defects."  *Isip v. Mercedes-Benz USA, LLC*, 155 Cal.App.4th 19, 25
21  (2007).  Plaintiff need not establish that the "vehicle manifests a defect that
22  is so basic that it renders the vehicle unfit for the ordinary purpose of
23  providing transportation."  *Id.*  "We reject the notion that merely because a
24  vehicle provides transportation from point A to point B, it necessarily does
25  not violate the implied warranty of merchantability. A vehicle that smells,

26  _____

27      [1] Because the definition of "implied warranty of merchantability" has
28  four different possible definitions, "[m]erchantability has several meanings."
    *Hauter v. Zogarts*, 14 Cal.3d 104, 117-118 (1975).

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  lurches, clanks, and emits smoke over an extended period of time is not fit

2  for its intended purpose."  *Id* at 27.

3  "Any buyer of consumer goods who is damaged by a failure to

4  comply with any obligation . . . under an implied or express warranty . . .

5  may bring an action for the recovery of damages and other legal and

6  equitable relief."  Cal. Civ. Code, § 1794(a).

7  In a commercial transaction, the implied warranty attaches and can

8  be breached only at the moment that title passes.  However, in a consumer

9  transaction, the implied warranty has the same duration as the express

10  warranty provided at the time of sale.  "[I]mplied warranties[2] may be limited

11  in duration to the duration of a written warranty of reasonable duration, if

12  such limitation is conscionable and is set forth in clear and unmistakable

13  language and prominently displayed on the face of the warranty."  15

14  U.S.C. § 2308(b).  Any limitation beyond that permitted under § 2308(b) is

15  "ineffective for purposes of [federal law] and State law."  15 U.S.C. §

16  2308(c).

17  Mazda may cite California Civil Code § 1791.1(c), claiming that under

18  California law, the implied warranty lasts only one year.  Because this state

19  law conflicts with 15 U.S.C. § 2308(b), it is invalid.  15 U.S.C. § 2308(c).

20  Additionally, at trial, Gray will introduce Mazda's warranty booklet, which

21  contains language limiting the implied warranty to the duration of the

22  express written warranty.  Thus, even if state law could somehow

23  supersede federal law, Mazda has chosen federal law in this case.

24  "A durational limitation on an implied warranty can mean only that the

25  manufacturer warrants that the car is [is merchantable] only for the duration

26  of that warranty.  In other words, the limitation can mean only that the

27  _____

28  [2] 15 U.S.C. § 2301(7) defines "implied warranty" to include any
implied warranty arising under State law, as modified by 15 U.S.C. § 2308.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  unmerchantability must manifest itself in some manner during the period of
2  the warranty in order for the purchaser to have a cause of action." *Carlson*
3  *v. General Motors Corp.*, 883 F.2d 287, 290 (4th Cir. 1989).

4      The duration of the implied warranty should not be confused with the
5  statutes of limitations on a breach of implied warranty claims.  Once the
6  implied warranty has been breached, a consumer has four years to bring a
7  claim for breach of the implied warranty of merchantability under the Song-
8  Beverly Consumer Warranty Act.  *Krieger v. Nick Alexander Imports, Inc.*,
9  234 Cal.App.3d 205, 218-219 (1991).

10      In addition, under Song-Beverly, a consumer who is injured by a
11  breach of the implied warranty can revoke acceptance immediately without
12  giving the manufacturer any opportunities to repair.  "[T]here is no
13  requirement the seller be given an opportunity to repair when the implied
14  warranty of merchantability is breached."  *Mocek v. Alfa Leisure, Inc.*, 114
15  Cal.App.4th 402, 404 (2003).

16                    c.    Key Evidence

17      Gray will testify that he purchased the Vehicle in California on August
18  17, 2007.  Gray purchased and used Vehicle for his personal, family, or
19  household use.  Gray will testify that as a result of various defects, the
20  Vehicle did not comply with the requirements of the implied warranty.  Gray
21  will also call his spouse and may call other friends and family members and
22  expert witnesses to support his claims.

23      Gray will introduce the lease contract, documents signed at the time
24  of the purchase, the warranty booklet and owner's manual, repairs orders
25  and invoices, bills and invoices showing his damages, registration receipts
26  and title documents, photographs and video, and the other documents
27  identified in the Joint Exhibit list.

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

2.      Magnuson-Moss Warranty Act

a.      The Elements

(1)     Plaintiff purchased the Vehicle at retail anywhere in the United States.

(2)     The Vehicle is the kind of product that is ordinarily used primarily for personal, family, or household purposes.

(3)     At the time of the sale or at any time while the Vehicle was covered by an express warranty, the Vehicle (1) did not pass without objection in the trade under the contract description, (2) was not fit for the ordinary purposes for which such goods are used, (3) was not adequately contained, packaged, and labeled and/or (4) did not conform to the promises or affirmations of fact made on the container or label.

(4)     Plaintiff gave the Defendant or its authorized dealers a reasonable opportunity to either repair the product, replace the product, or provide Plaintiff with a full refund of the purchase price.

(5)     Plaintiff was damaged.

*See* 15 U.S.C. §§ 2310(d), (e); 2301(1), (7).

b.      Supporting Authority

Like the Song-Beverly Act, the federal Magnuson-Moss Warranty Act creates a claim in the event of a breach of the implied warranty of merchantability.  "[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . ."  15 U.S.C. § 2310(d)(1). Because Magnuson-Moss adopts the definition of implied warranty directly from "State law," the elements of the claim are essentially identical to the state law claim.  15 U.S.C. § 2301(7).  Because California law does not require privity of contract on implied warranty claims, privity is not required

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    under the Magnuson-Moss Warranty Act, either.  *Gusse v. Damon Corp.*,

2    470 F.Supp.2d 1110, 1116, fn. 9.

3          However, Magnuson-Moss differs in three respects.

4                          (1)    Informal Dispute Resolution

5          First, the prefatory language in 15 U.S.C. § 2310(d)(1) (which refers

6    to subsection (a)(3) of section 2310) requires that if the Mazda has an

7    Informal Dispute Settlement Procedure ("IDSP") which complies with the

8    Federal Trade Commission rules, the consumer must first use it.

9          Although Mazda may claim that it maintains a qualifying IDSP, Gray

10   will file a separate motion *in limine* to exclude any such evidence because

11   (1) the undisputed evidence will show that Mazda's IDSP does not meet all

12   of the requirements of 16 C.F.R. §§ 703.1 to 703.8 and (2) Mazda failed to

13   produce any evidence in discovery to support its claim that its IDSP

14   qualifies and thus, any such evidence should excluded under Federal Rule

15   37(c).

16                         (2)    Reasonable Opportunity to Cure

17         Second, unlike Song-Beverly (see above), 15 U.S.C. § 2310(e)

18   requires that the consumer must have afforded the manufacturer a

19   "reasonable opportunity to cure such failure."

20         Nothing in 15 U.S.C. 2310(e) required Gray to give Mazda an

21   opportunity to cure "the defects."  Rather, section 2310(e) merely requires

22   Gray to give Mazda a "reasonable opportunity to cure such failure to

23   comply."

24         The Courts have long held that a consumer can give a reasonable

25   opportunity to cure by contacting the manufacturer and giving it an

26   opportunity to repair the product, replace the product, or refund the

27   purchase price.  *Washington v. Otasco, Inc.*, 603 F.Supp. 1295, 1297 (D.

28   Miss. 1985) (opportunity to cure means "to replace or repair the [product] or

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1  to refund the plaintiff's purchase price"); *Gorman v. Saf-T-Mate, Inc.*, 513
2  F.Supp. 1028, 1034 (D. Ind. 1981)  ("'cure' must refer to repair,
3  replacement or refund with respect to a product which proves not to be as
4  warranted.").

5  Furthermore, where the warranty in question directs the consumer to
6  seek repairs from an authorized dealer, numerous courts have concluded
7  that repair visits to those dealerships also counts towards the requirement
8  of a reasonable opportunity to repair.  *Seybold v. Francis P. Dean, Inc.*, 628
9  F.Supp. 912, 913, 917 (W.D. Pa. 1986) (sufficient opportunity to cure found
10 when "numerous attempts by various Peugeot dealers in France and the
11 United States" were not successful); *Bray v. Monaco Coach Corp.*, 371
12 F.Supp.2d 1135, 1137 (D. Ariz. 2005) (denying defense motion for
13 summary adjudication where "the motor home underwent sixty-four repairs
14 and eleven repair visits during his first year of ownership"); *De Shazer v.*
15 *National RV Holdings, Inc.*, 391 F.Supp.2d 791, 798 (D. Ariz. 2005)
16 (denying defense MSJ where "motor home had 11 separate repair visits for
17 more than 60 defects"); *Ventura v. Ford Motor Corp.*, 180 N.J. Super. 45,
18 66, 433 A.2d 801, 812 (1981) (sufficient opportunity to cure when "that
19 opportunity was given to Ford's designated representative to whom the
20 purchaser was required to bring the car.").

21 In *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912 (9th Cir.
22 2005), the Ninth Circuit affirmed a judgment against an automobile
23 manufacturer (Mercedes-Benz) under the Nevada lemon law and the
24 Magnuson-Moss Warranty Act.  In that case, all of the repairs were made
25 at the manufacturer's local dealership, Fletcher Jones in Las Vegas.  *See*
26 *Milicevic v. Mercedes-Benz USA, LLC*, 256 F.Supp.2d 1168, 1170-1171 (D.
27 Nev. 2003).

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 16 -

(3)   Ordinary Use Instead of Actual Use

Third, unlike Song-Beverly, the MMWA covers any product which is normally used for personal, family, or household purposes, regardless of the actual use made by the buyer.  15 U.S.C. § 2301(1); *Najran Co. for General Contracting and Trading v. Fleetwood Enterprises, Inc.*, 659 F.Supp. 1081, 1099 (S.D.Ga.1986).

> It is also clear that a commercial buyer can assert a claim under the Magnuson-Moss Act if it has purchased a consumer product covered by an appropriate warranty.  It is the 'normal use' of a product as a consumer product that renders coverage by the Act appropriate. That is, if a type of product is 'normally used' for consumer purposes, then that product in any given case is a consumer product within the meaning of the Act regardless of whether it was used for commercial purposes.

*Id.*

c.   Key Evidence

Gray will introduce the same evidence as on Gray's claim for breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act.

B.   Claim 2 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation breached the implied warranty of fitness

1.   Song-Beverly Consumer Warranty Act

a.   The Elements

(1)   Plaintiff purchased the Vehicle at retail in California.

(2)   Plaintiff purchased or used the Vehicle primarily for personal, family, or household use.

(3)   Defendant or the seller had reason to know at the time of sale that the Vehicle was required for a particular purpose and that the buyer was relying on the Defendant's skill or judgment to furnish suitable goods.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    (4)    At the time of the sale or at any time while the Vehicle was

2    covered by an express warranty, the Vehicle was not suitable for the

3    particular purpose.

4    (5)    Plaintiff was damaged.

5    *See* Cal. Civ. Code §§ 1794(a), 1792.1, 1791.1(b).

6    b.    Supporting Authority

7    Gray's second claim, for breach of the implied warranty of fitness

8    under Song-Beverly, arises pursuant to California Civil Code § 1792.1 and

9    1794(a).

10   "Every sale of consumer goods that are sold at retail in this state by a

11   manufacturer who has reason to know at the time of the retail sale that the

12   goods are required for a particular purpose and that the buyer is relying on

13   the manufacturer's skill or judgment to . . . furnish suitable goods shall be

14   accompanied by such manufacturer's implied warranty of fitness."  Cal. Civ.

15   Code § 1792.1.  "Any buyer of consumer goods who is damaged by a

16   failure to comply with any obligation . . . under an implied or express

17   warranty . . . may bring an action for the recovery of damages and other

18   legal and equitable relief."  Cal. Civ. Code, § 1794(a).

19   The protections afforded by the implied warranty are defined in Civil

20   Code §1791.1.  "'Implied warranty of fitness' means (1) that when the

21   retailer, distributor, or manufacturer has reason to know any particular

22   purpose for which the consumer goods are required, and further, that the

23   buyer is relying on the skill and judgment of the seller to select and furnish

24   suitable goods, then there is an implied warranty that the goods shall be fit

25   for such purpose . . . ."  Cal. Civ. Code § 1791.1(b).

26   A claim for breach of the implied warranty of fitness is subject to the

27   same durational rules as discussed above with respect to the implied

28   warranty of merchantability:  Rather than being limited to the moment that

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  title passes, the implied warranties continue for the duration of any express

2  warranty that accompanies the product.  15 U.S.C. § 2308(b), (c).

3                                   c.    Key Evidence

4        Gray will introduce the same evidence as on Gray's claim for breach

5  of the implied warranty of merchantability under the Song-Beverly

6  Consumer Warranty Act.

7        In addition, Gray will testify that he told the seller of his particular

8  purpose for purchasing the Vehicle and relied upon the seller to select

9  goods that were suitable for that purpose.

10                            2.    Magnuson-Moss Warranty Act

11                                  a.    The Elements

12       (1)    Plaintiff purchased the Vehicle at retail anywhere in the United

13  States.

14       (2)    The Vehicle is the kind of product that is ordinarily used

15  primarily for personal, family, or household purposes.

16       (3)    Defendant or the seller had reason to know at the time of sale

17  that the Vehicle was required for a particular purpose and that the buyer

18  was relying on the Defendant's skill or judgment to furnish suitable goods.

19       (4)    At the time of the sale or at any time while the Vehicle was

20  covered by an express warranty, the Vehicle was not suitable for the

21  particular purpose.

22       (5)    Plaintiff gave the Defendant or its authorized dealers a

23  reasonable opportunity to either repair the product, replace the product, or

24  provide Plaintiff with a full refund of the purchase price.

25       (6)    Plaintiff was damaged.

26  15 U.S.C. §§ 2310(d)(1); 2301(7).

27

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

b.   Supporting Authority

Like the Song-Beverly Act, the federal Magnuson-Moss Warranty Act creates a claim in the event of a breach of the implied warranty of fitness. "[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . ."  15 U.S.C. § 2310(d)(1).  Because Magnuson-Moss adopts the definition of implied warranty directly from "State law," the elements of the claim are essentially identical to the state law claim.  15 U.S.C. § 2301(7).

This claim is subject to the same qualifications discussed above with respect to Plaintiff's first claim under Magnuson-Moss.

c.   Key Evidence

Gray will introduce the same evidence as on Gray's claim for breach of the implied warranty of fitness under the Song-Beverly Consumer Warranty Act.

C.   Claim 3 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation breached an express warranty

1.   Song-Beverly Consumer Warranty Act

a.   The Elements

(1)   Plaintiff purchased the Vehicle at retail in California.

(2)   Plaintiff purchased or used the Vehicle primarily for personal, family, or household purposes.

(3)   The Defendant provided an express warranty on the Vehicle.

(4)   The Defendant failed to comply with any obligation imposed under the express warranty on at lease one occasion.

(5)   Plaintiff was damaged.

*See* Cal. Civ. Code §§ 1794(a).

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

b.    <u>Supporting Authority</u>

Gray's third claim, for breach of express warranty, arises pursuant to California Civil Code section 1794(a).

"Any buyer of consumer goods who is damaged by a failure to comply with any obligation . . . under an implied or express warranty . . . may bring an action for the recovery of damages and other legal and equitable relief."  Cal. Civ. Code § 1794(a).

"Where, as in this case, the express warranty contemplates that the seller's liability for a breach of warranty does not attach until he has had an opportunity to remedy the defects, his failure or refusal to act, where such opportunity is afforded the seller, fixes his liability. . . . An unsuccessful effort to remedy the defects renders the seller liable on his warranty; and the buyer is not bound to allow him a second opportunity, or to permit him to tinker with the article indefinitely in the hope that it may ultimately be made to comply with the warranty."  *Rose v. Chrysler Motors Corp.*, 212 Cal.App.2d 755, 763 (1963).

Mazda will argue that the claim for breach of an express warranty is the same as a claim for violation of Civil Code section 1793.2(d), and claim that the requirement of making a "reasonable number of repair attempts" in section 1793.2(d) is also a requirement on a claim for breach of express warranty.

This argument was expressly rejected in *Park City Services, Inc. v. Ford Motor Co.*, *Inc.*, 144 Cal.App.4th 295.  There, the Court of Appeal expressly recognized that a claim for failure to repurchase was completely separate from a claim for breach of an express warranty.  *Id.* at 301-03.

Mazda's argument also has no merit because Civil Code section 1794(a) makes clear that a claim for violating section 1793.2(d) is entirely separate from a claim for breach of an express warranty.  "Any buyer of

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  consumer goods who is damaged by a failure to comply with any obligation

2  [1] under this chapter or [2] under an implied or [3] express warranty . . .

3  may bring an action for the recovery of damages and other legal and

4  equitable relief."  Cal. Civ. Code § 1794 (bracketed material added).

5       A failure to repair within a reasonable number of attempts is a

6  violation of Cal. Civil Code § 1793.2(d) and thus an obligation "[1] under

7  this chapter."  Cal. Civil Code § 1794(a).  A breach of express warranty, on

8  the other hand, is an obligation "[2] under an implied or [3] express

9  warranty."  Id.  If the Legislature had intended to merge these three

10  different claims, it would not have listed them separately.  Mazda's attempt

11  to merge two of the three claims created by Cal. Civil Code § 1794(a)

12  should be rejected.

13                c.    Key Evidence

14       Gray will introduce the same evidence as on Gray's claim for breach

15  of the implied warranty of fitness under the Song-Beverly Consumer

16  Warranty Act.  However, Gray will also testify that he received a written

17  warranty on the Vehicle, and that he sought repairs of the various problems

18  he experienced, but that the repairs were not successful.

19           2.    Magnuson-Moss Warranty Act

20                a.    The Elements

21       (1)   Plaintiff purchased the Vehicle at retail anywhere in the United

22  States.

23       (2)   The Vehicle is the kind of product that is ordinarily used

24  primarily for personal, family, or household use.

25       (3)   The Defendant provided an express warranty on the Vehicle.

26       (4)   The Defendant failed to comply with any obligation imposed

27  under the express warranty on at lease one occasion.

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  (5)   Plaintiff gave the Defendant or its authorized dealers a

2  reasonable opportunity to either repair the product, replace the product, or

3  provide Plaintiff with a full refund of the purchase price.

4  (6)   Plaintiff was damaged.

5  *See* 15 U.S.C. § 2310(d)(1).

6  b.   Supporting Authority

7  Like the Song-Beverly Act, the federal Magnuson-Moss Warranty Act

8  creates a claim in the event of a breach of an express warranty.  "[A]

9  consumer who is damaged by the failure of a supplier, warrantor, or service

10  contractor to comply with any obligation . . . under a written warranty,

11  implied warranty, or service contract, may bring suit for damages and other

12  legal and equitable relief . . . ."  15 U.S.C. § 2310(d)(1).

13  This claim is subject to the same three qualifications discussed above

14  with respect to Gray's first claim under Magnuson-Moss.

15  c.   Key Evidence

16  Gray will introduce the same evidence as on his claim for breach of

17  the express warranty under the Song-Beverly Consumer Warranty Act.

18  D.   Claim 4 – Defendants Mazda Motor of America, Inc. and Mazda

19  Motor Corporation failed to promptly repurchase Plaintiff's

20  Vehicle

21  a.   The Elements

22  (1)   Plaintiff purchased the Vehicle at retail in California.

23  (2)   Plaintiff purchased or used the Vehicle primarily for personal,

24  family, or household purposes.

25  (3)   The Defendant provided an express warranty on the Vehicle.

26  (4)   The Defendant and/or its representative in this state was

27  unable to service or repair the Vehicle to conform to the applicable express

28  warranties after a reasonable number of attempts.

A N D E R S O N   L A W   F I R M
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1      (5)    The use, value, or safety of the Vehicle was substantially

2   impaired to the Plaintiff.

3      (6)    The Defendant did not promptly replace the Vehicle or promptly

4   make restitution to the buyer in the manner required by Civil Code section

5   1793.2(d)(2).

6      (7)    Plaintiff was damaged.

7   *See* Cal. Civ. Code §§ 1794(a), 1793.2(d).

8              b.    <u>Supporting Authority</u>

9      Gray's fourth claim, for failure to promptly repurchase a product,

10  arises pursuant to California Civil Code § 1793.2(d) and 1794(a).

11     "If the manufacturer or its representative in this state is unable to

12  service or repair a new motor vehicle . . . to conform to the applicable

13  express warranties after a reasonable number of attempts, the

14  manufacturer shall either promptly replace the new motor vehicle in

15  accordance with subparagraph (A) or promptly make restitution to the

16  buyer in accordance with subparagraph (B).  However, the buyer shall be

17  free to elect restitution in lieu of replacement, and in no event shall the

18  buyer be required by the manufacturer to accept a replacement vehicle."

19  Cal. Civ. Code § 1793.2(d)(2).

20     A lawsuit for failing to promptly repurchase a Vehicle is authorized by

21  section 1794:  "(a) Any buyer of consumer goods who is damaged by a

22  failure to comply with any obligation under this chapter . . . may bring an

23  action for the recovery of damages and other legal and equitable relief."

24  Cal. Civ. Code § 1794(a).

25              (1)    <u>Plaintiff was not required to demand restitution</u>

26     A consumer has no obligation to notify the manufacturer of the

27  problems or to formally revoke acceptance prior to instituting a lawsuit

28  under Song-Beverly.  *Krotin v. Porsche Cars North America, Inc.*, 38

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Cal.App.4th 294, 300 (1995) (Consumer Warranty Law "contains no provision which requires rejection or revocation of acceptance of the vehicle within a reasonable time, or any time at all.")

"[T]he Act does not require consumers to take any affirmative steps to secure relief for the failure of a manufacturer to service or repair a vehicle to conform to applicable warranties—other than, of course, permitting the manufacturer a reasonable opportunity to repair the vehicle . . . . In reality, . . . the manufacturer seldom on its own initiative offers the consumer the options available under the Act: a replacement vehicle or restitution. Therefore, as a practical matter, the consumer will likely request replacement or restitution. But the consumer's request is not mandated by any provision in the Act. Rather, the consumer's request for replacement or restitution is often prompted by the manufacturer's unforthright approach and stonewalling of fundamental warranty problems. An automobile manufacturer need not read minds to determine which vehicles are defective; it need only read its dealers' service records." *Krotin v. Porsche Cars North America, Inc.*, 38 Cal.App.4th 294, 302-303 (1995).

Mazda may argue that it did not violate the law because Gray's never requested a repurchase or because it never refused that request. For the reasons discussed above, Mazda violated the law by failing to read its repair records and by failing to offer to repurchase or replace Gray's vehicle before he made a demand.

> (2) Each visit to a dealer counts as a "repair attempt," even if the dealer does not attempt a repair

Mazda may argue that in order to qualify as a repair attempt, the dealership must have actually tried to repair the problem. This argument has no merit.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1   "[T]he only affirmative step the Act imposes on consumers is to

2   permit the manufacturer a reasonable opportunity to repair the vehicle.

3   Whether or not the manufacturer's agents choose to take advantage of the

4   opportunity, or are unable despite that opportunity to isolate and make an

5   effort to repair the problem, are matters for which the consumer is not

6   responsible."  *Oregel v. American Isuzu Motors, Inc.*,  90 Cal.App.4th 1094,

7   1103-1104 (2001) (internal citations and quotations omitted).

8                    (3)      <u>Plaintiff must make a reasonable number of</u>

9                             <u>attempts to repair the entire Vehicle, but not to</u>

10                            <u>repair each individual defect</u>

11          In cases like this one, the defense often argues that this section

12   requires that the <u>every defect</u> be subject to repairs a reasonable number of

13   times.  However, section 1793.2(d) contains no language requiring that the

14   each defect be the subject of multiple repairs.  Rather, section 1793.2(d)

15   only requires that the product not conform to the warranty after a

16   reasonable number of opportunities to repair.  "The statute requires the

17   manufacturer to afford the specified remedies of restitution or replacement

18   if that manufacturer is unable to repair <u>the vehicle</u> 'after a reasonable

19   number of attempts.'"  *Silvio v. Ford Motor Company*, 109 Cal.App.4th 1205,

20   1208 (2003) (emphasis added); *See also Robertson v. Fleetwood Travel*

21   *Trailers of California, Inc.*, 144 Cal.App.4th 785, 800-03 (2006) (affirming

22   jury verdict where no repair attempts were made to certain defects because

23   other defects had been subject to repair more than a reasonable number of

24   repair attempts).  "[T]he critical question of whether a reasonable number of

25   attempts were provided, thereby allowing the consumer to forego further

26   repair attempts and pursue a 'replace-or-repurchase' remedy, depends

27   upon the facts and circumstances of each case."  *Id* at 803.

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    The Legislature's intention in this regard is also demonstrated in

2  section 1793.22(b)(3), which creates a presumption regarding when a

3  "reasonable number of repair attempts" have been made.  Section

4  1793.22(b)(3) creates a presumption that a reasonable number of repair

5  attempts have been made when "[t]he vehicle is out of service by reason of

6  repair of nonconformities by the manufacturer or its agents for a cumulative

7  total of more than 30 calendar days since delivery of the vehicle to the

8  buyer."  Although subdivisions (b)(1) and (b)(2) of the presumption contain

9  language requiring the "same nonconformity" be subject to multiple repairs,

10  nothing in subdivision (b)(3) requires that the problems be the same.  In

11  sum, the presumption demonstrates that the Legislature intended to allow

12  different defects to be aggregated to reach a reasonable number of repair

13  attempts, so long as one remains un-repaired after a reasonable number of

14  attempts.

15              (4)    <u>One repair attempt can constitute a</u>

16                     <u>reasonable number of repair attempts</u>

17    Mazda will cite *Silvio v. Ford Motor Co.,* 109 Cal.App.4[th] 1205, 1208-

18  1209 (2003), claiming that a single repair attempts can never be sufficient

19  to constitute a reasonable number of repair attempts.  *Silvio* concluded that

20  because the word "attempts" is plural, more than one must be required.

21    However, two other California appellate decisions have reached

22  contrary conclusions.  *Bishop v. Hyundai Motor America*, 44 Cal.App.4th

23  750 (1996) (vehicle caught fire and was destroyed, preventing consumer

24  from making more than a single repair attempt); *Gomez v. Volkswagen of*

25  *America, Inc.*, 169 Cal.App.3d 921 (1985) (same).

26    Because there is a conflict in the California appellate courts on this

27  point, the Court is not bound by any of the decisions and must instead

28  decide the issue itself.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    One repair attempt is sufficient for several reasons.

2    First, Civil Code section 14 provides that "[w]ords used in [the Civil

3  Code] in . . . the singular number includes the plural, and the plural the

4  singular."  (Civ. Code, § 14.)   Since the word "attempts" appears in Civil

5  Code section 1793.2(d)(2), and since Civil Code section 14 plainly provides

6  that the "plural" includes "the singular," it follows that "attempts" includes a

7  single "attempt."  The use of the plural to include the singular, particularly

8  when referring to something that is indefinite or uncertain, is common in the

9  law.  *Snukal v. Flightways Manufacturing, Inc.*, 23 Cal.4th 754, 778, fn. 7

10  (2000) (concluding that the word "signatures" in a statute included a single

11  signature).

12    Second, the text of the lemon law itself demonstrates that a single

13  repair attempt can qualify as a "reasonable number of attempts."

14  Subdivision (b)(3) of Civil Code section 1793.22 presumes that a

15  "reasonable number of attempts" have been made whenever "[t]he vehicle

16  is out of service . . . for a cumulative total of more than 30 calendar days

17  since delivery of the vehicle to the buyer."  (Civ. Code, § 1793.22, subd.

18  (b)(3).)  Under subdivision (b)(3), there is no minimum number of attempts.

19  A single attempt lasting too long will suffice.

20    The Act contains two other presumptions that do have a minimum

21  number of repair attempts.  The first, embodied in subdivision (b)(1) of

22  section 1793.22, presumes a reasonable number of repair attempts if two

23  repair attempts have been made to a life-threatening defect and subdivision

24  (b)(2) of section 1793.22 presumes a reasonable number of repair attempts

25  if four repair attempts have been made for a defect that substantially

26  impairs the use, value, or safety of the vehicle to the buyer.

27    The Legislature's failure to indicate that two, four, or some other

28  number of repair attempts are required for subdivision (b)(3) demonstrates

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 28 -

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1   a Legislative intention that one repair attempt that lasts more than 30 days

2   is sufficient.  *See* Cal. Civ. Code § 1793.22(b)(3).

3       If the Legislature had intended to require at least two repair attempts,

4   it would have included language in subdivision (b)(3) to match the similar

5   requirement in subdivision (b)(1), and presumably would also have

6   included such a requirement in subdivision (d) of section 1793.2.

7   c.    <u>Key Evidence</u>

8       Gray will introduce the same evidence as on Gray's claim for breach

9   of the express warranty under the Song-Beverly Consumer Warranty Act.

10  However, Gray will also testify that the Mazda did not promptly offer to

11  repurchase or replace his Vehicle.

12      E.    <u>Claim 5 – Defendants Mazda Motor of America, Inc. and Mazda</u>

13      <u>Motor Corporation failed to commence repairs within a</u>

14      <u>reasonable time and to complete them within 30 days</u>

15      1.    <u>Song-Beverly Consumer Warranty Act</u>

16      a.    <u>The Elements</u>

17  (1)    Plaintiff purchased the Vehicle at retail in California.

18  (2)    Plaintiff purchased or used the Vehicle primarily for personal,

19  family, or household use.

20  (3)    The Defendant provided an express warranty on the Vehicle.

21  (4)    Service or repair of the Vehicle was necessary because it did

22  not conform with the applicable express warranties.

23  (5)    The manufacturer and/or its representative in this state either

24  (1) did not commence repairs within a reasonable time and/or (2) did not

25  service or repair the Vehicle so as to conform to the applicable warranties

26  within 30 days.

27  (6)    Plaintiff was damaged.

28  *See* Cal. Civ. Code §§ 1794(a), 1793.2(b).

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

b.    Supporting Authority

Gray's fifth claim, for failing to commence repairs in a reasonable time and to complete them with 30 days, arises pursuant to California Civil Code § 1793.2(b) and 1794(a).

"Where . . . service or repair of the goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative in this state.  Unless the buyer agrees in writing to the contrary, the goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days."  Cal. Civ. Code § 1793.2(b).

 "When the vehicle is out of service more than 30 calendar days, the nonconformity does not have to be ongoing."  *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 916 (9th Cir. 2005) (decided under similar provision of Nevada law).

A consumer may sue for violation of these requirements under Civil Code section 1794, which provides, in relevant part: "(a) Any buyer of consumer goods who is damaged by a failure to comply with any obligation under this chapter . . . may bring an action for the recovery of damages and other legal and equitable relief."  Cal. Civ. Code § 1794(a).

Mazda routinely argues that this provision applies only when the car is actually in "the shop" for more than 30 days.  Every published decision to consider subdivision (b) has concluded otherwise.  *Gomez v. Volkswagen of America, Inc.*, 169 Cal.App.3d 921, 925 (1985).  "This statute . . . sets a time limit for the repair of consumer goods (§ 1793.2, subd. (b)) . . . ."  *National R.V., Inc. v. Foreman*, 34 Cal.App.4th 1072, 1077-1078 (1995).  When the Legislature wants to require 30 days in the shop, it has said so.  *See* Cal. Civ. Code § 1793.22(a)(3)(requiring 30 days in the repair facility in

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM

2070 NORTH TUSTIN AVENUE

SANTA ANA, CALIFORNIA 92705

TELEPHONE: (714) 516-2700

1  order to take advantage of a presumption that a reasonable number of

2  repair attempts have been made).

3          c.   <u>Key Evidence</u>

4       Gray will introduce the same evidence as on Gray's claim for breach

5  of the express warranty under the Song-Beverly Consumer Warranty Act.

6         2.   <u>Magnuson-Moss Warranty Act</u>

7          a.   <u>Elements</u>

8     (1)   Plaintiff purchased the Vehicle at retail in California.

9     (2)   Plaintiff purchased or used the Vehicle primarily for personal,

10  family, or household use.

11     (3)   The Defendant provided an express warranty on the Vehicle.

12     (4)   Service or repair of the Vehicle was necessary because it did

13  not conform with the applicable express warranties.

14     (5)   The manufacturer and/or its representative in this state either

15  (1) did not commence repairs within a reasonable time and/or (2) did not

16  service or repair the Vehicle so as to conform to the applicable warranties

17  within 30 days.

18     (6)   Plaintiff was damaged.

19  *See* 15 U.S.C. § 2310(d)(1).

20          b.   <u>Supporting Authority</u>

21       Mazda's violation of section 1793.2(b) is also a violation of

22  Magnuson-Moss Warranty Act.  The provisions of Civil Code § 1793.2(b)

23  existed at the time Mazda gave the express warranty and for that reason

24  those provisions were incorporated into the terms of the express warranty

25  by operation of California law.  *Swenson v. File*, 3 Cal.3d 389, 393 (1970);

26  *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-

27  89 (1998).  Accordingly, Mazda's violation of § 1793.2(b) was a breach of

28  terms of the express warranty actionable under Magnuson-Moss.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

The federal Magnuson-Moss Warranty Act creates a claim in the event of a breach of an express warranty.  "[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty . . . may bring suit for damages and other legal and equitable relief . . . ."  15 U.S.C. § 2310(d)(1).

c.   <u>Key Evidence</u>

Gray will introduce the same evidence as on Gray's claim for breach of the express warranty under the Song-Beverly Consumer Warranty Act.

F.   <u>Claim 6 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation are subject to civil penalties pursuant to subdivision (c) of section 1794</u>

The Song-Beverly Consumer Warranty Act has two provisions that allow the consumer to recover civil penalties.

The first, contained in Civil Code section 1794(c) imposes a penalty where any Mazda violates any obligation under an express warranty or under any provision of the Song-Beverly Consumer Warranty Act, but only if the violation was willful.

1.   <u>The Elements</u>

(1)   The failure to comply with any obligation under any express warranty, service contract, or under any provision of the Song-Beverly Consumer Warranty Act (other than an obligation under an implied warranty) was willful.

*See* Cal. Civ. Code § 1794(c).

2.   <u>Supporting Authority</u>

"(a) Any buyer of consumer goods who is damaged by a failure to comply with any obligation under this chapter or under an implied or express warranty or service contract may bring an action for the recovery of damages and other legal and equitable relief. . . .  (c) If the buyer

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1    establishes that the failure to comply was willful, the judgment may include,

2    in addition to the amounts recovered under subdivision (a), a civil penalty

3    which shall not exceed two times the amount of actual damages.  This

4    subdivision shall not apply . . .  with respect to a claim based solely on a

5    breach of an implied warranty."  Cal. Civ. Code § 1794.

6         Under section 1794, Gray is entitled to a civil penalty of double

7    damages if he establishes that Mazda's failure to comply with any

8    obligation under the Song-Beverly Consumer Warranty Act or any

9    obligation imposed by a warranty or service contract was willful.  *Id*.  The

10   Act prohibits a civil penalty only where the claim is based solely on a

11   breach of an implied warranty.  *Id*.; *See also Gomez v. Volkswagen of*

12   *America, Inc.*, 169 Cal.App.3d 921, 925 (1985).

13        "A civil penalty may be awarded if the jury determines that the

14   manufacturer knew of its obligations but intentionally declined to fulfill them.

15   There is no requirement of blame, malice or moral delinquency.  However,

16   a violation is not willful if the defendant's failure to replace or refund was

17   the result of a good faith and reasonable belief the facts imposing the

18   statutory obligation were not present."  *Schreidel v. American Honda Motor*

19   *Co.*, 34 Cal.App.4th 1242, 1249-1250 (1995).

20        A jury may determine that Mazda acted willfully even if it was never

21   able to duplicate the problems and believed that the Vehicle was repaired.

22   *Schreidel v. American Honda Motor Co.*, 34 Cal.App.4th 1242, 1254

23   (1995).  "The basis of Honda's argument regarding its nonliability for civil

24   penalties is the state of Honda's knowledge regarding the defects.  Honda

25   claims the record shows that its mechanics were unable to duplicate the

26   problems Schreidel described and that Schreidel herself was unable to

27   duplicate the problems for them while at the dealership. . . . What Honda

28   ignores in the record, however, is that the problems were admittedly

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

intermittent, that [Plaintiff] had brought the problems to the dealership's attention on six separate occasions, and that an independent service station mechanic reported his observation of the pedal sticking problem to the dealership.  Honda's attempts to duplicate the problems were minimal and, even after Schreidel brought the matter to arbitration and demonstrated the problem, Honda only offered to repair, not replace, the car as required by statute." *Id.*  "The customer relations department characterized her complaints as a customer problem and closed its file when the dealership could not duplicate her complaints. No procedure was ever instituted to replace her car." *Id.*

There are three seminal decisions on civil penalties and each discusses the following factors that a jury should consider in deciding whether to impose a penalty:

(1)  The number of repair attempts that were made to address the problems,

(2)  Whether the repair attempts were successful,

(3)  Whether the manufacturer was aware of the number of repair attempts and their failure,

(5)  Whether the manufacturer was aware of its obligations under the law,

(6)  Whether the manufacturer has an accurate, written policy to guiding its compliance with the law,

(7)  Whether the manufacturer offered to repurchase or replace the product or offered some other remedy (such as repair) instead, and

(8)  Whether the manufacturer attempted to blame the consumer instead of accepting responsibility for its actions.

*Oregel v. American Isuzu Motors, Inc.*, 90 Cal.App.4th 1094, 1095 (2001) (factors 1-6); *Jensen v. BMW of North America, Inc.*, 35 Cal.App.4th 135,

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1   136 (1995) (factors 1-7); *Schreidel v. American Honda Motor Co.*, 34

2   Cal.App.4th 1242, 1254 (1995) (factors 1-8).

3        "If the jury chooses to impose a penalty, the amount may be up to two

4   times the amount of damages . . . .  There is no definite or required method

5   of determining a penalty nor is the opinion of a witness required as to the

6   amount of a penalty."  *Suman v. Superior Court*, 39 Cal.App.4th 1309, 1323

7   (1995).

8                    3.   <u>Key Evidence</u>

9        The evidence at trial will establish that Mazda was well-aware of its

10  obligations pursuant to the Song-Berly Consumer Warranty Act and it's

11  express warranty to Gray.  Instead of voluntarily offering to repurchase

12  Gray's Vehicle after it was unable to repair the Vehicle, Mazda did nothing.

13  When Gray called to request a repurchase, Mazda refused.  Mazda has no

14  written policy concerning its obligations under California's lemon law.  Even

15  after Gray filed this lawsuit demanding restitution of the purchase price,

16  Mazda made no effort to repurchase or replace Gray's Vehicle despite

17  ample opportunity to investigate the problem.  Instead, Mazda has

18  attempted to shift responsibility by claiming that someone else was

19  responsible for warranting the components or that Gray was responsible for

20  the defects.

21            G.   <u>Claim 7 – Defendants Mazda Motor of America, Inc. and Mazda</u>

22                  <u>Motor Corporation are subject to civil penalties pursuant to</u>

23                  <u>subdivision (e) of section 1794</u>

24        The second penalty provision in Song-Beverly is contained in Civil

25  Code section 1794(e).  It imposes an automatic penalty of up to two times

26  actual damages whenever an automobile manufacturer or distributor

27  violates its obligation under section 1793.2(d)(2) to repurchase or replace a

28  vehicle.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    1.    <u>The Elements</u>

2         There are no elements of this claim.  The penalty is automatic upon

3    proof of a violation of Civil Code section 1793.2(d)(2).  *See* Cal. Civ. Code

4    § 1794(e).

5         2.    <u>Supporting Authority</u>

6         "[I]f the buyer establishes a violation of paragraph (2) of subdivision

7    (d) of Section 1793.2, the buyer shall recover damages and reasonable

8    attorney's fees and costs, and may recover a civil penalty of up to two

9    times the amount of damages."  Cal. Civ. Code § 1794(e)(1).

10        Subdivision (e) imposes an automatic penalty when a manufacturer

11   or distributor violates its obligation to repurchase or replace a vehicle under

12   section 1793.2(d)(2).  There is no requirement that the violation be willful.

13   *Suman v. Superior Court*, 39 Cal.App.4[th] 1309, 1316 (1995); *Schreidel v.*

14   *American Honda Motor Co.*, 34 Cal.App.4[th] 1242, 1250 (1995).

15        However, there are three exceptions, but none are applicable here.

16        First, "if the manufacturer maintains a qualified third-party dispute

17   resolution process which substantially complies with Section 1793.22, the

18   manufacturer shall not be liable for any civil penalty pursuant to this

19   subdivision."  Cal. Civ. Code § 1794(e)(2).  Although Mazda may claim

20   otherwise, Mazda does not have a qualifying mechanism, and this

21   exception does not apply.

22        Second, "[a]fter the occurrence of the events giving rise to the

23   presumption established in subdivision (b) of Section 1793.22, the buyer

24   may serve upon the manufacturer a written notice requesting that the

25   manufacturer comply with paragraph (2) of subdivision (d) of Section

26   1793.2. If the buyer fails to serve the notice, the manufacturer shall not be

27   liable for a civil penalty pursuant to this subdivision."  Cal. Civ. Code §

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1794(e)(3).  In this case, the events giving rise to the presumption in section 1793.22(b) did not occur, and thus no written notice was required.

Third, "[i]f the buyer serves the notice described in paragraph (3) and the manufacturer complies with paragraph (2) of subdivision (d) of Section 1793.2 within 30 days of the service of that notice, the manufacturer shall not be liable for a civil penalty pursuant to this subdivision."  Here, no notice was served, and thus this provision does not apply here.

### 3.    Key Evidence

The evidence supporting this claim is the same as the evidence supporting Gray's claim for failure to repurchase or replace.

## H.    Claim 8 – Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation converted Plaintiff's property

### 1.    The Elements

(1)    Plaintiff is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification.

(2)    Instead of delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has wrongfully converted that money for its own use.

(3)    As a result of Defendant's conversion, Plaintiff has suffered damages.

### 2.    Supporting Authority

"The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages.  It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use.  Money can be the subject of an action for conversion if a specific sum

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

capable of identification is involved." *Farmers Ins. Exchange v. Zerin*, 53 Cal.App.4th 445, 451-52 (1997) (citations omitted).

When a lemon law Defendant fails to voluntarily refund Plaintiff's money as required by Civil Code section 1793.2(d), that conduct constitutes conversion. *Ortega v. Toyota Motor Sales, USA, Inc.*, 572 F.Supp.2d 1218 (S.D. Cal. 2008); *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 2008 WL 4332528 (C.D. Cal. 2008).

3.   Key Evidence

The evidence supporting this claim is the same as the evidence supporting Gray's claim for failure to repurchase or replace.

I.   Claim 9:  Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation are subject to punitive damages

1.   The Elements

(1)   Defendant engaged in:

(a)   Conduct which was intended by the Defendant to cause injury to the Plaintiff or despicable conduct which was carried on by the Defendant with a willful and conscious disregard of the rights of others or

(b)   Despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

2.   Supporting Authority

Cal. Civ. Code § 3294(a), (c).

3.   Key Evidence

The evidence supporting this claim is the same as the evidence supporting Gray's claim for failure to repurchase or replace.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

## II.

## ISSUES OF LAW WHICH ARE GERMANE TO THE CASE

Plaintiff anticipates that a number of issues of law that are germane to the case will arise in connection with the briefing of jury instructions. In the interests of brevity, we will avoid repeating them here.

## III.

## EVIDENTIARY PROBLEMS

Plaintiff does not anticipate any problems introducing evidence in support of Plaintiff's case in chief. However, Plaintiff anticipates that Defendants may attempt to introduce evidence at trial that was not disclosed in discovery and not disclosed in Rule 26 disclosures, and will seek to exclude such evidence.

In addition, it appears that Defendant may attempt to introduce evidence at trial showing that Plaintiff Terry Gray's son, James Gray, has received several traffic tickets and that his drivers' license was suspended by the Department of Motor Vehicles because he received too many "points" on this license.

The fact that James Gray received tickets, was convicted, or had his license suspended is completely irrelevant to the issues presented in this case. Even if somehow relevant, these facts are unduly prejudicial and constitute improper character evidence.

The facts underlying the convictions, i.e. that James Gray was driving a certain speed in the vehicle on a certain date and time, or that he failed to stop at a stop sign, etc., could be relevant under certain circumstances. However, the fact that Gray was cited, convicted, paid a fine, etc., is either irrelevant or is unduly prejudicial and thus should be excluded.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

# IV.

## BIFURCATION OF ISSUES

Plaintiff does not request the bifurcation of any issues.

# V.

## JURY TRIAL

All of the issues raised in the Complaint are triable by jury as a matter of right.  A timely jury demand was made in the Complaint.

# VI.

## ATTORNEY FEES

If Plaintiff prevails, Plaintiff will seek to recover attorney fees pursuant to California Civil Code § 1794(d) and 15 U.S.C. § 2310(d)(2).

California Civil Code § 1794(d) provides as follows:  "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

15 U.S.C. § 2310(d)(2) provides as follows:  "If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate."

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**VII.**

**ABANDONED ISSUES**

Plaintiff does not wish to abandon any issues.  However, because the federal Magnuson-Moss Warranty Act claims add two additional elements to the existing state law claims and will unnecessarily complicate the issues in the case, Gray is willing to abandon the federal claims if the Court will retain jurisdiction over the supplemental state law claims.

DATED:  January 30, 2009

ANDERSON LAW FIRM
MARTIN W. ANDERSON
LUCY KASPARIAN

By:_____
      MARTIN W. ANDERSON
Attorneys for Plaintiff Terry Gray

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 41 -
PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW