1  ANDERSON LAW FIRM
   MARTIN W. ANDERSON, State Bar No. 178422
2  2070 North Tustin Avenue
   Santa Ana, California 92705
3  Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
   E-mail: martin@andersonlaw.net
4
   CALIFORNIA LEMON LAW CENTER, INC.
5  LUCY KASPARIAN, State Bar No. 228932
   136 N. Glendale Ave.
6  Glendale, California 91206
   Tel: (818) 547-5777 ▪ Fax: (818) 547-9777
7  E-mail: LKasparian@aol.com

8  Attorneys for Plaintiff Terry Gray

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   SOUTHERN DIVISION

12

13  TERRY GRAY,                          Case No. SA CV 08-279 JVS (ANx)

14                                       HON. JAMES V. SELNA
                        Plaintiff,       Courtroom 10C

15                                       **FINAL PRETRIAL**
16  v.                                   **CONFERENCE ORDER**

17                                       Complaint Filed: March 12, 2008
    MAZDA MOTOR OF AMERICA,              Trial Date: February 17, 2009
18  INC. et al.

19
                        Defendants.
20

21         Following pretrial proceedings, pursuant to Rule 16, F.R.Civ.P. and

22  L.R. 16, IT IS ORDERED AS FOLLOWS:

23

24

25

26

27

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

## TABLE OF CONTENTS

FINAL PRETRIAL CONFERENCE ORDER ................................................. 1

1. THE PARTIES ............................................................................... 1

2. FEDERAL JURISDICTION/VENUE ................................................. 1

3. TRIAL ESTIMATE .......................................................................... 1

4. JURY/NON-JURY TRIAL ................................................................ 1

5. STIPULATED FACTS ..................................................................... 1

6. STIPULATED FACTS (SUBJECT TO EVIDENTIARY OBJECTIONS) ............................................................................. 2

7. CLAIMS/DEFENSES TO BE PRESENTED AT TRIAL: ..................... 3

    A. Plaintiff plans to pursue the following claims against the following defendants: ............................................................. 3

        1. Claim 1: Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation breached the implied warranty of merchantability ................................... 3

        2. Claim 2: Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation breached the implied warranty of fitness ........................................ 3

        3. Claim 3: Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation breached an express written warranty ......................................... 3

        4. Claim 4: Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation failed to promptly offer to repurchase or replace the Vehicle ................ 3

        5. Claim 5: Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation failed to commence repairs within a reasonable time and/or to repair the Vehicle within 30 days ................................. 3

        6. Claim 6: Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation's violation of the obligations in claim 3, 4, and 5 was willful and they are subject to a civil penalty under Civil Code section 1794(c) ........................................ 3

        7. Claim 7: Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation violated Civil Code section 1793.2(d) and is subject to a civil penalty under Civil Code section 1794(e) ............................ 3

        8. Claim 8: Defendant Mazda Motor of America, Inc. converted Plaintiff's property ................................... 4

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

9.     Claim 9: Plaintiff is entitled to punitive damages .............4

B.    The elements required to establish Plaintiff's claims are:.........4

     1.     Claim 1: Implied warranty of merchantability...................4

         a.     Plaintiff's Statement of the Elements .....................4

              (1)     California Song-Beverly Consumer Warranty Act ...................................................4

              (2)     Federal Magnuson-Moss Warranty Act .........4

         b.     Defendant's Statement of the Elements.................5

     2.     Claim 2: Implied warranty of fitness ...............................5

         a.     Plaintiff's Statement of the Elements .....................5

              (1)     California Song-Beverly Consumer Warranty Act ...................................................6

              (2)     Federal Magnuson-Moss Warranty Act .........6

         b.     Defendant's Statement of the Elements.................7

     3.     Claim 3: Breach of express written warranty ...................7

         a.     Plaintiff's Statement of the Elements .....................7

              (1)     California Song-Beverly Consumer Warranty Act ...................................................7

              (2)     Federal Magnuson-Moss Warranty Act .........8

         b.     Defendant's Statement of the Elements.................8

     4.     Claim 4: Failure to promptly offer to repurchase or replace the Vehicle................................................................9

         a.     Plaintiff's Statement of the Elements .....................9

         b.     Defendant's Statement of the Elements...............10

     5.     Claim 5: Failure to commence repairs within a reasonable time and/or to repair the Vehicle within 30 days ...........................................................................10

         a.     Plaintiff's Statement of the Elements ...................10

         b.     Defendant's Statement of the Elements...............10

     6.     Claim 6: Civil penalty for willful violation........................10

         a.     Plaintiff's Statement of the Elements ...................10

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

b.   Defendant's Statement of the Elements ................ 11

7.   Claim 7:  Mandatory civil penalty for violation of Civil Code section 1793.2(d) .................................................. 11

a.   Plaintiff's Statement of the Elements .................... 11

b.   Defendant's Statement of the Elements................ 11

8.   Claim 8:  Defendant Mazda Motor of America, Inc. converted Plaintiff's property ........................................... 12

9.   Claim 9:  Plaintiff is entitled to punitive damages ........... 12

C.   In brief, the key evidence Plaintiff relies on for each of the claims is: ................................................................................. 12

D.   Defendant plans to pursue the following counterclaims and affirmative defenses: ........................................................ 13

1.   Affirmative Defense 1:  Plaintiff has not met his burden of proof. No Breach and No Unrepaired Defect. ................................................................................... 13

2.   Affirmative Defense 2:  Plaintiff has not met his burden of proof. No Substantial Impairment.................. 13

3.   Affirmative Defense 3:  Plaintiff has not met his burden of proof.. No Reasonable Number of Repair Attempts ...................................................................... 13

4.   Affirmative Defense 4.  Plaintiff has not met his burden of proof.. No Damages ....................................... 13

5.   Affirmative Defense 5.  Plaintiff has not met his burden of proof.. No willfulness ....................................... 13

6.   Affirmative Defense 6:  Defects caused by misuse (spoliation)........................................................................ 13

7.   Affirmative Defense 7:  Defects caused by unreasonable or unauthorized use (spoliation) .............. 13

8.   Affirmative Defense 8:  Plaintiff has not met his burden of proof.. No specific intended purpose made known to defendants at time of lease.................. 13

9.   Affirmative Defense 9:  Plaintiff has not met his burden of proof.. No specific proof that Defendants were made aware of plaintiff's disability at time of lease.................................................................................. 13

10.  Affirmative Defense 10.  Plaintiff has not met his burden of proof.  No specific proof that lease transaction qualifies under Magnuson Moss as a sale.................................................................................... 13

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

11.  Affirmative Defense 11.  Plaintiff has not met his burden of proof.  No specific proof that Defendants obtained the specific money paid to Cerritos Mazda...... 13

12.  Affirmative Defense 12.   Punitive damages unconstitutional. ................................................. 14

E.  The elements required to establish Defendant's counterclaims and affirmative defenses are: .......................... 14

1.  Affirmative Defense 1:  Plaintiff has not met his burden of proof. No Breach and No Unrepaired Defect. ................................................. 14

2.  Affirmative Defense 2:  Plaintiff has not met his burden of proof. No Substantial Impairment .................. 14

3.  Affirmative Defense 3:  Plaintiff has not met his burden of proof.. No Reasonable Number of Repair Attempts ................................................. 14

4.  Affirmative Defense 4.  Plaintiff has not met his burden of proof.. No Damages ....................................... 15

5.  Affirmative Defense 5.  Plaintiff has not met his burden of proof.. No willfulness.  Good faith evaluation. ................................................. 15

6.  Affirmative Defense 6:  Defects caused by misuse (spoliation) ................................................. 15

7.  Affirmative Defense 7:  Defects caused by unreasonable or unauthorized use (spoliation) ............. 15

8.  Affirmative Defense 8:  Plaintiff has not met his burden of proof.. No specific intended purpose made known to defendants at time of lease. .................. 16

9.  Affirmative Defense 9.  Plaintiff has not met his burden of proof.  No specific proof that plaintiff was a consumer under Magnuson Moss because the transaction was a lease rather than sale. ....................... 16

10.  Affirmative Defense 10.  Plaintiff has not met his burden of proof.  No specific proof that Defendants obtained the specific money paid to Cerritos Mazda...... 16

11.  Affirmative Defense 11.   Plaintiff has not met his burden of proof.  No evidence of authorization or ratification of oppressive, fraudulent or malicious conduct. ................................................. 16

F.  In brief, the key evidence Defendant relies on for each affirmative defense is: ............................................. 17

8.  ULTIMATE ISSUES TO BE TRIED ................................................. 20

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

9.   DISCOVERY ...................................................................... 21

10.  EXHIBITS AND RULE 26(A)(3) DISCLOSURES ............................ 22

11.  WITNESSES AND RULE 26(A)(3) DISCLOSURES........................ 24

12.  LAW AND MOTION MATTERS AND MOTIONS *IN LIMINE*............ 24

13.  BIFURCATION OF ISSUES ............................................................. 25

14.  THIS ORDER SUPERSEDES THE PLEADINGS ............................ 26

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**FINAL PRETRIAL CONFERENCE ORDER**

Following pretrial proceedings, pursuant to Rule 16, F.R.Civ.P. and L.R. 16, IT IS ORDERED:

**1.    The Parties**

The parties are:  Plaintiff Terry Gray and Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation.

Each of these parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:  The Second Amended Complaint and the Answer to the Second Amended Complaint.

**2.    Federal Jurisdiction/Venue**

Federal jurisdiction and venue are invoked upon the following grounds:

Federal jurisdiction is based upon federal question.

Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(a) and (b).

The facts necessary to confer federal jurisdiction and venue are admitted.

**3.    Trial Estimate**

The trial is estimated to take four trial days.

**4.    Jury/Non-Jury Trial**

The trial is to be a jury trial.  At least five (5) court days prior to the trial date each party shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

**5.    Stipulated Facts**

The following facts are admitted and require no proof:

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

1   On or about August 17, 2007, Plaintiff Terry Gray leased a Mazda 3,
2   VIN # JM1BK344071642174 (hereafter "the vehicle") from Browning Mazda
3   in Cerritos, California.  It was manufactured by Defendant Mazda Motor
4   Corporation and distributed by Defendant Mazda Motor of America, Inc.
5   The vehicle was leased primarily for personal, family, or household
6   purposes.
7   In connection with the lease, Plaintiff received an express written
8   warranty in which Defendants undertook to preserve or maintain the utility
9   or performance of the vehicle.  A complete statement of the terms of the
10  warranty is contained in the warranty booklet.
11  Browning Mazda and Mazda of Orange were authorized to perform
12  warranty repairs under Defendants' written warranty.
13  The lease of the vehicle was also accompanied by an implied
14  warranty of merchantability which provided that, during the warranty period,
15  the vehicle (1) would pass without objection in the trade under the contract
16  description and (2) was fit for the ordinary purposes for which such goods
17  are used.

18  **6.     Stipulated Facts (subject to evidentiary objections)**

19  The following facts, though stipulated, shall be without prejudice to
20  any evidentiary objection:
21  The lease of the vehicle was also accompanied by an implied
22  warranty of fitness which provided that, during the warranty period, the
23  vehicle would be suitable for Plaintiff's intended purposes.
24
25
26
27
28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**7.     Claims/Defenses to be presented at trial:**

A.     Plaintiff plans to pursue the following claims against the following defendants:

1.     Claim 1:  Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation breached the implied warranty of merchantability

2.     Claim 2:  Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation breached the implied warranty of fitness

3.     Claim 3:  Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation breached an express written warranty

4.     Claim 4:  Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation failed to promptly offer to repurchase or replace the Vehicle

5.     Claim 5:  Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation failed to commence repairs within a reasonable time and/or to repair the Vehicle within 30 days

6.     Claim 6:  Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation's violation of the obligations in claim 3, 4, and 5 was willful and they are subject to a civil penalty under Civil Code section 1794(c)

7.     Claim 7:  Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation violated Civil Code section 1793.2(d) and is subject to a civil penalty under Civil Code section 1794(e)

8.   Claim 8:  Defendant Mazda Motor of America, Inc. converted Plaintiff's property

9.   Claim 9:  Plaintiff is entitled to punitive damages

B.   The elements required to establish Plaintiff's claims are:

1.   Claim 1:  Implied warranty of merchantability

a.   Plaintiff's Statement of the Elements

Plaintiff asserts this claim under both California law and under the federal Magnuson-Moss Warranty Act.  The elements required to prove the state law claim are slightly different than the federal claim, so they are stated separately below.

(1)   California Song-Beverly Consumer Warranty Act

(1)   Plaintiff purchased the Vehicle at retail in California.

(2)   Plaintiff purchased or used the Vehicle primarily for personal, family, or household use.

(3)   At the time of the sale or at any time while the vehicle was covered by an express warranty, the vehicle (1) did not pass without objection in the trade under the contract description, (2) was not fit for the ordinary purposes for which such goods are used, (3) was not adequately contained, packaged, and labeled and/or (4) did not conform to the promises or affirmations of fact made on the container or label.

(4)   Plaintiff was damaged.

Cal. Civ. Code § 1794(a); Cal. Civ. Code § 1792.

(2)   Federal Magnuson-Moss Warranty Act

(1)   Plaintiff purchased the Vehicle at retail anywhere in the United States.

(2)   The Vehicle is the kind of product that is ordinarily used primarily for personal, family, or household purposes.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

- 4 -

1      (3)    At the time of the sale or at any time while the vehicle was

2 covered by an express warranty, the vehicle (1) did not pass without

3 objection in the trade under the contract description, (2) was not fit for the

4 ordinary purposes for which such goods are used, (3) was not adequately

5 contained, packaged, and labeled and/or (4) did not conform to the

6 promises or affirmations of fact made on the container or label.

7      (4)    Plaintiff gave the Defendant or its authorized dealers a

8 reasonable opportunity to either repair the product, replace the product, or

9 provide Plaintiff with a full refund of the purchase price.

10      (5)    Plaintiff was damaged.

11 15 U.S.C. § 2310(d).

12              b.    <u>Defendant's Statement of the Elements</u>

13     (1)  Plaintiff purchased a vehicle manufactured by Mazda Motor

14 Corporation and distributed by Mazda Motor of America, Inc.;

15     (2) The vehicle was not fit for the ordinary purposes for which such

16 goods are used.

17     (3)  Plaintiff's concerns arose within the first year ownership; and

18     (4)  Plaintiff's concerns giving rise to a breach of the implied warranty

19 were attributable to a defect in material or workmanship covered by the

20 written warranty.

21          2.    <u>Claim 2:  Implied warranty of fitness</u>

22              a.    <u>Plaintiff's Statement of the Elements</u>

23      Plaintiff asserts this claim under both California law and under the

24 federal Magnuson-Moss Warranty Act.  The elements required to prove the

25 state law claim are slightly different than the federal claim, so they are

26 stated separately below.

27

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

(1)     California Song-Beverly Consumer Warranty Act

(1)     Plaintiff purchased the Vehicle at retail in California.

(2)     Plaintiff purchased or used the Vehicle primarily for personal, family, or household use.

(3)     Defendant or the seller had reason to know at the time of sale that the vehicle was required for a particular purpose and that the buyer was relying on the Defendant's skill or judgment to furnish suitable goods.

(4)     At the time of the sale or at any time while the vehicle was covered by an express warranty, the vehicle was not suitable for the particular purpose.

(5)     Plaintiff was damaged.

Cal. Civ. Code § 1794(a); Cal. Civ. Code § 1792.1.

(2)     Federal Magnuson-Moss Warranty Act

(1)     Plaintiff purchased the Vehicle at retail anywhere in the United States.

(2)     The Vehicle is the kind of product that is ordinarily used primarily for personal, family, or household purposes.

(3)     Defendant or the seller had reason to know at the time of sale that the vehicle was required for a particular purpose and that the buyer was relying on the Defendant's skill or judgment to furnish suitable goods.

(4)     At the time of the sale or at any time while the vehicle was covered by an express warranty, the vehicle was not suitable for the particular purpose.

(5)     Plaintiff gave the Defendant or its authorized dealers a reasonable opportunity to either repair the product, replace the product, or provide Plaintiff with a full refund of the purchase price.

(6)     Plaintiff was damaged.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

1   15 U.S.C. § 2310(d).

2                 b.     <u>Defendant's Statement of the Elements</u>

3       (1)  Plaintiff purchased a vehicle manufactured by Mazda Motor

4   Corporation and distributed by Mazda Motor of America, Inc.;

5

6       (2)  That, at the time of purchase, Mazda Motor Corporation or Mazda

7   Motor of America, Inc. knew or had reason to know that plaintiff intended to

8   use the vehicle for a particular purpose;

9       (3)  That, that at the time of purchase, Mazda Motor Corporation or

10  Mazda Motor of America, Inc. knew or had reason to know that plaintiff was

11  relying on its skill and judgment to select or provide an vehicle that was

12  suitable for that particular purpose;

13      (4)  That plaintiff justifiably relied on Mazda Motor Corporation or

14  Mazda Motor of America, Inc.'s skill and judgment; and

15      (5)  That the vehicle was not suitable for that particular purpose

16      (6)  Plaintiff's concerns giving rise to a breach of the implied

17  warranty were attributable to a defect in material or workmanship covered

18  by the written warranty.

19          3.    <u>Claim 3:  Breach of express written warranty</u>

20               a.     <u>Plaintiff's Statement of the Elements</u>

21      Plaintiff asserts this claim under both California law and under the

22  federal Magnuson-Moss Warranty Act.  The elements required to prove the

23  state law claim are slightly different than the federal claim, so they are

24  stated separately below.

25               (1)    <u>California Song-Beverly Consumer Warranty</u>

26                     <u>Act</u>

27      (1)  Plaintiff purchased the Vehicle at retail in California.

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

(2)     Plaintiff purchased or used the Vehicle primarily for personal, family, or household purposes.

(3)     The Defendant provided an express warranty on the vehicle.

(4)     The Defendant failed to comply with any obligation imposed under the express warranty on at least one occasion.

(5)     Plaintiff was damaged.

Cal. Civ. Code § 1794(a).

(2)     <u>Federal Magnuson-Moss Warranty Act</u>

(1)     Plaintiff purchased the Vehicle at retail anywhere in the United States.

(2)     The Vehicle is the kind of product that is ordinarily used primarily for personal, family, or household use.

(3)     The Defendant provided an express warranty on the vehicle.

(4)     The Defendant failed to comply with any obligation imposed under the express warranty on at least one occasion.

(5)     Plaintiff gave the Defendant or its authorized dealers a reasonable opportunity to either repair the product, replace the product, or provide Plaintiff with a full refund of the purchase price.

(6)     Plaintiff was damaged.

15 U.S.C. § 2310(d).

b.     <u>Defendant's Statement of the Elements</u>

(1)  Plaintiff purchased a vehicle manufactured by Mazda Motor Corporation and distributed by Mazda Motor of America, Inc.;

(2)  That Defendants gave plaintiff a written warranty that their authorized dealers would make necessary repairs for defects in material or workmanship covered by the written warranty;

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

(3)  That the vehicle had a defect defects covered by the warranty that substantially impaired the vehicle's use, value, or safety to a reasonable buyer in plaintiff's situation;

(4)  That plaintiff delivered the vehicle to Defendants' authorized repair facilities a reasonable number of opportunities for repair of the substantially impairing defect or defects;

(5)  That Defendants' authorized repair facilities failed to repair a substantially impairing defect vehicle after a reasonable number of opportunities to do so; and

(6)  That Defendants did not promptly replace or buy back the vehicle in response to a request for repurchase or replacement.

    4.    <u>Claim 4:  Failure to promptly offer to repurchase or replace the Vehicle</u>

    a.    <u>Plaintiff's Statement of the Elements</u>

(1)    Plaintiff purchased the Vehicle at retail in California.

(2)    Plaintiff purchased or used the Vehicle primarily for personal, family, or household purposes.

(3)    The Defendant provided an express warranty on the vehicle.

(4)    The Defendant and/or its representative in this state was unable to service or repair the vehicle to conform to the applicable express warranties after a reasonable number of attempts.

(5)    The use, value, or safety of the vehicle was substantially impaired to the Plaintiff.

(6)    The Defendant did not promptly replace the vehicle or promptly make restitution to the buyer in the manner required by Civil Code section 1793.2(d).

(7)    Plaintiff was damaged.

Cal. Civ. Code § 1794(a); Cal. Civ. Code § 1793.2(d).

A N D E R S O N   L A W   F I R M
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1    b.    Defendant's Statement of the Elements

2    Failure to promptly repurchase the vehicle is an element required to

3    prove a breach of the express warranty.  See defendants' elements for

4    Claim 3.

5    5.    Claim 5:  Failure to commence repairs within a

6    reasonable time and/or to repair the Vehicle within 30

7    days

8    a.    Plaintiff's Statement of the Elements

9    (1)    Plaintiff purchased the Vehicle at retail in California.

10   (2)    Plaintiff purchased or used the Vehicle primarily for personal,

11   family, or household use.

12   (3)    The Defendant provided an express warranty on the vehicle.

13   (4)    Service or repair of the vehicle was necessary because it did

14   not conform with the applicable express warranties.

15   (5)    The manufacturer and/or its representative in this state either

16   (1) did not commence repairs within a reasonable time and/or (2) did not

17   service or repair the vehicle so as to conform to the applicable warranties

18   within 30 days.

19   (6)    Plaintiff was damaged.

20   Cal. Civ. Code § 1794(a); Cal. Civ. Code § 1793.2(b).

21   b.    Defendant's Statement of the Elements

22   Defendants deny that this is a valid claim under California law.

23   Defendants deny that the remedy for such a claim is restitution.

24   6.    Claim 6:  Civil penalty for willful violation

25   a.    Plaintiff's Statement of the Elements

26   (1)    The failure to comply with any obligation under any express

27   warranty, service contract, or under any provision of the Song-Beverly

28

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

1  Consumer Warranty Act (other than an obligation under an implied

2  warranty) was willful.  Cal. Civ. Code § 1794(c).

3          b.     Defendant's Statement of the Elements

4      Defendants deny that this is a separate cause of action under

5  California law.  To establish such damages, however, plaintiff must prove

6  that denial of repurchase was 'willful.'  A defendant "willfully" violates the

7  Song-Beverly Act only if: (1) the defendant knew of its obligations and (2)

8  intentionally declined to fulfill them without having a reasonable and good

9  faith belief that it had either fulfilled its obligations or had no such

10  obligation.

11      An honest and reasonable difference of factual evaluation is not a

12  willful violation.

13        7.    Claim 7:  Mandatory civil penalty for violation of Civil

14          Code section 1793.2(d)

15          a.     Plaintiff's Statement of the Elements

16     (1)    Defendant failed to comply with any obligation under paragraph

17  (2) of subdivision (d) of Section 1793.2.  Cal. Civ. Code § 1794(e).

18          b.     Defendant's Statement of the Elements

19      Defendants deny this is a separate cause of action under California

20  law.  Plaintiff is not entitled to damages under this section if the

21  manufacturer maintains a qualified third party dispute resolution process

22  which substantially complies with Civil Code Section 1793.22.

23  Furthermore, plaintiff is required to provide written notice requesting that

24  the manufacturer comply with paragraph (2) of subdivision (d) of Section

25  1793.2.  If the buyer fails to serve written notice, the manufacturer shall not

26  be liable for a civil penalty.  Civil Code, Section 1794.  As of August 13,

27  2008, before the filing of plaintiffs' Second Amended Complaint,

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1   Defendants' third party dispute resolution process was certified by the State

2   of California.

3              8.      Claim 8:  Defendant Mazda Motor of America, Inc.

4                      converted Plaintiff's property

5       (1)      Plaintiff is the owner of and has an immediate right to

6   possession of a specific sum of money which is capable of identification.

7   Specifically, pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to

8   restitution of the amounts paid or payable for the Vehicle from Defendant.

9       (2)      Instead of delivering the money to which Plaintiff is entitled to

10  Plaintiff, Defendant has wrongfully converted that money for its own use.

11      (3)      As a result of Defendant's conversion, Plaintiff has suffered

12  damages.

13             9.      Claim 9:  Plaintiff is entitled to punitive damages

14      (1)      Defendant's conduct was fraudulent, oppressive, and/or

15  malicious.

16      C.      In brief, the key evidence Plaintiff relies on for each of the

17              claims is:

18      Plaintiff's testimony, Plaintiff's spouse's testimony, the testimony of

19  Plaintiff's friends and family members, testimony of any designated expert,

20  the lease contract, documents signed at the time of the purchase, the

21  warranty booklet and owner's manual, repairs orders and invoices, bills and

22  invoices showing Plaintiff's damages, registration receipts and title

23  documents, photographs and video, and the other documents identified in

24  the Joint Exhibit list.

25

26

27

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

D.   Defendant plans to pursue the following counterclaims and affirmative defenses:

1.   Affirmative Defense 1:  Plaintiff has not met his burden of proof. No Breach and No Unrepaired Defect.

2.   Affirmative Defense 2:  Plaintiff has not met his burden of proof. No Substantial Impairment

3.   Affirmative Defense 3:  Plaintiff has not met his burden of proof.. No Reasonable Number of Repair Attempts

4.   Affirmative Defense 4.  Plaintiff has not met his burden of proof.. No Damages

5.   Affirmative Defense 5.  Plaintiff has not met his burden of proof.. No willfulness

6.   Affirmative Defense 6:  Defects caused by misuse (spoliation)

7.   Affirmative Defense 7:  Defects caused by unreasonable or unauthorized use (spoliation)

8.   Affirmative Defense 8:  Plaintiff has not met his burden of proof.. No specific intended purpose made known to defendants at time of lease.

9.   Affirmative Defense 9:  Plaintiff has not met his burden of proof.. No specific proof that Defendants were made aware of plaintiff's disability at time of lease.

10.  Affirmative Defense 10.  Plaintiff has not met his burden of proof.  No specific proof that lease transaction qualifies under Magnuson Moss as a sale

11.  Affirmative Defense 11.  Plaintiff has not met his burden of proof.  No specific proof that Defendants obtained the specific money paid to Cerritos Mazda.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

1
2

        12.    Affirmative Defense 12.   Punitive damages
             unconstitutional.

3
4
5

     Plaintiff contends that each of the affirmative defenses listed by Defendant is either (1) not valid affirmative defenses or (2) not plead in Defendant's Answer and thus was waived.

6
7

     E.    The elements required to establish Defendant's counterclaims and affirmative defenses are:

8
9

        1.    Affirmative Defense 1:  Plaintiff has not met his burden of proof. No Breach and No Unrepaired Defect.

10
11
12
13
14

     Defendants have not breached any express warranty.  Each concern has been repaired.   Its plaintiff's burden to prove breach and that the vehicle has not been repaired after a reasonable number of repair attempts.  Defendants believe that plaintiff will not be able to meet his burden of proof.

15
16

        2.    Affirmative Defense 2:  Plaintiff has not met his burden of proof. No Substantial Impairment

17
18
19

     Plaintiff's concerns have not substantially impaired the use, value or safety of the vehicle.   Its plaintiff's burden to prove substantial impairment. Defendants believe that plaintiff will not be able to meet his burden of proof.

20
21

        3.    Affirmative Defense 3:  Plaintiff has not met his burden of proof.. No Reasonable Number of Repair Attempts

22
23
24
25
26

     Defendants are allowed a reasonable number of repair attempts for each alleged defect.  Its plaintiff's burden to prove breach and that the vehicle has not been repaired after a reasonable number of repair attempts.  Defendants believe that plaintiff will not be able to meet his burden of proof.

27
28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

4.    Affirmative Defense 4.  Plaintiff has not met his burden of
proof.. No Damages

Other than plaintiff's cause of action for failure to repair after a reasonable number of repair attempts, its plaintiff's burden to prove damages.  Defendants believe that plaintiff will not be able to meet his burden of proof.

5.    Affirmative Defense 5.  Plaintiff has not met his burden of
proof.. No willfulness.  Good faith evaluation.

Its plaintiff's burden to prove that a refusal to repurchase was willful.  Furthermore, a good faith belief that the vehicle doesn't qualify for repurchase is a defense to willfulness.  Defendants believe that plaintiff will not be able to meet his burden of proof on willfulness.  Additionally, Defendant Mazda Motor of America, Inc. acted in good faith in denying the request for repurchase.

6.    Affirmative Defense 6:  Defects caused by misuse
(spoliation)

There is an exclusion for misuse in the warranty.  Defendants believe that misuse may have contributed to plaintiff's rear end noise concern.  Defendants alleged that plaintiff's spoliation has impaired their defense.

7.    Affirmative Defense 7:  Defects caused by unreasonable
or unauthorized use (spoliation)

There is no recovery for concerns caused by unreasonable or unauthorized use.  Defendants believe that unreasonable or unauthorized use may have contributed to plaintiff's rear end noise concern.  Defendants alleged that plaintiff's spoliation has impaired their defense.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

8.   Affirmative Defense 8:  Plaintiff has not met his burden of proof.. No specific intended purpose made known to defendants at time of lease.

Its plaintiff's burden to prove that Defendants were aware of the specific intended purpose for which plaintiff intended to use the vehicle. Defendants believe that plaintiff will not be able to meet his burden of proof.

9.   Affirmative Defense 9.  Plaintiff has not met his burden of proof.  No specific proof that plaintiff was a consumer under Magnuson Moss because the transaction was a lease rather than sale.

Its plaintiff's burden to prove that he was a qualifying consumer under Magnuson Moss.  Defendants believe that plaintiff will not be able to meet his burden of proof because this case involves a lease transaction.

10.   Affirmative Defense 10.  Plaintiff has not met his burden of proof.  No specific proof that Defendants obtained the specific money paid to Cerritos Mazda.

Its plaintiff's burden to prove that Defendants converted plaintiff's money for restitution under his conversion theory.  Defendants believe that plaintiff will not be able to meet his burden of proof.

11.   Affirmative Defense 11.   Plaintiff has not met his burden of proof.  No evidence of authorization or ratification of oppressive, fraudulent or malicious conduct.

Its plaintiff's burden to prove oppressive, fraudulent or malicious conduct sufficient to trigger punitive damages.  Defendants believe that plaintiff will not be able to meet his burden of proof.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

F.    In brief, the key evidence Defendant relies on for each affirmative defense is:

1. Affirmative Defense 1:  Plaintiff has not met his burden of proof. No Breach and No Unrepaired Defect.

Defendants have not breached any express warranty.  Each concern has been repaired.  Photos of the vehicle, the video of the vehicle, diagrams of the vehicle, the repair orders, the testimony of James Gray and the dealership witnesses, Defendants' vehicle inspection on July 22, 2008, and the testimony of Defendants' expert witnesses will establish this defense.

2.. Affirmative Defense 2:  Plaintiff has not met his burden of proof. No Substantial Impairment

Plaintiff's concerns have not substantially impaired the use, value or safety of the vehicle.  The subject vehicle has been driven far in excess of plaintiff's original anticipated use and was continuously driven until James Gray's license was taken away in September of 2008.  The repair orders, the video of the vehicle, the testimony of the witnesses, Defendants' vehicle inspection on July 22, 2008, James Gray's DMV record, the subject vehicle itself and Defendants' expert witness opinions constitute evidence that there has been no substantial impairment..

3. Affirmative Defense 3:  Plaintiff has not met his burden of proof.. No Reasonable Number of Repair Attempts

Each concern has been repaired.  The noise concerns have been described differently.  What constitutes a reasonable number of repair attempts for a concern depends upon a variety of factors, including, but not limited to,  the nature of the concern, its frequency of occurrence, the manner in which it is described to the authorized dealerships, and/or the ease of duplicating it.  Photos of the vehicle, diagrams of the vehicle, the

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

1   repair orders, the deposition testimony of the percipient witnesses,

2   Defendants' vehicle inspection on July 22, 2008, the dealership witnesses,

3   and Defendants' expert witness opinions will establish this defense.

4      4. Affirmative Defense 4.  Plaintiff has not met his burden of proof.. No

5   Damages

6      There is no evidence how much the vehicle has diminished in fair

7   market value due to the alleged defects as required by UCC Section 2714.

8   Plaintiff has the burden of proving this amount.

9      5.      Affirmative Defense 5.  Plaintiff has not met his burden of proof..

10  No willfulness.  Good faith evaluation.

11     Defendant Mazda Motor of America, Inc. evaluated plaintiff's

12  repurchase request in good faith and turned it down.  This defense is

13  supported by photos of the vehicle, the video of the vehicle, diagrams of

14  the vehicle, the repair orders, the installation instructions for the rear sway

15  bar, the communications between Lucy Kasparian and Mazda Motor of

16  America, Inc., the Mazda Motor of America, Inc. witnesses who handled the

17  repurchase request, the dealership witnesses, and Defendants' expert

18  witness opinions.  It is also supported by the testimony of its witnesses

19  regarding its arbitration program and certification with the State of

20  California Department of Consumer Affairs.

21     6.  Affirmative Defense 6:  Defects caused by misuse (spoliation)

22     There is an exclusion for misuse in the warranty.  Defendants believe

23  that misuse may have contributed to plaintiff's rear end noise  concern.

24  Defendants alleged that plaintiff's spoliation has impaired their defense.

25  This defense is supported by Notice of Vehicle Inspection, the Salinas Tire

26  invoice, the absence of the tires and/or any photographs or video predating

27  their disposal, the driving record of James Gray, and Defendants' expert

28  witness opinions.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

1    7.  <u>Affirmative Defense 7:  Defects caused by unreasonable or</u>
2    <u>unauthorized use (spoliation)</u>
3       There is no recovery for concerns caused by unreasonable or
4    unauthorized use.  Defendants believe that unreasonable or unauthorized
5    use may have contributed to plaintiff's rear end noise concern.
6    Defendants alleged that plaintiff's spoliation has impaired their defense.
7    This defense is supported by Notice of Vehicle Inspection, the Salinas Tire
8    invoice, the absence of the tires and/or any photographs or video predating
9    their disposal, the driving record of James Gray, and Defendants' expert
10   witness opinions.
11      8.    <u>Affirmative Defense 8:  Plaintiff has not met his burden of proof..</u>
12   <u>No specific intended purpose made known to defendants at time of lease.</u>
13      Its plaintiff's burden to prove that Defendants were aware of the specific
14   intended purpose for which plaintiff intended to use the vehicle.
15   Defendants believe that plaintiff will not be able to meet his burden of proof.
16   This defense is supported by the testimony of plaintiffs.
17      9.    <u>Affirmative Defense 9.  Plaintiff has not met his burden of proof.  No</u>
18   <u>specific proof that plaintiff was a consumer under Magnuson Moss because</u>
19   <u>the transaction was a lease rather than sale.</u>
20      Its plaintiff's burden to prove that he was a qualifying consumer under
21   Magnuson Moss. Defendants believe that plaintiff will not be able to meet
22   his burden of proof because this case involves a lease transaction.  This
23   defense is supported by the testimony of plaintiff Terry Gray and the lease
24   agreement.
25      10. <u>Affirmative Defense 11.  Plaintiff has not met his burden of proof.  No</u>
26   <u>specific proof that Defendants obtained the specific money paid to Cerritos</u>
27   <u>Mazda.</u>
28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

1    Its plaintiff's burden to prove that Defendants converted plaintiff's

2  money for restitution under his conversion theory.  Defendants believe that

3  plaintiff will not be able to meet his burden of proof.  This defense is

4  supported by the testimony of plaintiff Terry Gray and the lease agreement.

5    11. <u>Affirmative Defense 11.   Plaintiff has not met his burden of proof.  No

6  evidence of authorization or ratification of oppressive, fraudulent or

7  malicious conduct.</u>

8    Its plaintiff's burden to prove oppressive, fraudulent or malicious

9  conduct sufficient to trigger punitive damages.  Defendants believe that

10  plaintiff will not be able to meet his burden of proof.  This defense is

11  supported by photos of the vehicle, the video of the vehicle, diagrams of

12  the vehicle, the repair orders, the installation instructions for the rear sway

13  bar, the communications between Lucy Kasparian and Mazda Motor of

14  America, Inc., the Mazda Motor of America, Inc. witnesses who handled the

15  repurchase request, the dealership witnesses, and Defendants' expert

16  witness opinions.

17  **8.    Ultimate Issues to be tried**

18    In view of the admitted facts and the elements required to establish

19  the claims, counterclaims and affirmative defenses, the following issues

20  remain to be tried:

21    (1)  Whether Defendants Mazda Motor of America, Inc. and Mazda

22  Motor Corporation breached the implied warranty of merchantability.

23    (2)  Whether Defendants Mazda Motor of America, Inc. and Mazda

24  Motor Corporation breached the implied warranty of fitness.

25    (3)  Whether Defendants Mazda Motor of America, Inc. and Mazda

26  Motor Corporation breached an express written warranty.

27

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

(4)  Whether Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation failed to promptly offer to repurchase or replace the Vehicle.

(5)  Whether Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation failed to commence repairs within a reasonable time and/or to repair the Vehicle within 30 days.

(6)  The amount of damages and/or restitution to which Plaintiff is entitled based upon the conduct described above, including whether Plaintiff accepted the Vehicle and whether Plaintiff revoked acceptance.

(7)  Whether Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation's violation of the obligations in claim 3, 4, and 5 was willful and are subject to a civil penalty under Civil Code section 1794(c) and the amount of that penalty.

(8)  Whether Defendants Mazda Motor of America, Inc. and Mazda Motor Corporation violated Civil Code section 1793.2(d) and are subject to a civil penalty under Civil Code section 1794(e) and the amount of that penalty.

(9)  Whether Plaintiff is entitled to recover prejudgment interest and the amount.

(10)  Whether Plaintiff is entitled to recover attorney fees and court costs pursuant to Civil Code section 1794 and/or 15 U.S.C. § 2310 and the amount thereof.

(11)  Whether Defendant Mazda Motor of America, Inc. converted Plaintiff's money.

(12)  Wheher Defendant Mazda Motor of America, Inc. is subject to punitive damages.

**9.    Discovery**

All discovery is complete.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

**10.   Exhibits and Rule 26(a)(3) Disclosures**

All disclosures under F.R.Civ.P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-5.  All exhibits may be admitted without objection, except those exhibits listed below:

Plaintiff objects to Exhibit Nos. 1, 5, 6, 7, 9, 10, 11, 12-21, 23-26, 28-34, 39, 49, 50, 54, 57-73, 77-84.

Defendant objects to Exhibit Nos. 35, 40, 41, 42, 43, 44, 46, 51, 52, 53, 54.

The objections and grounds therefor are:

Exhibit 1:  Hearsay, Relevance.

Exhibit 5:  Hearsay, Relevance.

Exhibit 6:  Hearsay.

Exhibit 7:  Hearsay.

Exhibit 9:  Hearsay.

Exhibit 10:  Hearsay, Relevance, Not Produced in Discovery/Rule 26 Disclosures.

Exhibit 11:  Hearsay, Relevance, Not Produced in Discovery/Rule 26 Disclosures.

Exhibit 12-21:  Hearsay.

Exhibit 23-26:  Hearsay, Settlement Discussions.

Exhibits 28-34:  Hearsay.

Exhibit 35 (Plaintiff's Rule 26 Disclosure):   Hearsay, lack of foundation.

Exhibit 39:  Hearsay, Not Produced in Discovery/Rule 26 Disclosures.

Exhibit 40 (Plaintiff's Timeline):     Demonstrative only

Exhibit 41 (Plaintiff's Usage Table)  Demonstrative only

Exhibit 42 (Plaintiff's Damage Summary)  Demonstrative only

Exhibit 43 (Plaintiff's Defect Summary)  Demonstrative only

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  Exhibit 44 (SEC Filings)    Hearsay, lack of foundation.

2  Exhibit 46 (Browning Mazda Sales File)  Hearsay, lack of foundation.

3  Relevance

4  Exhibit 49:  Hearsay.

5  Exhibit 50:  Hearsay.

6  Exhibit 51 (Declaration of Barbara Tang)  Relevance

7  Exhibit 52 (Second Amended Complaint) Relevance

8  Exhibit 53 (Answer)    Relevance

9  Exhibit 54 (Rule 68)    Relevance

10  Exhibit 54:  Excluded under Rule 68 of the Federal Rules of Civil

11  Procedure.

12  Exhibit 57:  Hearsay.

13  Exhibit 58:  Hearsay.

14  Exhibit 59:  Not Produced in Discovery/Rule 26 Disclosures.

15  Exhibit 60:  Hearsay.

16  Exhibit 61:  Hearsay.  Not Produced in Discovery/Rule 26 Disclosures.

17  Exhibit 62:  Hearsay.  Not Produced in Discovery/Rule 26 Disclosures.

18  Exhibit 63:  Hearsay.  Not Produced in Discovery/Rule 26 Disclosures.

19  Exhibit 64:  Not Produced in Discovery/Rule 26 Disclosures.

20  Exhibit 65:  Hearsay.  Not Produced in Discovery/Rule 26 Disclosures.

21  Exhibit 67:  Hearsay.

22  Exhibit 68:  Hearsay.

23  Exhibit 69:  Hearsay.

24  Exhibit 70:  Hearsay.  Not Produced in Discovery/Rule 26 Disclosures.

25  Exhibit 71:  Not Produced in Discovery/Rule 26 Disclosures.

26  Exhibit 72:  Hearsay.  Not Produced in Discovery/Rule 26 Disclosures.  No

27  foundation.

28  Exhibit 73:  Hearsay, Relevance.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  Exhibit 77:  Relevance, Inadmissible Character Evidence, More Prejudicial
2  than Probative, Not identified in Rule 26 Disclosures.
3  Exhibit 78:  Relevance, Inadmissible Character Evidence, More Prejudicial
4  than Probative, Not identified in Rule 26 Disclosures.
5  Exhibit 79:  Relevance, Inadmissible Character Evidence, More Prejudicial
6  than Probative, Not identified in Rule 26 Disclosures.
7  Exhibit 80, 81, 82, 83, and 84:  Hearsay.  No foundation.

**11.    Witnesses and Rule 26(a)(3) Disclosures**

Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1: None.

**12.    Law and Motion Matters and Motions *In Limine***

The following law and motion matters and motions *in limine*, and no others, are pending or contemplated:

Plaintiff has filed the following motions *in limine*.

(1)    A motion to exclude evidence that was not disclosed in the required Rule 26 Disclosures.

(2)    A motion to exclude evidence that was not disclosed in discovery.

(3)    A motion to preclude Defendant from introducing evidence that Plaintiff failed to use Defendant's unqualified arbitration process.

(4)    A motion to preclude Defendant from introducing evidence that attorney fees are recoverable if Plaintiff prevails in this action.

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

(5)    A motion to determine that Plaintiff's testimony concerning the value of the vehicle is admissible

(6)    A motion to determine that statements made by Defendant's local dealerships about the vehicle are admissible over any hearsay objection.

Defendant has filed the following motions *in limine*:

(1) A motion in limine seeking a ruling that plaintiff misused the vehicle, that the rear end concerns were caused by misuse, that the original tires were excessively worn and/or that plaintiff's expert Daniel Calef be excluded from testifying that tires are irrelevant to this case;

(2)  A motion to exclude subjective evidence of substantial impairment;

(3)  A motion to exclude evidence, testimony or argument that the repair orders alone substantially impair use, value or safety;

(4)  A motion to exclude post-litigation settlement discussions;

(5) A motion to exclude civil penalty;

## 13.    Bifurcation of Issues

Bifurcation of the following issues for trial is ordered:  None.

Defendants suggest that this court bifurcate the pure legal issue of whether a Magnuson Moss Warranty Act claim is viable for leased vehicles. Defendants rely upon *Parrot v. DaimlerChrysler Corporation*, 130 P.3d 530, 2121 Ariz. 255 (Arizona 2006) which holds a lessee does not have standing to sue under the Magnuson Moss Warranty.

Plaintiff responds that because this issue is a pure legal issue, there is no need to bifurcate the trial.  In addition, leases are covered under the plain language of the Magnuson-Moss Warranty Act.  *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516 (7th Cir. 2003); *Cohen v. Am. Gen. Corp.*, 264 F.Supp.2d 616 (N.D. Ill. 2003); *Dekelaita v. Nissan Motor Corp.*, 799

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

N.E.2d 367, 375 (Ill. App. Ct. 2003); *Peterson v. Volkswagen of Am. Inc.,*
697 N.W.2d 61 (Wis. 2005).

**14.    This Order Supersedes the Pleadings**

The foregoing admissions having been made by the parties, and the
parties having specified the foregoing issues remaining to be litigated, this
Final Pretrial Conference Order shall supersede the pleadings and govern
the course of the trial of this cause, unless modified to prevent manifest
injustice.

DATED:  February 09, 2009

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

Approved as to form and content.

DATED:  January 26, 2009

By:_____
      MARTIN W. ANDERSON
Attorneys for Plaintiff Terry Gray

DATED:  January 26, 2009

By:_____
      BRIAN TAKAHASHI
Attorney for Defendants Mazda Motor of
America, Inc. and Mazda Motor
Corporation

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER